DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
ALEXANDER B. PARKER (S.B. #264705)
aparker@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
ASHISH SUDHAKARAN (S.B. # 312941)
asudhakaran@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendants
JADOOTV, INC., SAJID SOHAIL,
and HASEEB SHAH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No. 2:18-cv-09768-FMO-KS |
| Plaintiff, | **DEFENDANT HASEEB SHAH'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT** |
| v. | |
| JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT, | [Filed concurrently herewith (1) Parker Decl. In Support of Ex Parte Application, (2) Proposed Order] |
| Defendants. | |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Local Rule 7-19, Defendant Haseeb Shah will and hereby does specially appear for the limited purpose of applying to the Court ex parte for an order extending the deadline for Mr. Shah to respond to the complaint by 7 days, to May 24, 2019.

Plaintiff DISH Network L.L.C. ("DISH") filed its Complaint in the above-entitled action on November 20, 2018 alleging, *inter alia*, certain claims of copyright infringement against Mr. Shah. On May 7, 2019, DISH filed a proof of service purporting to show that Mr. Shah was personally served with the complaint and summons on April 19, 2019 in Islamabad, Pakistan. *See* Dkt. No. 66. Assuming proper service on Mr. Shah on April 19, 2019—which, as explained below, Mr. Shah contests—Mr. Shah's response to the Complaint could have been due May 10, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A). That day, Mr. Shah asked DISH for a 21-day extension on his time to respond to the Complaint. *See* Declaration of Alexander B. Parker ("Parker Decl.") ¶ 3. DISH only agreed to a 7-day extension, setting the deadline for Mr. Shah's response to the complaint to May 17. *Id.*; *see also* Dkt. No. 70.

Mr. Shah has not been personally served, much less served in compliance with the Hague Convention, and he retained the undersigned counsel the morning of May 10 to represent him in this matter for the limited purpose of contesting service and personal jurisdiction. *Id.* ¶¶ 2, 4. Mr. Shah did not sign the "Acknowledgement Receipt" that is part of the proof of service. *Id.* ¶ 5; s*ee* Dkt. No. 66 at 4. The "Recipient Signature" on the "Acknowledgement Receipt" of the proof of service is not Mr. Shah's signature. Parker Decl. ¶ 6. In fact, Mr. Shah was not in Islamabad on April 19, 2019—the date and location where he was allegedly personally served according to the filed proof of service. *Id.* ¶ 7; *see* Dkt. No. 66 at 6.

There is good cause to grant Mr. Shah an additional extension of 7 days to

respond to the Complaint. Assuming proper service, Mr. Shah's response to the complaint is currently due on May 17, 2019, merely one week after the undersigned counsel was engaged to represent Mr. Shah. Dkt. No. 70. This is not sufficient time for counsel and Mr. Shah to prepare a motion challenging service and personal jurisdiction. Parker Decl. ¶ 9. In addition to drafting said motion, counsel will need time to confer with Mr. Shah to prepare an affidavit in support of that motion. *Id*. This is complicated by the fact that Mr. Shah lives in Pakistan.

Moreover, neither Mr. Shah nor his counsel were less than diligent; neither Mr. Shah nor his counsel could have foreseen that a response to the Complaint would be due on such short notice. Because he was not in fact personally served, Mr. Shah would not have had a reasonable expectation DISH would claim that he had been personally served. Nor would Mr. Shah's counsel, who have represented and continue to represent defendants Jadoo TV and Sajid Sohail. Because DISH did not file the proof of service on the docket until May 7 (*see* Dkt. No. 66), Mr. Shah's counsel were also unaware until the date of that filing that DISH was claiming that Mr. Shah had been served. *Id.* ¶ 8. Once DISH filed the proof of service, Mr. Shah's counsel quickly investigated and became engaged the morning of May 10 to represent Mr. Shah in this matter for the limited purpose of contesting service and personal jurisdiction. *Id.* ¶¶ 8, 2.

Finally, the requested extension provides only a total of 14 days for Mr. Shah and his counsel to prepare a motion in response to the Complaint. This is not an unreasonable extension in the case. Even after the alleged service took place, DISH waited two-and-a-half weeks before filing the purported proof of service on the docket. If DISH had promptly completed the ministerial act of filing the proof of service, Mr. Shah would not be in this situation.

For these reasons, good cause exists for the requested 7-day extension, which will permit enough time to prepare a motion contesting service and personal jurisdiction, as well as Mr. Shah's affidavit. Accordingly, Mr. Shah respectfully

1  requests an order extending the deadline for Mr. Shah to respond to the complaint
2  by 7 days, to May 24, 2019.

3      Mr. Shah cannot obtain the requested ex parte relief through a regularly
4  noticed motion because the Parties would be required under Local Civil Rule 7-3 to
5  meet and confer at least 7 days before filing such a motion. By that time, the
6  deadline for Mr. Shah to respond to the complaint according to the Court's docket
7  would have passed.

8      The parties have met and conferred, via both email and telephone
9  communications, regarding the requested 7-day extension. *Id.* ¶ 10. DISH
10 indicated that it opposes the requested 7-day extension. *Id.* Counsel for Mr. Shah
11 requested that DISH withdraw the proof of service on the grounds that it is a
12 forgery and was not signed by Mr. Shah. *Id.* ¶ 11. DISH did not agree to withdraw
13 the proof of service. *Id.*

15     Pursuant to Local Rule 7-19, here are the names, addresses, telephone
16 numbers, and email addresses of counsel for the opposing party:

| | |
|---|---|
| Timothy M. Frank | David A. Van Riper (California Bar |
| timothy.frank@hnbllc.com | No. 128059) |
| Joseph H. Boyle | dave@vanriperlaw.com |
| joe.boyle@hnbllc.com | VAN RIPER LAW |
| Stephen M. Ferguson | 1254 Irvine Blvd., Suite 200 |
| stephen.ferguson@hnbllc.com | Tustin, California 92780-3571 |
| HAGAN NOLL & BOYLE LLC | Telephone: (714) 731-1800 |
| 820 Gessner, Suite 940 | Facsimile: (714) 731-1811 |
| Houston, Texas 77024 | |
| Telephone: (713) 343-0478 | |
| Facsimile: (713) 758-0146 | |

| | | |
|---|---|---|
| 1 | Dated: May 14, 2019 | Respectfully Submitted, |
| 2 | | DARIN W. SNYDER<br>ALEXANDER B. PARKER |
| 3 | | BILL TRAC<br>ASHISH SUDHAKARAN |
| 4 | | O'MELVENY & MYERS LLP |

By: */s/ Darin W. Snyder*
    Darin W. Snyder

Attorneys for Defendants
JadooTV, Inc., Sajid Sohail,
and Haseeb Shah