# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-9768 FMO (KSx) | Date | June 10, 2019 |
| Title | Dish Network, LLC. v. Jadoo TV, Inc., et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause

The court has reviewed defendant Jadoo TV, Inc.'s ("Jadoo TV") Notice of Suggestion of Bankruptcy, (Dkt. 78). The filing of a bankruptcy petition generally operates to stay civil proceedings. See 11 U.S.C. § 362(a)(1). Given plaintiff Dish Network, LLC's ("plaintiff") theory of the case, it is unclear how this litigation can proceed as to the remaining defendants if it is stayed only as to Jadoo TV. Cf. Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc., 658 F.3d 936, 946 (9th Cir. 2011) ("With respect to copyright, when statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work.") (internal quotation marks omitted).

Additionally, venue appears proper in this District only as to defendant East West. (See Dkt. 1, Complaint at ¶ 15); Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (Venue under 28 U.S.C. § 1400 is proper "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.") (internal quotation marks omitted). But the bulk of plaintiff's factual allegations concern Jadoo TV, not defendant East West. (Compare Complaint at ¶¶ 21-53 with id. at ¶¶ 57-62); see also A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n. 2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

Based on the foregoing, IT IS ORDERED THAT no later than **June 20, 2019**, plaintiff shall show cause in writing why this action should not be dismissed or transferred for improper venue. Plaintiff is cautioned that failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for improper venue and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |