DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
ALEXANDER B. PARKER (S.B. #264705)
aparker@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
ASHISH SUDHAKARAN (S.B. # 312941)
asudhakaran@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Attorneys for Defendants
JADOOTV, INC., SAJID SOHAIL,
and HASEEB SHAH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT,<br><br>　　　　　　Defendants. | Case No. 2:18-cv-09768-FMO-KS<br><br>**DEFENDANT SAJID SOHAIL'S SUPPLEMENTAL MEMORANDUM REGARDING DISH NETWORK L.L.C.'S MOTION TO COMPEL DEFENDANTS JADOO TV, INC. AND SAJID SOHAIL'S PRODUCTION OF DOCUMENTS**<br><br>Date:　　　June 26, 2019<br>Time:　　　10:00 AM<br>Judge:　　　Hon. Karen L. Stevenson<br><br>Discovery Cut-Off:　Sept. 9, 2019<br>Pre-Trial Conf.:　　Mar. 13, 2020<br>Trial Date:　　　　Mar. 31, 2020 |

　　　　Pursuant to Local Civil Rule 37-2.3 Sajid Sohail submits this Supplemental Memorandum Regarding DISH Network L.L.C.'s Motion to Compel JadooTV, Inc. and Sajid Sohail's Production of Documents filed on May 24, 2019.  *See* Dkt. 75.

1    This case has been automatically stayed as to JadooTV by JadooTV's filing of a petition for bankruptcy.  In the Joint Stipulation to DISH's motion, JadooTV, Inc. and Sajid Sohail explained that DISH's Motion to Compel was pointless because JadooTV "would be forced to file bankruptcy" resulting in an automatic stay of the case against JadooTV, unless DISH agreed to a stay.  Dkt. 75-1 at 9.  As represented, on May 31, 2019, JadooTV filed a voluntary petition for relief in the United States Bankruptcy Court for the Northern District of California under Chapter 11 of Title 11 of the United States Code.  *See* Dkt. 78.  Pursuant to 11 U.S.C. § 362(a), JadooTV's filing of the petition operates to stay this case against JadooTV.

The case against Sohail is also very likely to be stayed.  As the Court noted in its June 10, 2019 order to show cause as to the propriety of venue in this District, "[g]iven [DISH's] theory of the case, it is unclear how this litigation can proceed as to the remaining defendants if it is stayed only as to Jadoo TV." *See* Dkt. 79.  DISH's interrogatory response regarding the basis for Sohail's personal liability in this action further demonstrates why the case against Sohail should be stayed—all of DISH's claims against Sohail rely on the claims against JadooTV.  *See* Ex. 1 ("Plaintiff's Response to Sajid Sohail's First Set of Interrogatories (No. 1)").  Thus, Sohail's refusal to produce documents was justified, and DISH's request for attorneys' fees should be denied.

Even if the case against Mr. Sohail is not stayed, the Court should refrain from compelling Mr. Sohail to produce any documents in this case because most, if not all, of the documents DISH seeks in its motion are in JadooTV's possession, custody, or control—not Mr. Sohail's.  Any discovery against Mr. Sohail is thus greatly limited by the automatic stay imposed by JadooTV's bankruptcy petition.

DISH's motion to compel should be denied without prejudice, and DISH's request for attorneys' fees should be denied.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 12, 2019 | O'MELVENY & MYERS LLP |
| 3 | | |
| 4 | | By: _/s/ Darin W. Snyder_ |
| 5 | | Darin W. Snyder |
| 6 | | Attorneys for Defendant Sajid Sohail |