Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. et al., <br><br> Defendants. | Case No. 2:18-cv-9768-FMO (KSx) <br><br> **DISH NETWORK L.L.C.'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 79)** <br><br> [Declarations of Stephen M. Ferguson, Punit Bhatt, and Renu Sharma Filed Concurrently] <br><br> Honorable Fernando M. Olguin |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..............................................1

II.   ARGUMENT & AUTHORITIES ............................1

      A.   Discovery Can Continue as to Sajid Sohail and Haseeb Shah.....................1

      B.   It is Procedurally Improper to *Sua Sponte* Tranfer Venue Where No
           Defendant Has Properly Preserved an Objection. ........................2

      C.   It is Premature for this Court to Reach a Conclusion About Venue While
           the Automatic Stay is in Effect as to JadooTV and the Other Parties Are
           Unable to Fully Brief the Issue. ...................................4

      D.   Venue is Proper in This Court as to All Defendants. ..................5

           1.  Defendants' Agents Can be Found in this District. ................6

           2.  This Court has Specific Personal Jurisdiction Over All Defendants........7

      E.   Justice Does Not Require Transfer to the Northern District. ...................11

           1.  DISH's Choice of Venue is Entitled to Substantial Weight. ...............11

           2.  The Convenience and Location of Witnesses and Parties Does Not
               Support Transfer....................................................13

           3.  The Remaining Factors Do Not Support Transfer or Are Either Neutral
               or Irrelevant. ....................................................15

III.  CONCLUSION ...........................................16

# **TABLE OF AUTHORITIES**

**Cases**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC,*
 666 F. Supp. 2d 1109 (C.D. Cal. 2009) ......................................................14

*Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.,*
 734 F. Supp. 54, 57 (N.D.N.Y.1990)............................................................13

*Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.,*
 191 F. Supp. 3d 1007 (N.D. Cal. 2016).........................................................8

*Barranco v. 3d Sys. Corp.,*
 6 F. Supp. 3d 1068 (D. Haw. 2014)..............................................................11

*Boucher v. Shaw,*
 572 F.3d 1087 (9th Cir. 2009) ......................................................................2

*Bradley-Brown v. Am. Home Mortg. Servicing, Inc.,*
 2012 WL 254064 (C.D. Cal. 2012) ..............................................................13

*Brayton Purcell LLP v. Recordon & Recordon,*
 606 F.3d 1124 (9th Cir. 2010)........................................................................3

*Brian Jonestown Massacre v. Davies,*
 2014 WL 1900844 (N.D. Cal. May 12, 2014). ..............................................9

*Capitol Records, LLC v. Bluebeat, Inc.,*
 2010 WL 11549413 (C.D. Cal. Mar. 16, 2010) ...........................................14

*Costlow v Weeks,*
 790 F.2d 1486 (9th Cir. 1986)..................................................................2, 10

*Cruz-Aguilera v. I.N.S.,*
 245 F.3d 1070 (9th Cir. 1986).......................................................................5

*DISH Network L.L.C. v. Vixcon Corp.,*
 923 F. Supp. 2d 1259 (S.D. Cal. 2013) .........................................................9

*Dolly Toy Co. v. Bancroft-Rellim Corp.,*
 97 F. Supp. 531 (S.D.N.Y. 1951)...................................................................6

**DISH's Response to Order to Show Cause (Dkt. 79)**

*Effron v. Sun Line Cruises, Inc.,*

    67 F.3d 7 (2nd Cir.1995)............................................................................15

*Fernandez v. Obesity Research Inst., LLC,*

    2013 WL 4587005 (E.D. Cal. Aug. 28, 2013)..............................................16

*Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau,*

    2007 WL 1152682 (N.D. Cal. Apr. 18, 2007) ....................................... 15-16

*Goldberg v. Cameron,*

    482 F. Supp. 2d 1136 (N.D. Cal. 2007)....................................................9, 13

*Goldlawr Inc. v. Heiman,*

    369 U.S. 463 (1962).....................................................................................5

*Goldstein v. RadioShack Corp.,*

    2007 WL 1342533 (E.D. Tex. 2007)..........................................................15

*Gutierrez v. Caddell Const. Co., Inc.,*

    2013 WL 4510303 (D. Guam Aug. 22, 2013) ..............................................5

*Ingersoll–Rand Fin. Corp. v. Miller Mining Co. Inc.,*

    817 F.2d 1424 (9th Cir. 1987) ....................................................................1

*In re Miller,*

    262 B.R. 499 (9th Cir. BAP 2001) ..............................................................2

*In re Stringer,*

    847 F.2d 549 (9th Cir. 1988) ......................................................................4

*j2 Cloud Servs., Inc. v. Fax87,*

    2017 WL 1535083 (C.D. Cal. Apr. 27, 2017). .......................................8, 10

*Jones v. GNC Franchising, Inc.,*

    211 F.3d 495, 498 (9th Cir. 2000)..............................................................11

*Love v. Associated Newspapers, Ltd.,*

    611 F.3d 601 (9th Cir. 2010)........................................................................8

*Louis Vuitton Malletier, S.A. v. Akanoc Sols.,*

    658 F.3d 936 (9th Cir. 2011).......................................................................1

**DISH's Response to Order to Show Cause (Dkt. 79)**

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.,*

    583 F.3d 656 (9th Cir. 2009)......................................................................11

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*

    647 F.3d 1218 (9th Cir. 2011)................................................................ 7-8

*Nat'l Union Fire Ins. Co. v. Simpson Mfg. Co.,*

    829 F. Supp. 2d 914 (D. Haw. 2011).......................................................16

*On-Time Staffing, LLC v. Flexible Staffing Solutions, Inc.,*

    2007 WL 1234978 (D.N.J. Apr. 25, 2007).................................................15

*Pacific Car & Foundry Co. v. Pence,*

    403 F.2d 949 (9th Cir. 1968)....................................................................12

*Park v. Dole Fresh Vegetables, Inc.,*

    964 F. Supp. 2d 1088 (N.D. Cal. 2013).....................................................13

*Placido v. Prudential Ins. Co. of Am.,*

    2010 WL 334744 (N.D. Cal. Jan. 22, 2010) .............................................2

*Rio Props., Inc. v. Rio Int'l Interlink,*

    284 F.3d 1007 (9th Cir. 2002)....................................................................8

*Safarian v. Maserati N. Am., Inc.,*

    559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) ..........................................11

*Saleh v. Titan Corp.,*

    361 F. Supp. 2d 1152 (S.D. Cal. 2005) .....................................................13

*Schwarzenegger v. Fred Martin Motor Co.,*

    374 F.3d 797 (9th Cir. 2004)......................................................................7

*Sclimenti v. Leland Stanford Junior Univ.,*

    2009 WL 10671524 (S.D. Cal. Dec. 21, 2009)...........................................6

*STX, Inc. v. Trik Stik, Inc.,*

    708 F. Supp. 1551 (N.D. Cal. 1988)..........................................................14

*Wash. Shoe Co. v. A-Z Sporting Goods, Inc.,*

    704 F.3d 668 (9th Cir. 2012)......................................................................8

**DISH's Response to Order to Show Cause (Dkt. 79)**

*Wong v. Hard Drive Prods., Inc.,*

    2012 WL 1252710 (N.D. Cal. Apr. 13, 2012). ................................................6

*Van Dusen v. Barrack,*

    376 U.S. 612 (1964)...................................................................................11

*Zhu v. Whinery,*

    109 Fed. Appx. 137 (9th Cir. 2004) ............................................................2

*Zurich Am. Ins. Co. v. Trans Cal Assocs., Ltd.,*

    2011 WL 6329959 (E.D. Cal. Dec. 16, 2011) .............................................2

**Statutes**

28 U.S.C. § 1400(a) ............................................................................... 3-6

28 U.S.C. § 1400(b) ...................................................................................4

28 U.S.C. § 1404(a) ......................................................................4, 10-11

28 U.S.C. § 1406(a) ................................................................................ 10-11

**Other Authorities**

RESTATEMENT (SECOND) OF AGENCY § 14J (1958)....................................6

RESTATEMENT (THIRD) OF AGENCY § 1.01 cmt.c (2006) ..........................6

**DISH's Response to Order to Show Cause (Dkt. 79)**

# I.    INTRODUCTION

On May 31, 2019, Jadoo TV, Inc. ("JadooTV") filed its Suggestion of Bankruptcy with the Court (Dkt. 78) and its Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of California, No. 19-41283.  The filing of the Chapter 11 Petition created a bankruptcy estate protected by an automatic stay pursuant to 11 U.S.C § 362(a). §362(a)(1) automatically "stays the commencement or continuation…of a judicial, administrative, or other action or proceeding against the debtor…." 11 U.S.C § 362(a)(1).

On June 10, 2019, the Court issued its Order to Show Cause (the "Order") (Dkt. 79) to DISH Network L.L.C. ("DISH"), directing DISH to show cause as to why the pending case should not be dismissed or transferred for improper venue. The Court also noted in its Order that it was unclear as to how litigation can proceed as to the remaining defendants if it is stayed only as to JadooTV, and cited to *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.* for the proposition that each work infringed may form the basis of only one award. 658 F.3d 936, 946 (9th Cir. 2011).

DISH files this response solely to comply with the Court's Order, and not to continue litigation as to JadooTV. DISH does not request affirmative relief from the Court as to JadooTV in filing this response, but rather is merely providing the Court with the facts requested in the Court's Order, and maintaining the status quo as to JadooTV. Although DISH does not request a finding from this Court as to venue until the automatic stay is lifted by the bankruptcy court, for the reasons set forth below, litigation can continue as to non-bankrupt defendants, and venue is proper in this District and therefore should not be dismissed or transferred to the Northern District.

# II.    ARGUMENT & AUTHORITIES

## A.    Discovery Can Continue as to Sajid Sohail and Haseeb Shah.

The automatic stay created when JadooTV filed its Chapter 11 Petition does not apply to Sajid Sohail and Haseeb Shah. *See Ingersoll–Rand Fin. Corp. v. Miller Mining Co. Inc.,* 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special

**DISH's Response to Order to Show Cause (Dkt. 79)**

circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants."). When weighing whether to apply the automatic stay to non-bankrupt parties, the weight of authority holds that it is the bankruptcy court that must extend the automatic stay. *See Placido v. Prudential Ins. Co. of Am.,* No. C 09-00668, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010) (citing *Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009). However, the Court does have the authority to stay the entire action pursuant to its own inherent authority. *See Zurich Am. Ins. Co. v. Trans Cal Assocs., Ltd.*, No. CIV. 2:10–01957 WBS KJN, 2011 WL 6329959, at *2-3 (E.D. Cal. Dec. 16, 2011).

DISH intends to seek relief from the automatic stay in the bankruptcy court in order to liquidate DISH's copyright claims in this litigation, which would address the Court's concerns regarding the one damage award rule for each infringed work.

In the interim, discovery could still proceed as to non-bankrupt Defendants Sajid Sohail and Haseeb Shah on the copyright claims. *See In re Miller*, 262 B.R. 499, 503-507 (9th Cir. BAP 2001) (concluding that in multi-party litigation discovery pertaining to claims against the bankrupt's co-defendants is not stayed, even if the discovery requires a response from the debtor, and even if the information could later be used against the debtor).

**B.     It is Procedurally Improper to *Sua Sponte* Transfer Venue Where No Defendant Has Properly Preserved an Objection.**

None of the defendants preserved an objection as to improper venue. The Ninth Circuit has held that improper venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *See Zhu v. Whinery*, 109 Fed. Appx. 137, 138 (9th Cir. 2004) ("In *Costlow,* we held that a defendant does not waive an improper venue objection by not raising it, so long as she has not filed a responsive pleading to the complaint and her time for doing so has not expired."); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986)

**DISH's Response to Order to Show Cause (Dkt. 79)**

("In the absence of a waiver, we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion.").

Other district courts have similarly construed *Costlow*. *See, e.g.*, *Bryant v. Thomas*, No. 09-1334 WQH (NLS), 2009 WL 3786363, at *4 (S.D. Cal. Nov. 9, 2009) ("Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run."); *Bobo v. Ariz. Dep't of Econ. Sec.*, No. 2:19-cv-00758 TLN AC (PS), 2019 WL 2500432, at *1 (E.D. Cal. June 17, 2019) ("Improper venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run."). And this view is supported by other circuits. *See Stjernholm v. Peterson*, 83 F.3d 347, 348 (10th Cir. 1996) (finding dismissal improper where all defendants waived issue and judge dismissed the case *sua sponte*); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (determining that after all defendants waived objection to venue, in absence of statutory authority, court could not raise issue); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966) (holding district court on its own motion could not dismiss for improper venue if it is not raised by a party).

JadooTV and Sohail did not object that the Central District of California is an improper forum.[1] Rather, they admitted in their answer that "JadooTV and Sohail are located in California, and are subject to personal jurisdiction in California," and stated they "reserve the right to contend that the Central District of California is an *inconvenient* forum and that the Court should transfer the action to the Northern District of California." (Dkt. 28, JadooTV and Sohail's Answer, ¶¶ 13, 15 (emphasis added.)

Venue is proper under the copyright venue statute in any district where the defendant or its agent resides or is otherwise subject to personal jurisdiction. *See* 28 U.S.C. § 1400(a); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). Because JadooTV and Sohail filed a responsive pleading

---

[1] Shah filed a motion to dismiss but not on the basis of improper venue. (*See* Dkt. 74.)

**DISH's Response to Order to Show Cause (Dkt. 79)**

objecting to venue only on the basis of inconvenient forum and did not object to venue on the basis of personal jurisdiction, as is required to preserve an objection to proper venue under § 1400(a), they would—if this matter were fully briefed and litigated—be found to have waived their objection to venue under § 1400(a). *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 265 F. Supp. 3d 1196, 1201–02 (D. Or. 2017) ("By filing motions to dismiss for improper venue and omitting its objection to venue under § 1400(b) [§ 1400(a)'s sister-provision for patent venue]—as that provision was interpreted by [the Supreme Court]—the defendant waived its objection….") (brackets omitted); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 254 F. Supp. 3d 836, 840-41 (E.D. Cal. 2017) (finding that one defendant had failed to sufficiently object to venue by raising a venue defense in its answer that failed to contest venue under § 1400(b)); *Amax, Inc. v. Acco Brands Corp.*, No 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) (holding that generally stating that venue was improper in an answer and arguing for transfer of venue based on convenience factors under § 1404(a) failed to preserve an objection that venue was proper under § 1400(b)).

### C. It is Premature for this Court to Reach a Conclusion About Venue While the Automatic Stay is in Effect as to JadooTV and the Other Parties are Unable to Fully Brief the Issue.

The automatic stay does not preclude a finding of waiver as to Sohail's answer, but it may prohibit a finding at this time as to a waiver by JadooTV. *See In re Stringer*, 847 F.2d 549, 551 n.4 (9th Cir. 1988) (concluding that the automatic stay "is extremely broad in scope and…should apply to almost any type of formal or informal action against the debtor…."). For that reason, determination of whether a venue objection has been preserved or waived by JadooTV may be premature until such time as the stay is lifted and the parties can fully brief the issues. Given the circumstances, DISH does not believe that a *sua sponte* transfer of venue or dismissal for lack of venue would be appropriate.

**DISH's Response to Order to Show Cause (Dkt. 79)**

However, if this Court is inclined to find – contrary to the facts presented here – that venue is improper in this District, but otherwise proper in the Northern District based on JadooTV and Sohail's residence there, a transfer of this case to the Northern District in lieu of dismissal would be appropriate. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 1986) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors."). Because dismissal would serve only to prejudice DISH,[2] transfer of this case to the Northern District in lieu of dismissal would serve the interests of justice. *See Gutierrez v. Caddell Const. Co., Inc.*, No. 12-00005, 2013 WL 4510303, at *8 (D. Guam Aug. 22, 2013) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." (quoting *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 467 (1962))).

### D.     Venue is Proper in This Court as to All Defendants.

Although DISH does not request a ruling as to proper venue in this case until the automatic stay is lifted by the bankruptcy court, as demonstrated below, venue is proper in the Central District as to all Defendants. Pursuant to § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights…may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Venue is proper under § 1400(a) here because JadooTV and Sohail have agents residing in this District and may be found in this District.

---

[2] Dismissal would prejudice DISH because the statute of limitations is not automatically tolled following a dismissal, and pending motions would need to be rebriefed. (*See* Dkt. 75.)

**DISH's Response to Order to Show Cause (Dkt. 79)**

### 1.   Defendants' Agents Can be Found in this District.

Venue is proper in the Central District if a defendant has an "agent resid[ing]" in the District. 28 U.S.C. § 1400(a); *see Sclimenti v. Leland Stanford Junior Univ.*, No. 08-CV-1730 W (BLM), 2009 WL 10671524, at *2 (S.D. Cal. Dec. 21, 2009) (concluding that venue was proper in the Southern District as to university that resided in the Northern District but whose employee resided in the Southern District); *Wong v. Hard Drive Prods., Inc.*, No. 12-CV-469-YGR, 2012 WL 1252710, at *6 n.5 (N.D. Cal. Apr. 13, 2012) (concluding that "it would appear reasonable to consider" that defendant's attorney residing in the district was their "agent" for purposes of satisfying § 1400(a)); *Dolly Toy Co. v. Bancroft-Rellim Corp.*, 97 F. Supp. 531, 533, 536 (S.D.N.Y. 1951) (holding that venue was proper under § 1400(a) because Defendants' agents – a sales manager and a retailer – resided in the district).

JadooTV and Sohail had agents residing in this District at the time this case was filed, so the Court may find that venue is proper for them in the Central District. "The elements of common-law agency are present in the relationships between employer and employee…." RESTATEMENT (THIRD) OF AGENCY § 1.01 cmt.c (2006). Anwar Farooqi was JadooTV and Sohail's Regional Sales Manager and he has resided in the District since February 2018. (Ferguson  Decl. ¶ 5, Ex. 4.) Farooqi solicited retailers in the Central District and helped them to distribute JadooTV's television service to Jadoo users in the Central District. (*Id.*, Ex. 4 at 16:11-13, 19:22-20:11.) As JadooTV's founder, CEO, president, and owner, Sohail authorized, controlled, participated in, and received a direct financial benefit from JadooTV and Farooqi's activities in the Central District. (*See Id*., ¶ 5, Ex. 4, at 130:25–31:1; Dkt. 1 ¶ 8.) Additionally, more than three-fourths (approximately 54 in total) of all of JadooTV's California retailers resided in the District. (Ferguson Decl. ¶ 2, Ex. 1.) A retailer may be considered an agent of the person from whom it receives goods for resale. *See* RESTATEMENT (SECOND) OF AGENCY § 14J (1958)). Accordingly, venue

is proper as to JadooTV and Sohail in the Central District because their agents resided there.

### 2. This Court Has Specific Personal Jurisdiction Over All Defendants.

As mentioned above, under the copyright venue statute, venue is also proper in any district in which the defendant is subject to personal jurisdiction. *See Brayton*, 606 F.3d at 1126. Personal jurisdiction may be either general or specific. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). JadooTV and Sohail have conceded that they are subject to personal jurisdiction in this Court, and the facts support the exercise of specific personal jurisdiction over them.

The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction is appropriate: (1) the defendant must purposefully direct his activities into the forum; (2) plaintiff's claims must arise out of or relate to the defendant's forum-related activities;[3] and (3) the exercise of jurisdiction must be reasonable.[4] *Id*. at 802. "Purposeful direction" in the copyright infringement context is analyzed under the "effects" test and requires that the defendant (1) commit an intentional act, (2) expressly aimed at the forum, and (3) causing harm that he knows is likely to be suffered in the forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011). All three prongs of the "effects" test are satisfied here as to all Defendants.

First, Defendants each committed an intentional act. All Defendants participated in the retransmission – without authorization – of DISH's exclusive

---

[3] This element is satisfied because DISH's claims of copyright infringement arise out of relate to Defendants' retransmission—without authorization—in the forum of DISH's Proctected Content. *See* Section II.D.2.

[4] The exercise of jurisdiction is not unreasonable because JadooTV and Sohail have conceded that they are subject to personal jurisdiction in this Court and for the reasons expressed *supra* and *infra* in Sections II.D–E. (*See* Dkt. 28 ¶ 13.) And the exercise of personal jurisdiction over Shah is not unreasonable for the reasons expressed in DISH's Opposition to Shah's Motion to Dismiss. (Dkt. 81 at 19-23).

**DISH's Response to Order to Show Cause (Dkt. 79)**

television content ("Protected Content") into this District, and advertised, distributed, and promoted Jadoo set-top boxes to be used to receive this content. (Dkt. 1 ¶¶ 13–15, 21–56; Dkt. 81-3-5, Ferguson Decl. in Opp'n to Shah's Mot. to Dismiss, ¶¶ 12–26, Exs. 14–30.) Prong one is satisfied. *See, e.g., Schwarzenegger*, 374 F.3d at 803 (concluding that placing a newspaper advertisement was an intentional act); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (holding that the operation of a passive website was an intentional act).

Second, Defendants' actions were "expressly aimed" at the Central District. In general, "where a defendant *knows*—as opposed to being able to foresee—that an intentional act will impact another state, then the 'expressly aimed' requirement is satisfied." *Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*, 191 F. Supp. 3d 1007, 1016 (N.D. Cal. 2016) (quoting *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 675 (9th Cir. 2012)) (emphasis in original) (internal quotations omitted). "[T]he Ninth Circuit has further explained that the 'expressly aimed' prong of the purposeful direction test can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property…for the purpose of competing with the plaintiff in the forum." *j2 Cloud Servs., Inc. v. Fax87*, No. 13-05353 DDP (AJWX), 2017 WL 1535083, at *6 (C.D. Cal. Apr. 27, 2017) (quoting *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 n.4 (9th Cir. 2010)).

The Ninth Circuit's decision in *Mavrix* leads the way to a finding of specific personal jurisdiction in this case as to all Defendants. In that case, the Ninth Circuit concluded that an Ohio-based corporation was subject to jurisdiction in the Central District where it was alleged to have published material on a website with a "specific focus" on "[Los Angeles]-centered celebrity and entertainment industries[]" and the "[s]ubject matter, as well as the size and commercial value of the California market" indicated that defendant "used [plaintiff's] copyrighted photos as part of its exploitation of the California market for its own commercial gain." *Mavrix*, 647 F.3d at 1229-30.

DISH's Response to Order to Show Cause (Dkt. 79)

Even more so than in *Mavrix*, the Defendants here intentionally directed business activities into the Central District. Of the roughly 70 Jadoo retailers servicing the California market – arguably JadooTV's most important market, as it is headquartered in California – more than three-fourths (approximately 54 in total) were located in the Central District. (Ferguson Decl. ¶ 2, Ex. 1.) The focus of JadooTV's retail presence was therefore in the Central District. (*See id.* ¶ 2, Ex. 1.) The Central District was also an important enough market for Sohail to station a sales manager there responsible for approximately 50 retailers. (Ferguson Decl. ¶ 5, Ex. 4.) Starting in February 2018, Farooqi was JadooTV and Sohail's Regional Sales Manager for Southern California, and he resided in the Central District. (*Id.*) Farooqi solicited retailers in the Central District and helped them to distribute JadooTV's television service to Jadoo users in the Central District. (*Id.,* Ex. 4 at 16:11-13, 19:22-20:11.) Accordingly, Defendants are all subject to jurisdiction in the Central District. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1145 (N.D. Cal. 2007) (concluding that defendants who resided in the Central District were subject to jurisdiction in the Northern District because they produced a film in the Central District that was intended to be released throughout the state); *Brian Jonestown Massacre v. Davies*, No. 13-CV-04005 NC, 2014 WL 1900844, at *5–6 (N.D. Cal. May 12, 2014) (holding that defendant who resided in the Central District was subject to jurisdiction in the Northern District because he had produced, recorded, and performed musical compositions in the Northern District).

Defendants Sohail and Shah also expressly targeted this District – both in their individual capacity and as agents of JadooTV. As JadooTV's founder, CEO, president, and owner, Sohail authorized, controlled, participated in, and received a direct financial benefit from the distribution of JadooTV's television service in the Central District. (*See* Ferguson Decl. ¶ 5, Ex. 4, at 130:25–31:1; Dkt. 1 ¶ 8.) Thus, he is subject to jurisdiction. *See DISH Network L.L.C. v. Vixcon Corp.*, 923 F. Supp. 2d 1259, 1264–65 (S.D. Cal. 2013) (holding that the fiduciary shield doctrine did not

apply to bar jurisdiction over CEO whose company directed infringing products into the forum). Likewise, Shah is subject to jurisdiction in this District because (1) JadooTV and Sohail acknowledged that Shah was in charge of content distribution for JadooTV; (2) Shah was directly in control of computer servers and domain names used to transmit the Protected Content to Jadoo users in the Central District; and (3) through his control of GitHub and YouTube accounts, Shah assisted Jadoo users in the Central District to add the Protected Content to their Jadoo set-top boxes.[5] *See j2 Cloud Servs,* 2017 WL 1535083 at *5 (finding nonresident corporate agent subject to jurisdiction because "the relevant inquiry is not [defendant's] official title…" but rather whether "that [defendant] had a managerial role and was empowered to…build and maintain the websites at issue in this case.").

Third, Defendants' actions harmed DISH in the Central District. DISH is the fourth largest pay-television service in the United States with millions of subscribers nationwide including many in the Central District. (Dkt 1 ¶ 16.) Some of DISH's customers receive access to DISH's exclusive South Asian television content, which Defendants willfully infringed. (*Id.* ¶¶ 16-19.) The value of DISH's intellectual property has therefore been diminished as a result of Defendants' actions. Accordingly, DISH suffered a jurisdictionally significant harm in the forum as a result of Defendants' actions. *See Love*, 611 F.3d at 609 n.4 (concluding that "express aiming" is satisfied when defendant misuses the plaintiff's intellectual property and competes with plaintiff in the forum). Put simply, venue is proper because Defendants are all subject to personal jurisdiction in this District, and therefore this case should not be dismissed. *See* 28 U.S.C. §§ 1404(a), 1406(a); *see also Costlow v Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (concluding that dismissal is appropriate only where venue was improper to begin with and the interests of justice do not require transfer).

---

[5] (*See* Dkt. 81, DISH's Opp'n to Shah's Mot. to Dismiss, at 6-19; Dkt. 81-3-5 ¶¶ 12–26, Exs.14–30; Dkt. 1 ¶¶ 13–15, 21–56.)

DISH's Response to Order to Show Cause (Dkt. 79)

**E.     Justice Does Not Require Transfer to the Northern District.**

This Court has discretion to transfer an action "[f]or the convenience of parties and witnesses [and] in the interest of justice...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see id.* at § 1406(a) (district court may transfer case even where venue is improper). The purpose of these provisions is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citations omitted), *superseded by statute on other grounds.* Justice does not require transfer of this case to the Northern District.

The decision of whether to transfer venue is analyzed by weighing multiple factors that include DISH's choice of forum and the convenience and location of parties and witnesses. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).[6]

**1.     DISH's Choice of Venue is Entitled to Substantial Weight.**

The plaintiff's choice of forum is accorded substantial weight in § 1404(a) proceedings and "should rarely be disturbed." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656 (9th Cir. 2009); *see Barranco v. 3d Sys. Corp.*, 6 F. Supp. 3d 1068, 1084 (D. Haw. 2014) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."); *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) ("The balance

---

[6] The Ninth Circuit has set forth the following non-exclusive eight factors courts should use to evaluate whether venue should be transferred for convenience: (1) DISH's choice of forum; (2) the location where relevant agreements were negotiated and executed; (3) the contacts relating to DISH's cause of action in the Central District; (4) the state that is most familiar with the governing law; (5) the respective parties' contacts with the Central District; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *See Jones*, 211 F.3d at 498–99.

**DISH's Response to Order to Show Cause (Dkt. 79)**

of convenience must be strongly in favor of the moving party before a transfer will be ordered."). Only when "[t]he operative facts have not occurred within the forum of original selection and that forum has no particular interests in the parties or the subject matter" is the plaintiff's choice entitled to "minimal consideration." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

DISH's choice of forum is entitled to substantial deference. DISH selected the Central District and "operative facts" occurred there. (Ferguson Decl. ¶¶ 2–3, 5, Exs. 1–2, 4.) At the end of 2015, Sohail and his Vice President visited a Jadoo retailer and former codefendants in this case, East West Audio Video, Inc. and Punit Bhatt (collectively "East West"), in this District and aggressively solicited them to be a Jadoo retailer. (Bhatt Decl. ¶¶ 5, 8-9.) Additionally, JadooTV representatives, including Regional Sales Managers, regularly visited this District to market Jadoo set-top boxes and appoint new retailers in Los Angeles County and surrounding areas. (*Id.* ¶ 12.) When this case was filed in November 2018, more than three-fourths of JadooTV's California retailers were located in the Central District, as was its Regional Sales Manager, Farooqi. (Ferguson Decl. ¶¶ 2–3, 5, Exs. 1–2, 4.)

Another JadooTV Regional Sales Manager visited East West around the end of 2016 to deliver Jadoo set-top boxes and provided an employee of East West with "handwritten instructions to share an E-media code with customers that purchased the device," and informed her "that the code would set up the device to get access [to] more channels." (Sharma Decl. ¶¶ 3-4; Bhatt Decl. ¶ 12; *see* Dkt. 1 ¶¶ 39-42, 61, 76.)

Farooqi then visited East West in December 2018, admitting that he had preloaded E-media for prior Jadoo set-top box deliveries, but E-media was not installed on the set-top boxes he was dropping off that day. (Bhatt Decl. ¶¶ 15-16, 18; Ferguson Decl. ¶ 5, Ex. 4 at 54:16-21, 69:25-70:15; *see* Dkt. 1 ¶¶ 31-32, 75.) For those set-top boxes without E-media preloaded, Farooqi instructed East West to "tell the customer to call him directly or for them to go on YouTube and search of

instructions on how to download E-media," but getting the instructions from YouTube "would be the safest thing to do." (Bhatt Decl. ¶ 17; Ferguson Decl. ¶ 5, Ex. 4 at 70:16-71:1, 71:11-72:14, 76:3-6; *see* Dkt. 1 ¶¶ 39-42, 76.) Farooqi admitted that JadooTV would get in trouble if they install E-media, DISH has said JadooTV cannot have those channels, but if a customer installs E-media then it is fine.  (Bhatt Decl. ¶ 17; Ferguson Decl. ¶ 5, Ex. 4 at 82:4-83:15; *see* Dkt. 1 ¶¶ 36, 43, 80-81.)

DISH issued document subpoenas to 52 Jadoo retailers in this District because it believes that discovery from them will likely produce additional evidence showing, as was the case with East West, that JadooTV provided retailers in this District with the technical information and assistance necessary for their customers to access the Protected Content. (Ferguson Decl. ¶¶ 3-4, Exs. 2-3.) Because "operative facts" occurred in this District, DISH's choice of forum should be afforded substantial weight. *See Safarian*, 559 F. Supp. at 1071; *Goldberg*, 482 F. Supp. at 1145.

### 2. The Convenience and Location of Witnesses and Parties Does Not Support Transfer.

The most important factor in determining whether to maintain or transfer venue is the location of witnesses – more specifically, nonparty witnesses. *See Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*, No. 11-1132 DOC (RNBx), 2012 WL 254064, at *2 (C.D. Cal. Jan. 25, 2012); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ("Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer.") (internal quotations omitted). "Importantly, while the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Saleh v. Titan Corp*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.,* 734 F. Supp. 54, 57 (N.D.N.Y.1990) (internal quotations omitted).

**DISH's Response to Order to Show Cause (Dkt. 79)**

DISH is currently aware of four witnesses residing in this District whose testimony DISH intends to offer at trial: Punit Bhatt, Renu Sharma, and Naresh Patel (of East West), and Anwar Farooqi (of JadooTV). (Ferguson Decl. ¶ 6, Ex. 5 at 5.) Based on their first-hand knowledge of and interactions with representatives of JadooTV, DISH expects these witnesses will testify to JadooTV's knowledge of and control over the eMedia, South Asian Super Pack ("SASP"), and VOD functions of the Jadoo service that provided access to the Protected Content, as well as JadooTV's cultivation of these functions as a means of promoting access to the Protected Content through Jadoo set-top boxes. (*Id.*; Dkt. 1 ¶¶ 1-4, 21-56.) DISH also anticipates it will put on more testimony from witnesses from this District because JadooTV retained an attorney to represent 39 of the 52 retailers in this District that were served with subpoenas, and like JadooTV, they have thus far stonewalled DISH's discovery efforts. (Ferguson Decl. ¶ 4, Ex. 3; *see* Dkts. 69, 75.) In contrast, JadooTV has specifically identified only one nonparty witness residing in the Northern District. (Ferguson Decl. ¶ 7, Ex. 6 at 2.) And as mentioned above, the convenience of a party's employee is afforded less weight than nonparty witnesses located in the District. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("The Court, however, discounts any inconvenience to the parties' employees, whom the parties can compel to testify.").

Thus, this is not a case where the convenience of witnesses requires transfer to the Northern District. *See Capitol Records, LLC v. Bluebeat, Inc.*, No. 09-8030-JFW (JCx), 2010 WL 11549413, at *3 (C.D. Cal. Mar. 16, 2010) (denying transfer from Central District to Northern District where plaintiffs had "significant presence" in original forum, despite fact only two out of seven plaintiffs where headquartered in the Central District, and "key witnesses" were located there); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131–34 (C.D. Cal. 2009) (denying transfer where, despite fact plaintiff was "not a citizen of this forum" and defendants would suffer "some inconvenience" litigating there, defendants did not carry burden

**DISH's Response to Order to Show Cause (Dkt. 79)**

of showing that convenience of non-party witnesses weighed in favor of transfer); *Safarian*, 559 F. Supp. 2d at 1068 (denying transfer because "[t]he convenience of all witnesses does not strongly favor transfer.").

Nor is the Central District an overall inconvenient forum for persons residing in the Northern District. Indeed, the need for occasional travel by air from San Francisco to Los Angeles, or vice versa, for trial or other proceedings does not constitute the type of substantial inconvenience warranting disturbing DISH's choice of forum. *See Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau*, No. C-06-7028, 2007 WL 1152682, at *2 (N.D. Cal. Apr. 18, 2007) (denying motion to transfer where travel distance for defendant – Huntington Beach to San Francisco – was longer than JadooTV's is here); *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10 (2nd Cir. 1995) (holding "forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel"); *On-Time Staffing, LLC v. Flexible Staffing Solutions, Inc.*, No. 06-3951 (RBK), 2007 WL 1234978, *7 (D.N.J. 2007) (denying proposed transfer from District of New Jersey to the Middle District of Pennsylvania, where some witnesses were located in original forum, despite fact that defendant was located in Pennsylvania); *Goldstein v. RadioShack Corp.*, No. 6:06-CV-285, 2007 WL 1342533, *3 (E.D. Tex. 2007) (concluding that although the majority of potential witnesses were located in Fort Worth and would have to travel 133 miles to get to court, that presented little more than a "minor inconvenience.").

### 3. The Remaining Factors Do Not Support Transfer or are Either Neutral or Irrelevant.

First, the factors dealing with the contacts relating to DISH's claims occurring in, and Defendants contacts with, the Central District were already addressed *supra* in Section II.D-E. That analysis demonstrated that Defendants committed intentional acts that were expressly aimed at the forum and that DISH was harmed in the Central District. These factors therefore favor maintenance of this suit in the Central District.

**DISH's Response to Order to Show Cause (Dkt. 79)**

Second, the factors dealing with the location where relevant agreements were negotiated and executed and the state most familiar with the governing law are not applicable. *See Flotsam*, 2007 WL 1152682 at *1 n.1. Third, the remaining factors dealing with costs of litigation, ease of access to sources of proof, and availability of compulsory process are neutral. *See Fernandez v. Obesity Research Inst., LLC*, No. 2:13-cv-00975-MCE-KJN, 2013 WL 4587005, at *3 (E.D. Cal. Aug. 28, 2013) ("The ease of access to sources of proof is an outdated factor, as most discovery will be conducted electronically and the physical location of electronic records is irrelevant."); *Flotsam*, 2007 WL 1152682 at *2 (concluding that both the Central and Northern Districts have the power to compel the attendance at trial of witnesses residing in California). Accordingly, the remaining factors do not support transfer to the Northern District. *See Nat'l Union Fire Ins. Co. v. Simpson Mfg. Co.*, 829 F. Supp. 2d 914, 927 (D. Haw. 2011) (concluding that where "[m]ost of the factors are neutral or do not weigh heavily one way or the other" that transfer is not appropriate).

## III.   CONCLUSION

DISH files this response in compliance with the Court's Order, but reiterates that this response seeks no affirmative relief and does not seek to continue litigation against JadooTV, but merely provides the Court the information required by the Order. None of the defendants preserved an objection based on improper venue and therefore any such objections are waived. It is procedurally improper to *sua sponte* transfer venue under those circumstances, but it may be premature for the Court to reach that conclusion while the automatic stay is in effect as to JadooTV and the parties are unable to fully brief the issue. However, if the Court is inclined to reach such a conclusion, venue is proper in the Central District because Defendants' agents resided in the District and Defendants are subject to personal jurisdiction in this District.

**DISH's Response to Order to Show Cause (Dkt. 79)**

1    Dated: June 20, 2019

2                                    Respectfully submitted,

3
                                  By:  */s/ Stephen M. Ferguson*
4                                      Stephen M. Ferguson (*pro hac vice*)
                                       stephen.ferguson@hnbllc.com
5                                      Timothy M. Frank (California Bar No. 263245)
                                       timothy.frank@hnbllc.com
6                                      Joseph H. Boyle (*pro hac vice*)
                                       joe.boyle@hnbllc.com
7                                      **HAGAN NOLL & BOYLE LLC**
                                       820 Gessner, Suite 940
8                                      Houston, Texas 77024
                                       Telephone: (713) 343-0478
9                                      Facsimile: (713) 758-0146

10                                     David A. Van Riper (California Bar No. 128059)
                                       dave@vanriperlaw.com
11                                     **VAN RIPER LAW**
                                       1254 Irvine Blvd., Suite 200
12                                     Tustin, California 92780-3571
                                       Telephone: (714) 731-1800
13                                     Facsimile: (714) 731-1811

14                                     Attorneys for Plaintiffs DISH Network L.L.C

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISH's Response to Order to Show Cause (Dkt. 79)**