Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. et al., <br><br> Defendants. | Case No. 2:18-cv-9768-FMO (KSx) <br><br> **DISH NETWORK L.L.C.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL SAJID SOHAIL'S PRODUCTION OF DOCUMENTS [Dkt. 75]** <br><br> Honorable Karen L. Stevenson |

## I. INTRODUCTION

Pursuant to the Court's Order of June 26, 2019 (Dkt. 85), Plaintiff DISH Network L.L.C. ("DISH") submits this supplemental brief in support of its motion to compel Defendant Sajid Sohail's ("Sohail") production of documents (the "Motion") (Dkt. 75.)

On May 31, 2019, Jadoo TV, Inc. ("JadooTV") filed its Suggestion of Bankruptcy with this Court (Dkt. 78) and a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of California, No. 19-41283. Accordingly, this action is stayed as to JadooTV, and Plaintiffs' motion to compel is only directed at Sohail in his individual capacity.

Following the hearing on the Motion, the Court requested that DISH "[s]ubmit supplemental briefing…citing case law or other authority that addresses (1) whether a corporate officer of a company that is subject to a bankruptcy stay can be compelled to produce corporate documents related to the individual's work activities for the bankrupt debtor and (2) whether any such documents are considered to be in the possession, custody, or control of the individual officer for the purpose of discovery as to that person in his individual capacity." As shown by the authority cited below, a corporate officer of a company subject to a bankruptcy stay can be compelled to produce corporate documents related to the officer's work activities for the bankrupt debtor; and such documents are considered to be in the possession, custody, or control of the officer for purposes of discovery as to that person in his individual capacity.

## II. ARGUMENT & AUTHORITIES

**A.  Sohail Can be Compelled to Produce Corporate Documents.**

**1.  The Automatic Stay Does Not Apply to Sohail.**

Although the filing of a bankruptcy petition immediately stays all civil actions commenced against the debtor, it is well-established that the automatic stay applies only to the debtor and therefore does not extend to a debtor's non-bankrupt co-defendants, persons responsible for the debtor's debts, or others with a similar factual

or legal connection to the debtor. *See In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) ("As a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property."); *In re Advanced Ribbons & Office Prods. Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991); *Seiko Epson Corp. v. Nu–Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.").

This is true even where the non-bankrupt co-defendants are owners or high-ranking principals of the bankrupt entity. *See In re Hujazi*, No. NC–16–1018–FBJu, 2017 WL 3007084, at *10 (B.A.P. 9th Cir. July 14, 2017) (stating the automatic stay does not protect debtor's owners, affiliates, or co-obligees); *In re Related Asbestos Cases*, 23 B.R. 523, 529 (N.D. Cal. 1982) (stating that the automatic stay does not extend to a debtor corporation's president); *In re Ronald Perlstein Enters.*, 70 B.R. 1005, 1008-09 (Bankr. E.D. Pa. 1987) (holding that absent an order from the bankruptcy court stating otherwise, plaintiff was free to proceed against debtor corporation's principal); *In re Trans-Serv. Logistics, Inc.*, 304 B.R. 805, 806 (Bankr. S.D. Ohio 2004) (holding that debtor defendant's president/chief executive officer and debtor's general manager, as non-debtor co-defendants in pre-petition litigation, were not entitled to extension of automatic stay to halt litigation against them).

The fact that Sohail is an officer and owner of JadooTV does not afford him the protection of the automatic stay.

### 2. Sohail is Required to Respond to Discovery Requests Aimed at Establishing His Individual Liability.

Because litigation is not stayed as to non-bankrupt co-defendants, neither are the non-bankrupt party's discovery obligations stayed. Such is the case even if the "information" to be compelled "[c]ould eventually adversely affect the Debtor" and the party to be compelled is none other than the debtor himself. *In re Miller*, 262

B.R. 499, 504 (B.A.P. 9th Cir. 2001) (holding that automatic stay did not protect Chapter 13 debtor from having to comply with discovery requests in multi-defendant litigation in which she was one of defendants, as long as the discovery requests were framed as discovery pertaining only to creditors' claims against other, non-debtor defendant).

*In re Miller* stands for the proposition "[t]hat it Is [sic] permissible for a plaintiff to elicit testimony from a debtor which is not only relevant to claims asserted against a non-debtor, but also may be damaging to the debtor…as long as one purpose—out of perhaps many—of eliciting the testimony is to build a case against a non-debtor. *In re Kenoyer*, 489 B.R. 103, 116 (Bankr. N.D. Cal. 2013); *see also In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) (citing *In re Miller* and stating "[i]t is now generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor.").

If, as in *In re Miller*, a debtor herself can be forced to testify against a closely-related, but non-bankrupt co-defendant, then so too may the debtor's co-defendant be compelled. *See Kenoyer*, 489 B.R. at 117 (citing *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 977 (N.D. Ill. 1992)) ("The automatic stay also did not prevent the debtor's former and current employees from being deposed about information bearing on the litigation against another defendant but not the debtor."); *see also Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 CIV. 4650 (JFK), 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014) (holding that debtor's CEO was required to comply with discovery requests where plaintiff sought to hold CEO jointly and severally liable for fraud with debtor).

In *Mahurkar* the court held that in a multi-district patent case the debtor and its employees were required to comply with discovery requests relating to claims against non-bankrupt defendants because "[t]hat a given witness used to work for

[debtor] (or still works for [debtor]) is irrelevant, if the discovery has utility other than to facilitate recovery against [debtor]."[1] 140 B.R. at 977.

### 3. The Unusual Circumstances Exception Does Not Apply.

Some courts have extended the automatic stay to non-bankrupt co-defendants when "unusual circumstances" warranted.[2] Unusual circumstances are established "where there is an indemnification agreement between the debtor and non-debtor defendants or when proceeding against the non-debtor defendants would impose a substantial discovery burden on the debtor defendant," thereby prejudicing the debtor's ability to successfully reorganize pursuant to Chapter 11 of the Bankruptcy Code. *See Bradford Techs., Inc. v. Biggers*, No. C 11-04621 EDL, 2014 WL 12641953, at *6 (N.D. Cal. May 27, 2014) (citations omitted).

The "unusual circumstances" exception is inapplicable here for two distinct reasons. First, the Ninth Circuit has not adopted the "unusual circumstances" exception, and its applicability is not clear in this circuit. *See Chugach Forest*, 23 F.3d at 247 (stating that "[w]e have not explicitly recognized such an exception, and we decline to do so in this case."); *Klinkenborg Aerial Spraying and Seeding, Inc. v. Rotorcraft Dev. Corp.*, 690 Fed. Appx. 540, 541 (9th Cir. 2017) ("We have never adopted the 'unusual circumstances' exception in the Ninth Circuit and we decline to do so here.").

Second, to apply the exception, Sohail and JadooTV would need to request the bankruptcy court "extend the automatic stay under its equity jurisdiction." *Chugach Forest*, 23 F.3d at 247 n.6; *see also Klinkenborg*, 690 Fed. Appx. at 540–41 ("Further,

---

[1] An exception occurs where the nature of plaintiff's suit against the debtor and their non-bankrupt co-defendant requires the court to allocate liability among all the defendants, including the debtor. *See Lewis v. Russell*, No. CIV. S–03–2646 WBS KJM, 2009 WL 1260290, at *4-5 (E.D. Cal. May 7, 2009). However, this exception is not implicated here where the liability of JadooTV and Sohail is alleged to be joint and several. (*See* Dkt. 1, DISH's Complaint, ¶¶ 69, 83, 91.); *Kenoyer*, 489 B.R. at 119–20.

[2] The "unusual circumstances" exception stems from *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

even if we were to adopt the 'unusual circumstances' exception, the exception *requires* the bankruptcy court to extend the automatic stay using its equity jurisdiction after hearing and the establishment of unusual need….") (emphasis added).

### B. The Corporate Documents are Within Sohail's Possession, Custody, or Control for Purposes of Discovery Aimed at Sohail in His Individual Capacity.

Sohail claims without authority that "[m]ost, if not all, of the documents DISH seeks in its motion are in JadooTV's possession, custody, or control" and therefore he may not be compelled to produce them. (Dkt. 80 at 2:21–25.) Sohail is incorrect: the corporate documents DISH seeks relating to Sohail's individual liability are within Sohail's control, and he may be compelled to produce them.

Sohail is the founder, chief executive officer, and an owner of JadooTV. (Dkt. 28 at ¶ 8.) Courts routinely determine high-ranking corporate officers like Sohail to be in possession, custody, or control of their corporation's documents for purposes of Rule 34. *See, e.g, U.S. Philips Corp. v. Synergy Dynamics Intl., LLC.*, No. 2:05-CV-00577-PMP-GWF, 2007 WL 9734384, at *9 (D. Nev. July 9, 2007) (stating that defendant corporate officer and shareholder "[c]an be compelled to produce relevant corporate documents…which he has the practical ability to produce."); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 181–82 (S.D.N.Y. 2006) (stating that corporate vice-president may be required to turn over corporate documents).

Discovery is not stayed as to a bankrupt corporation's non-bankrupt "control persons" provided that discovery also pertains to claims against non-debtors. *Richard B. Vance*, 289 B.R. at 697. Accordingly, notwithstanding JadooTV's bankruptcy, this Court may correctly compel Sohail to produce corporate documents that can be used to establish his individual liability. *See Le Metier Beauty*, 2014 WL 4783008 at *5 (holding that debtor's CEO was required to comply with post-petition discovery requests).

In *Le Metier Beauty*, the plaintiffs sought to hold the debtor and the debtor's CEO jointly and severally liable for securities fraud, common law fraud, and fraud in the inducement. *Id.* at 1. The Court declined to extend the debtor's automatic stay to its CEO, and allowed third-party discovery to proceed. *Id.* at 5. The discovery sought of the debtor's CEO included post-petition requests for production concerning the debtor's corporate documents, the CEO's work activities with the debtor, the CEO's communications with third-parties, documents relating to corporate purchases and shipments, and other documents that could be used to establish the CEO's individual liability. *See Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 CIV. 4650 (JFK), Plaintiffs' First Set of Requests for Production to Defendant Richard Blanch, Dkt. 25-2 (S.D.N.Y. Aug. 12, 2014).

### III.   CONCLUSION

Neither DISH's claims nor discovery requests are stayed as to Sohail. As JadooTV's founder, CEO, and owner, Sohail is in control of the relevant JadooTV documents for purposes of discovery relating to Sohail, and he may be compelled to produce such documents.

Dated: July 3, 2019              Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiffs DISH Network L.L.C.*