Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. et al., <br><br> Defendants. | Case No. 2:18-cv-9768-FMO (KSx) <br><br> **DISH NETWORK L.L.C.'S OPPOSITION TO DEFENDANTS' APPLICATION FOR AN *EX PARTE* ORDER TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO QUASH SUBPOENAS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45** <br><br> Date: September 4, 2019 <br> Time: 10:00 a.m. <br> Ctrm: 580 <br> Judge: Hon. Karen L. Stevenson |

Plaintiff DISH Network L.L.C. ("DISH") respectfully submits this opposition to Defendants JadooTV, Inc. ("JadooTV") and Sajid Sohail's ("Sohail" and collectively with JadooTV, "Defendants") application for an *ex parte* order to continue the September 4, 2019 hearing on Defendants' motion to quash non-party subpoenas pursuant to Federal Rule of Civil Procedure 45.[1]

## I. INTRODUCTION

Defendants' application for an *ex parte* order to continue the September 4, 2019 hearing on Defendants' motion to quash non-party subpoenas should be denied because the Court has already found that the automatic stay resulting from JadooTV's bankruptcy does not apply to non-debtors. Consequently, Defendants lack standing to bring their motion to quash under Rule 45. The Court should deny Defendants' motion to quash non-party subpoenas on or before September 4, 2019, with or without a hearing—not further delay a hearing on this motion that is preventing DISH from conducting non-party discovery.

## II. ARGUMENT

On August 14, 2019, this Court found that the automatic stay resulting from JadooTV's bankruptcy filing does not extend to non-debtor Defendant Sohail, despite him being an officer and owner of JadooTV. (Dkt. 96 at 7.) The Court also found that the Ninth Circuit has not adopted the "unusual circumstances" exception to the general rule that a bankruptcy stay does not extend to non-debtor defendants. (*Id.* at 8-9.) Consequently, the Court granted DISH's motion to compel Sohail's production of documents and DISH's request for its expenses incurred in bringing the motion to compel, finding Sohail's assertion that "the case against Sohail is also very likely to be stayed" was tenuous at best. (*Id.* at 10.)

Despite the Court's findings, Defendants' subsequently filed a reply in support of its motion to quash continuing to claim that DISH's non-party subpoenas are

---

[1] DISH does not oppose Defendants' motion to continue the October 2, 2019 hearing on DISH's motion for an award of expenses incurred in bringing DISH's motion to compel Sohail's production of documents to a date on or after October 23, 2019.

"blatant violations of the automatic stay." (Dkt. 97 at 1:8-9.) Defendants' motion to quash makes an even more tenuous claim that the automatic stay as to JadooTV prevents DISH from conducting non-party discovery. The automatic stay does not apply to non-debtors, the non-party subpoenas do not violate the automatic stay, and Defendants therefore lack standing to bring a motion to quash pursuant to Rule 45. (Dkt. 95 at 3-11; Dkt. 96 at 7-9.)

Defendants' counsel is not required to be at a hearing in the JadooTV bankruptcy court on September 4, 2019. Defendants' counsel is not JadooTV's bankruptcy counsel, and he has not been authorized by the bankruptcy court to appear on JadooTV's behalf. (Ferguson Decl. ¶ 2, Ex. 1.) On August 22, 2019, JadooTV's bankruptcy counsel filed an *ex parte* motion to continue a status conference and hearings on JadooTV's stock repurchase motion and defense costs motion from August 28, 2019 to September 4, 2019—the same date that Defendants' counsel set weeks earlier for the hearing on Defendants' motion to quash non-party subpoenas.[2] (Ferguson Decl. ¶ 3, Ex. 2; *see* Dkt. 94 (filed on Aug. 5, 2019).) Defendants' counsel does not have any motions pending before the bankruptcy court on September 4. When asked why Defendants' counsel believed he needed to be in the JadooTV bankruptcy court on September 4, he responded that he needed to attend the status conference because the bankruptcy court may have questions about his fees or this civil litigation.[3] (Ferguson Decl. ¶ 4.) JadooTV's bankruptcy counsel can answer questions about this civil litigation and has done so before and after July 9, 2019 when Defendants' counsel first made an appearance in this case. (*See* Dkt. 89.)

DISH requested that Defendants withdraw their motion to quash non-party subpoenas in light of the Court's Order finding the automatic stay does not apply to

---

[2] DISH's motion to lift the stay as to JadooTV is also set for hearing in the bankruptcy court on September 4, 2019.

[3] JadooTV filed an application to retain Chan Punzalan LLP as its litigation counsel with a "No Hearing Requested" notation on the caption and it is not on the bankruptcy court's docket for September 4. (*See* Ferguson Decl. ¶ 2, Ex. 1 at Dkts. 92, 114.)

non-debtors and because Defendants' lack standing to bring a motion to quash under Rule 45. (Ferguson Decl. ¶ 5, Ex. 3.) Defendants refused to withdraw the motion and appear to be continuing to pursue it with an improper purpose of unnecessarily delaying non-party discovery in this case.

### III. CONCLUSION

The Court should deny Defendants' application for an *ex parte* order to continue the September 4, 2019 hearing on Defendants' motion to quash subpoenas, or deny Defendants' motion to quash subpoenas without a hearing.

Dated: August 28, 2019             Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiffs DISH Network L.L.C.*