Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Fax: 650.362.4151

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No. 2:18-cv-09768-FMO-KS |
| Plaintiff, | **DEFENDANT SAJID SOHAIL'S OPPOSITION TO PLAINTIFF DISH NETWORK L.L.C.'S MOTION FOR AWARD OF EXPENSES INCURRED IN BRINGING MOTION TO COMPEL DEFENDANT SAJID SOHAIL'S PRODUCTION OF DOCUMENTS** |
| vs. | |
| JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT, | |
| Defendants. | Honorable Karen L. Stevenson |

## I.  <u>INTRODUCTION</u>

Plaintiff DISH Network L.L.C.'s ("Dish") Motion for Award of Expenses requests attorney's fees and costs for time performed on discovery matters related to Defendant JadooTV, Inc. ("Jadoo") even though Jadoo is currently the subject of a bankruptcy stay. Although Dish frames its motion as one against individual Defendant Sajid Sohail ("Sohail"), for whom there is currently no bankruptcy stay, Dish's fees request is highly misleading in that it seeks to enforce time spent for discovery against Sohail which appears to almost all be traced to discovery against JadooTV, a company in bankruptcy. As such, Dish's motion for attorneys' fees should be denied outright.

Further, although Sohail did not prevail on the motion to compel, Sohail's response to Dish's discovery requests at issue was substantially justified. Indeed, Sohail argued in good faith, among other things, that the indemnity agreement between Sohail and Jadoo, and the fact that the allegations against Sohail are in his official capacity as CEO and president of Jadoo and are indistinguishable from DISH's claims against Jadoo, supported the finding that discovery against Sohail should be stayed. While Sohail did not prevail on this argument, the Court nevertheless invited further briefing on this very complex legal issue, and Sohail acted in good faith in opposing the motion. In any event, Sohail had no relevant documents in response to Dish's request.

As such, Sohail respectfully requests that the Court deny Dish's motion for Award of Expenses.

## II.  <u>FACTUAL BACKGROUND</u>

On November 20, 2018, Dish filed a Complaint against Jadoo, Sohail, Haseeb Shah, East West Audio Video, Inc. and Punit Bhatt, alleging claims of Copyright Infringement. (Dkt. No 1) The Complaint contains no allegations against Sohail individually, and instead contains allegations of conduct attributed to Jadoo.

On May 24, 2019, Dish filed a Motion to Compel Jadoo and Sohail's production of Jadoo corporate documents and requested attorneys' fees and costs incurred in bringing the motion. (Dkt.

No 75). JadooTV's previous counsel explained to Dish that the motion to compel was pointless since JadooTV "would be forced to file bankruptcy" resulting in an automatic stay of the case. (Dkt. No. 80) Shortly thereafter on May 31, 2019, Jadoo filed its Suggestion of Bankruptcy and a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of California, and this action is now stayed as to Jadoo. (Dkt. No. 78). In light of the automatic stay against Jadoo, the Court invited supplemental briefing from the parties on whether Sohail may be compelled to produce documents. (Dkt. No. 85)

After the parties provided supplemental briefs on the issue, the Court granted Dish's Motion to Compel as to Sohail and ordered Dish to file an opening brief regarding the Motion for Award of Expenses incurred in bringing the Motion to Compel. (Dkt. No. 96) In their brief, Dish misleadingly requests $20,645.55 in attorneys' fees and $1,819.87 in costs relating to Dish's Motion to Compel, which appear to almost all be traced to discovery against Jadoo only. (Dkt. No. 98-1) Since then, Sohail has moved to extend the automatic stay to him personally, and this motion is pending in the Bankruptcy Court.

## III. ARGUMENT

### A. Defendant Sohail's Nondisclosure Was Substantially Justified.

Sohail's response to Dish's discovery requests was substantially justified. Under Federal Rule of Civil Procedure 37(a)(5)(B), the court must not order attorney fees if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." "[S]ubstantially justified" does not mean "justified to a high degree," but rather is satisfied if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 563 (1988).

Here, Sohail's response to Dish's discovery requests was substantially justified. Dish's Motion to Compel was filed just before Jadoo's petition for bankruptcy was filed, leaving Sohail as the defendant in this case. Once Jadoo filed for bankruptcy, Dish continued to aggressively pursue the Motion to Compel against Sohail in his individual capacity despite the fact that nearly all relevant documents could only be obtained from Jadoo and not Sohail personally.

Moreover, Sohail was substantially justified in opposing the Motion to Compel. As explained in Sohail's Supplemental Brief in Opposition to Motion to Compel ("Sohail's Supplemental Brief"), Sohail's indemnity agreement between Sohail and Jadoo provided Sohail with a good faith belief that the stay would be extended to him personally. As explained in Sohail's Supplemental Brief, Sohail argued in good faith that where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999. The *A.H. Robins* Court held that any suit against a third party who is entitled to absolute indemnity by the debtor on any judgment rendered against that third party is the proper subject for application or extension of the statutory stay. *Id.*

Moreover, Soahil informed both Dish and the Court nearly all the documents Dish sought in its motion are in JadooTV's possession, custody, or control—not Mr. Sohail's, and any discovery against Mr. Sohail would be greatly limited by the automatic stay imposed by JadooTV's bankruptcy petition. In any event, Sohail has since moved to extend the automatic stay to him in his personal capacity.

Accordingly, Mr. Sohail's response was substantially justified, and Mr. Sohail should not be required to pay any fees to Dish.

**B. Dish's Request for Fees Is Not Reasonable As Almost All Fees Requested By Dish Are Not Traced To Sohail, But Are Instead Traced To Jadoo.**

The amount of fees being requested by Dish is unreasonable, as almost all of the fees requested by Dish are directed towards discovery against Jadoo rather than Sohail.

The starting point for determining a reasonable attorneys' fee is the lodestar, which is calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate. *Camacho v. Bridgeprot Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008.) The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *Id.*

In Dish's request, it misleadingly included time entries referring to discovery against Jadoo only. To illustrate, notable excerpts from Dish's timesheet are highlighted below:

> 03/26/2019: "Review and analyze Jadoo's responses and objections to first set of interrogatories and request for production; confer with attorneys regarding same." (Dkt. No. 99-3)
>
> 04/01/2019: "Review and analyze Jadoo's responses to interrogatories, requests for production, and meet and confer letter regarding dealer subpoenas; prepare for meet and confer; confer with attorneys regarding same." *Id.*
>
> 04/03/2019: "Drafted memo in preparation for meet and confer on JadooTV's discovery responses and strategy conf. re same." *Id.*
>
> 05/03/2019: "Revise Jadoo's draft of joint discovery status report; draft and respond to emails from attorneys regarding same; draft email to Jadoo's counsel regarding same." *Id.*

Every entry listed in the declaration supporting the attorneys' fees motion above refers to Jadoo and contains no mention of Sohail at all, and Dish attempts to use the present motion as an end-run around the stay against Jadoo. This action is stayed as to Jadoo as of May 31, 2019, and Dish fails to establish why fees incurred for discovery against JadooTV should be imputed to Mr. Soahil. Indeed, a review of Dish's fee declaration reveals that almost all fees requested by Dish were incurred prior to the automatic bankruptcy stay. Again, Dish attempts to make Sohail alone financially responsible for all of Dish's attorneys' fees incurred both before and after the automatic stay. This is unacceptable, and the Court should deny Dish's motion.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Sohail respectfully requests that the Court deny Dish's Motion for Award of Expenses.

Dated:  September 25, 2019

CHAN PUNZALAN LLP

*/s/ Mark Punzalan*
Mark Punzalan

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

5

DEFENDANT SAJID SOHAIL'S OPPOSITION TO PLAINTIFF DISH NETWORK L.L.C.'S MOTION FOR
AWARD OF EXPENSES INCURRED IN BRINGING MOTION TO COMPEL PRODUCTION OF DOCUMENTS
Case No. 2:18-cv-09768-FMO-KS