Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. et al., <br><br> Defendants. | Case No. 2:18-cv-9768-FMO (KSx) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISH NETWORK L.L.C.'S MOTION FOR AWARD OF EXPENSES INCURRED IN BRINGING MOTION TO COMPEL SAJID SOHAIL'S PRODUCTION OF DOCUMENTS (DKT. 75)** <br><br> Date:  October 30, 2019 <br> Time: 11:00 a.m. <br> Ctrm:  580 <br> Judge: Hon. Karen L. Stevenson |

Plaintiff DISH Network L.L.C. ("DISH") respectfully submits this memorandum of points and authorities in reply to Sajid Sohail's ("Sohail") opposition to DISH's motion for an award of expenses incurred in bringing its motion to compel Sohail's production of documents. (*See* Dkts. 75, 99-1, 113.)

## I. INTRODUCTION

After stubbornly and unjustifiably resisting discovery in this case for the better part of five months, facing and then losing a motion to compel, and ultimately being ordered by this Court to produce documents, Sohail now submits that his stonewalling tactics should be rewarded by not having to pay DISH's expenses in bringing its successful motion. Because the expenses DISH requests are reasonable and Sohail's opposition – much like his argument for resisting discovery in the first place – is without merit, this Court should grant DISH's motion and order him to pay the full amount DISH has requested.

On August 14, 2019, the Court entered an order granting DISH's motion to compel Sohail's production of documents. (Dkt. 96.) Sohail was ordered to produce any non-privileged documents in his personal possession, custody, and control in response to 79 document requests.[1] (*Id.* at 10.) The Court found that Sohail's wholesale refusal to produce documents in response to DISH's properly served discovery requests was unjustified. (*Id.* at 9-10.) Consequently, the Court granted DISH's request for its expenses, including attorneys' fees, incurred in bringing the motion to compel. (*Id.* at 10-11.)

As laid out in its motion for fees, DISH incurred substantial expenses to obtain the order compelling Sohail to produce documents. (Dkt. 99-1.) DISH met and conferred for approximately ten hours, drafted a 16-page meet and confer letter, attended two telephone conferences with the Court, attended a hearing at the courthouse, drafted a request for a pre-motion conference, drafted a joint discovery

---

[1] RFP Nos. 1-3, 6-7, 14-21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 72, 74-81, 83, 85-86, 89-103, 105, and 111-112.

status report, drafted a 75-page motion to compel, and drafted supplemental briefing concerning whether Sohail may be compelled to produce documents following Jadoo TV, Inc.'s ("JadooTV") May 31, 2019, bankruptcy filing. (*See* Dkts. 62, 64, 69, 75, 87.)[2]

DISH's request for expenses is reasonable, not least because Defendants' former counsel filed a claim for $329,175 against JadooTV for legal services rendered during the same time period, and their hourly rates are higher. (*See* Dkt. 99-2 ¶ 27, Ex. 8.) Defendants' current counsel is seeking reimbursement in the JadooTV bankruptcy for $16,275.00 in fees relating to "Pleadings in Motion to Compel Discovery Against Sohail" which were incurred after July 1, 2019, approximately five weeks after the motion to compel was filed and substantial briefing completed. *See* Supplemental Declaration of Stephen M. Ferguson (Supp. Ferguson Decl.) ¶ 8, Ex. 7 (Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the period of July 2, 2019, to October 21, 2019) at 10:2-18. DISH has also already voluntarily reduced the hours recorded by its counsel from 137.2 to 65.2, and the lodestar from $46,016.00 to $20,645.55. (*See Id*. at ¶ 26.)

On October 9, 2019, Sohail filed his opposition to DISH's motion for fees. (Dkt. 113.) In it, Sohail maintains that it would be unjust to hold him responsible for *any* of DISH's attorneys' fees. This despite the fact that a substantial portion of the fees DISH seeks to recoup were expended after May 31, 2019 ($5,161.50, or 25%),[3]

---

[2] DISH's attorneys collectively spent 137.2 hours related to DISH's motion to compel Sohail's production of documents, totaling $46,016.00 in fees. Of this time, a partner spent 80 hours and an associate spent 57.2 hours. After exercising billing judgment (including a 10% discount on all fees), DISH seeks a lodestar award of $20,645.55 (44.9%) in attorney's fees and $1,819.87 in costs relating to DISH's motion to compel Sohail's production of documents. (*See* Dkts. 99-1–99-3.)

[3] May 31, 2019, was the date JadooTV filed bankruptcy and DISH's joint pursuit of JadooTV and Sohail therefore became a pursuit of Sohail individually. Sohail has provided no explanation as to why he should not at least be responsible for DISH's

1  and despite this Court's finding that "in the months prior to JadooTV's bankruptcy,
2  Sohail had no principled basis to refuse to comply with Plaintiff's discovery requests
3  seeking information relevant and proportionate to Plaintiff's claims against Sohail in
4  his individual capacity," a conclusion with which Sohail does not quibble. (*See* Dkts.
5  99-2 ¶ 26, Ex. 7, 96 at 9.)  In fact, as explained further below, Sohail may be properly
6  held responsible for all of DISH's fees reasonably expended in jointly pursuing
7  discovery from Sohail and JadooTV, since those fees are not reasonably
8  apportionable, and Sohail's two arguments in opposition have no merit.

9  First, Sohail's argument that DISH's requested expenses are unreasonable due
10 to their being traceable not to the pursuit of Sohail but rather the pursuit of JadooTV
11 – a company that is essentially Sohail's alter-ego and against which DISH has
12 brought identical claims in this case – has no support in the facts.  The fees DISH
13 requested are reasonable, and Sohail has failed to carry his burden to show that the
14 time DISH expended in pursuing Sohail and JadooTV was "grossly unequal."
15 Second, Sohail's argument that his position was substantially justified, and therefore
16 he should not be responsible for DISH's fees, is easily negated.  This Court has
17 already ruled that Sohail's resistance lacked any legal justification, and that
18 conclusion, to which Sohail failed to properly object, is the "law of the case" and
19 should not be overturned.

## II. ARGUMENT & AUTHORITIES

### A. Sohail has failed to carry his burden to show that the time DISH expended pursuing Sohail and JadooTV was "grossly unequal."

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeprot Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008.)  Under the lodestar method, the Court determines a reasonable fee by

---

post-May 31 fees, except for offering the unsupported conclusion that JadooTV has always been the "real party defendant." (Dkt. 113 at 4:6-7.)

multiplying "the number of hours reasonably expended" by "a reasonable hourly rate." *Hensely v. Echerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in submitted affidavits." *Gates*, 987 F.2d at 1397.

Sohail submits that he should not be personally responsible for the fees DISH expended in jointly pursuing responses to requests for production from him and JadooTV, prior to the latter's bankruptcy filing on May 31, 2019, and then solely from Sohail, thereafter. (Dkt. 113.) As a threshold matter, Sohail maintains that because JadooTV is the "real party defendant" it would be "unacceptable" "to make Sohail alone financially responsible for all of [DISH's] attorneys' fees incurred both before and after the automatic stay." (*Id*. at 4:6, 5:20-22.) Sohail is incorrect. There is nothing improper with holding an individual responsible for his own indefensible conduct, notwithstanding that he was also acting as a corporate agent. *See Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1061 (9th Cir. 2008) ("Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee…within the scope of employment." (quoting Restatement (Third) of Agency § 7.01 (2006))). DISH served identical discovery requests on Sohail and JadooTV, and therefore Sohail may be held individually responsible for his own failure to respond. (Dkt. 99-2 ¶ 17.)

Nor does Sohail's argument about the lack of apportionment of fees between he and JadooTV fare any better, since apportionment is generally not appropriate where, as here, a plaintiff's claims against joint and severally liable co-defendants

are identical.[4] *See DeLew v. Nevada*, No. 2:00-cv-00460-LRL, 2010 WL 11636127, at *5 (D. Nev. Jan. 7, 2010) ("While the Ninth Circuit has ordered the apportionment of attorney's fees in cases involving multiple defendants, it has done so only when a challenging defendant can show that the time expended by plaintiff in pursing each defendant was 'grossly unequal.'" (quoting *Corder v. Gates*, 947 F.2d 374, 383 (9th Cir. 1991))); *accord* Restatement (Second) of Torts § 433B(2) (1971) (stating that the actor who "seeks to limit his liability on the ground that the harm is capable of apportionment among them" has "the burden of proof as to the apportionment.").

Sohail fails to carry his burden to show that the time DISH expended pursuing discovery from Sohail and JadooTV was "grossly unequal," for three reasons.

First, not only are DISH's claims against Sohail and JadooTV in this case identical but DISH's document requests and Defendants' responses and objections were also identical for both JadooTV and Sohail. (Dkt. 99-2 ¶ 17.) It follows, then, that the time DISH devoted to pursing discovery from Sohail and JadooTV – participating in telephonic meet and confers, drafting a meet and confer letter, attending phone conferences with the court, drafting briefs, etc. – was also virtually identical. Not to mention that after JadooTV filed bankruptcy, DISH's efforts were devoted solely to pursuing Sohail.

Moreover, Defendants' counsel admitted they cannot practically separate time entries for Sohail and JadooTV because the claims asserted against Sohail and JadooTV are essentially identical, and therefore they are seeking compensation in the JadooTV bankruptcy case for all services rendered in this case. (Dkt. 99-2 ¶ 17, Ex. 6 ¶ 16.) There is no justification for subjecting DISH's time entries to a different

---

[4] JadooTV reached substantially this very conclusion in a fees-related motion filed in the bankruptcy court. *See* Supp. Ferguson Decl. ¶ 2, Ex. 1 (Mot. of Debtors' Pursuant to 11 U.S.C. §§105(a) and 363(b) for Authority to Advance Legal Fees and Other Defense Costs of Debtors' CEO) at 4:19 ("There is no daylight between the claims against JadooTV and those against Sohail, and DISH makes clear that its allegations against Sohail are for actions Sohail allegedly took and continues to take as an agent of JadooTV, within the scope of such agency.").

5    **DISH'S Reply Memorandum in Support of Motion for Award of Expenses Incurred in Bringing Motion to Compel Sajid Sohail's Production**

standard than Defendants'. Accordingly, under the circumstances, "given the interrelationship and overlap between…" DISH's claims and attempts to jointly pursue discovery from Sohail and JadooTV, any "attempt to precisely balance the amount of responsibility rightfully placed upon either side would seem both a futile and wasteful task[.]" *DeLew*, 2010 WL 11636127 at *5 (citing *Corder*, 947 F.2d at 382). Sohail has adduced no evidence to justify apportionment, choosing to rely instead on the unsupported conclusion that JadooTV was the "real party defendant."

Second, Sohail's references to DISH's time entries, for the proposition that DISH's time was devoted solely to pursuing JadooTV, is a red herring. Out of the roughly 60 time entries DISH submitted in support of its motion for fees, Sohail cherry-picked four, each making reference not to "Sohail" but rather to "Jadoo" or "JadooTV." (Dkt. 113 at 5:4-13.) Sohail claims this proves that DISH's attorneys spent little time actually pursing Sohail. Sohail is mistaken: his point ignores the fact that those terms – "Jadoo" and "JadooTV" – have been used by both Plaintiff and Defendants in this case to refer jointly to Sohail and JadooTV throughout the litigation, and were used so here, in the pre-May 31 time entries.[5] Tellingly, Sohail can point to no time entries where the terms "Jadoo" or "JadooTV" were used post-bankruptcy filing.

Third, it would not be unjust or against public policy to hold Sohail responsible for DISH's fees and expenses, while JadooTV is still in bankruptcy. Sohail has not filed for bankruptcy protection, and the bankruptcy court has expressly blessed this

---

[5] *See* Dkt. 99-3, Ex. 3 (Defs.' Resps. & Objections to DISH's 1st Set of Reqs. for Prod. at 3:18-21 (responding on behalf of "Jadoo Defendants…JadooTV, Inc. and Sajid Sohail, and those within their control."); Supp. Ferguson Decl. ¶ 5, Ex. 4 (DISH's 1st Set of Reqs. for Prod.) at 2:5-9 ("'JadooTV' means Defendant Jadoo TV, Inc. and any of its…owners, officers, directors, employees…including without limitation Sajid Sohail…."), ¶ 6, Ex. 5 (DISH's 2nd Set of Reqs. for Prod.) at 1:19-22 (same definition of "JadooTV"); Dkt. 75-1 (Joint Stipulation Re: DISH's Mot. to Compel Defs.' Prod of Docs.) at 6:1-4 ("Plaintiff DISH Network L.L.C. ("DISH") and Defendants Jadoo TV, Inc. and Sajid Sohail (collectively "JadooTV") submit this L.R. 37-2 joint stipulation re: DISH's motion to compel….").

motion as not implicating the JadooTV automatic stay. (Supp. Ferguson Decl. ¶ 3, Ex. 2 (Order With Respect to Relief From Stay Motion and Motion for Preliminary Injunction) at ¶ 3 ("The informal standstill agreement shall not prevent DISH from proceeding with its motion for an award of expenses incurred in bringing its motion to compel Sohail's production of documents in the Copyright Action.")). Moreover, after JadooTV filed bankruptcy, Sohail took up the mantle and persisted in completely stonewalling DISH's discovery requests. Only after he was ordered to do so by this Court did Sohail finally serve substantive responses to DISH's requests on August 26, 2019, over six months after DISH had served him with the requests. (Supp. Ferguson Decl. ¶ 4, Ex. 3 (Sohail's Supp. Resps. and Objections to DISH's 1st and 2nd Set of Reqs. for Prod).) Simply put, Sohail should not be permitted to "litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (Brennan, J.) (plurality opinion).

### B. Judge Stevenson has already ruled that Sohail's opposition was unjustified and that conclusion should not be set aside.

Sohail's resistance to DISH's requests for production and opposition to DISH's motion to compel was not justified, and therefore DISH is entitled to its reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 641 (9th Cir. 1978). Judge Stevenson reached that conclusion in her order granting DISH's motion to compel and for fees, to which Sohail failed to properly object. (*See* Dkt. 96 at 11.) Thus, that ruling is the "law of the case" and may not be set aside lightly.

A magistrate judge's ruling on a nondispositve matter that is not properly objected to is the "law of the case." *See OOIDA Risk Retention Grp. v. Bordeaux*, No. 3:15-cv-00081-RCJ-VPC, 2017 WL 1704396, at *2 (D. Nev. May 2, 2017) (stating that the district court "will not disturb the Magistrate Judge's discretion to manage the sanctions motion" unless a party files "an appropriate motion under Rule

72(a)…."). Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1, "a party may serve and file objections to a magistrate judge's nondispositive order within 14 days after service of such an order." *Daniel v. City of Glendale*, No. CV14-3864 VAP (AJW), 2015 WL 5448803, at *2 (C.D. Cal. May 7, 2015) (citing *Simpson v. Lear Astronics, Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996)); *see* Fed. R. Civ. P. 72(a); C.D. Cal. L.R. 72-2.1. Judge Stevenson's order was entered on August 14, 2019, and Sohail did not take issue with any of its conclusions until October 9, 2019, in its opposition to DISH's motion for fees. Even then Sohail's untimely opposition was improper because it was not made before the district judge. *See* L.R. 72-2.1 (noting that any party objecting to a magistrate judge's nondispositive order must…"file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection"). Sohail having failed to properly object to it, Judge Stevenson's ruling is the "law of the case" and should not be set aside.

The "law of the case" "should be followed unless there is substantially different evidence…new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981). None of these exceptions applies here. Rather, overturning Judge Stevenson's ruling would serve as an injustice to DISH. Indeed, Sohail's position – that the case against him was likely to be stayed by the district court as a result of "unusual circumstances" – lacked any justification because it was at odds with binding Ninth Circuit precedent explaining that "even if the [district] court were to adopt the 'unusual circumstances' exception, the exception requires the bankruptcy court to extend the automatic stay using its equity jurisdiction…." *Klinkenborg Aerial Spraying and Seeding, Inc. v. Rotorcraft Dev. Corp.*, 690 Fed App'x. 540, 541 (9th Cir. 2017). The cases Sohail cited in his various oppositions did not in fact

support his stated position because they are not cases where the district itself applied the "unusual circumstances" exception to extend the automatic stay.[6]

Defendants failed to seek extension of the automatic stay to Sohail prior to opposing DISH's motion to compel. (Supp. Ferguson Decl. ¶ 7, Ex. 6.) Even after Defendants belatedly sought such protection from the bankruptcy court, Judge Lafferty ordered that DISH may proceed with its motion for an award of expenses against Sohail. (Supp. Ferguson Decl. ¶ 3, Ex. 2 at ¶ 3.)

Accordingly, there is no reason to set aside this Court's prior ruling, and therefore Sohail should be held responsible for DISH's expenses in bringing its successful motion to compel. *See Columbia Pictures Indus. v. Fung*, CV 06-5578-SVW (JCX), 2007 WL 9627610, at *2 (C.D. Cal. July 25, 2007) (awarding attorneys' fees and stating that "[a] party is not substantially justified when the vast bulk of legal authority is against its position." (quoting *Pearce v Club Med Sales, Inc.*, 172 F.R.D. 407, 411 (N.D. Cal. 1997))); Fed. R. Civ. P. 37(a)(5)(A)(ii).

### III.   CONCLUSION

Sohail's arguments in opposition having no merit, DISH respectfully requests a lodestar award of $20,645.55 in attorney's fees and $1,819.87 in costs incurred in bringing its motion to compel Sohail's production of documents.

---

[6] The cases Sohail cited in his oppositions fall into two categories: first are cases where the bankruptcy court extended the automatic stay under its equity jurisdiction, and second are district (or appellate) court cases affirming the bankruptcy court's extension of the automatic stay. *Compare In re Family Health Servs., Inc.*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989), *and In re Circle K Corp.*, 121 B.R. 257, 261 (Bankr. D. Ariz. 1990), *In re Saxby's Coffee Worldwide, LLC*, 440 B.R. 369, 386 (Bankr. E.D. Pa. 2009), *with In Re O'Reilly,* 2014 WL 460767, at *10 (N.D. Cal. Feb. 3, 2014), *and A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), *In re Calpine Corp.*, 365 B.R. 401, 404-405, 410 (S.D.N.Y. 2007).

Dated: October 23, 2019 Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiff DISH Network L.L.C.*