Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. et al., <br><br> Defendants. | Case No. 2:18-cv-9768-FMO (KSx) <br><br> **PLAINTIFF DISH NETWORK L.L.C.'S EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER** <br><br> Honorable Fernando M. Olguin <br><br> [Ferguson Decl. in Support of Ex Parte Application and Proposed Order Filed Concurrently] |

Plaintiff DISH Network L.L.C. ("DISH") submits this ex parte application and respectfully requests that the Court modify the Scheduling Order (Dkt. 50), as amended by the Order Regarding Further Proceedings (Dkt. 101), by continuing the case deadlines because of the ongoing bankruptcy stay as to JadooTV, related informal standstill agreement as to Sohail, and extensive outstanding discovery. DISH has moved to lift the stay as to JadooTV and anticipates it and the informal standstill as to Sohail will be lifted during a hearing with the bankruptcy court on January 8, 2020. Defendants Jadoo TV, Inc. ("JadooTV") and Sajid Sohail ("Sohail") do not oppose the Court resetting the deadline for fact discovery to April 8, 2020, and adjusting the other deadlines accordingly. (Ferguson Decl. ¶ 22.)

The only dispute is the deadline for mediation and DISH's position is set forth in Section III.C, wherein DISH requests that the Court also reset the deadline for mediation to April 8, 2020. (*Id.*)

## I. PROCEDURAL HISTORY

1. The modified Scheduling Order includes the following case deadlines:
    a. Completion of fact discovery: December 9, 2019;
    b. Completion of settlement conference: December 9, 2019;
    c. Initial expert witness disclosures: December 23, 2019;
    d. Rebuttal expert witness disclosures: January 23, 2020;
    e. Completion of expert discovery: February 24, 2019;
    f. Dispositive motions: March 24, 2020;
    g. Memoranda of Contentions of Fact and Law; Witness Lists; Pretrial Exhibit Stipulation; Joint Motions in Limine: May 22, 2020;
    h. Proposed Pretrial Conference Order; Joint Jury Instructions; Disputed Jury Instructions; Joint Proposed Verdict Form; Joint Statement of the Case; Proposed Additional Voir Dire Questions; Reply Memoranda to Motions in Limine: May 29, 2020;

i. Final pretrial conference: June 12, 2020; and

j. Trial: June 30, 2020.

(Dkt. 101 at 1-2.)

2. This is the second request to continue the case deadlines. (Ferguson Decl. ¶ 21.) The Court granted the parties' Stipulation and Joint Motion to Modify the Scheduling Order (Dkt. 100) pursuant to an Order Regarding Further Proceedings entered August 28, 2019 (Dkt. 101). Pursuant to this order, the case deadlines in the Scheduling Order (Dkt. 50) were continued for approximately three months. (Ferguson Decl. ¶ 21; *see* Dkt. 50 at 17-18; Dkt. 101 at 1-2.)

## II. LEGAL STANDARD

3. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment*." Johnson v. Mammoth recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

## III. GOOD CAUSE TO MODIFY SCHEDULING ORDER

### A. Status of JadooTV's Bankruptcy

4. JadooTV filed a Chapter 11 bankruptcy petition on May 31, 2019. (Ferguson Decl. ¶ 1; Dkt. 78.)

5. On August 19, 2019, DISH filed a Motion for Relief from Stay in the bankruptcy court, seeking to lift the automatic stay as to JadooTV. (Ferguson Decl. ¶ 2.)

6. On August 30, 2019, JadooTV filed an adversary proceeding against DISH in the bankruptcy court, including a Motion for Preliminary Injunction and Temporary Restraining Order, seeking to extend the bankruptcy stay to Sohail. (Ferguson Decl. ¶ 3.)

7. On October 8, 2019, the bankruptcy court entered an order with respect to DISH's Relief from Stay Motion and JadooTV's Motion for Preliminary Injunction. Pursuant to this order:

    a. this action is stayed as against JadooTV, other than such discovery as JadooTV agrees to produce or the bankruptcy court orders JadooTV to produce;

    b. DISH agreed to an informal standstill with regard to litigation of the claims against Sohail in this action";

    c. the stay against JadooTV and informal standstill against Sohail are conditioned upon JadooTV filing a plan of reorganization by no later than December 31, 2019; and

    d. a status conference is set with the bankruptcy court on January 8, 2020 to determine whether the stay as to JadooTV and informal standstill with respect to Sohail should be extended or terminated.

(Ferguson Decl. ¶ 4, Ex. 1 at ¶¶ 1-3.)

**B. Status of Discovery**

8. DISH has been diligent in conducting discovery. (Ferguson Decl. ¶¶ 5-15, 17-20.)

9. On August 14, 2019, the Court granted DISH's motion to compel Sohail's production of documents, and awarded DISH $12,046.12 in expenses finding Sohail's failure to produce discovery was unjustified. (Ferguson Decl. ¶ 13; Dkts. 96, 118.) Sohail provided supplemental responses to DISH's requests for production on August 26, 2019, and for each request stated:

> After a reasonable and diligent search of his personal email accounts or other electronically stored databases, home offices or other locations and/or repositories that are separate from facilities owned and/or controlled by JadooTV, Sohail responds that he does not have any non-

privileged documents in his possession, custody, or control that are responsive to this request.

(Ferguson Decl. ¶ 14, Ex. 2.) Sohail did not produce any documents pursuant to the Court's order granting DISH's motion to compel Sohail's production of documents, and Sohail has not produced any documents in this action. (*Id.*)

10. The bankruptcy court is permitting limited discovery to proceed against JadooTV. (Ferguson Decl. ¶ 15.) JadooTV produced its first 10 documents in this action on October 9 and October 10, 2019. (*Id.*) JadooTV produced additional documents on November 8 and November 12, 2019. (*Id.*)

11. DISH cannot reasonably meet the case deadlines due to the automatic stay as to JadooTV, informal standstill agreement as to Sohail, and extensive outstanding document production from JadooTV and non-parties. (Ferguson Decl. ¶ 20.) Defendant Haseeb Shah's ("Shah") motion to dismiss is also under submission. (*Id.*; Dkts. 74, 88.)

### C. The Court Should Continue the Mediation Deadline.

DISH's position has always been that mediation should be scheduled after fact discovery has been completed. (Dkt. 41 at 11:15-18.) On two prior occasions, the Court agreed that the deadlines for the completion of mediation and fact discovery should be the same. (Dkt. 50 at 10, 18-19; Dkt. 101 ¶¶ 2, 4.) Mediation is premature and should be continued because: (1) JadooTV and Sohail have failed to produce necessary documents; (2) JadooTV's pending bankruptcy has stayed this action as to JadooTV; and (3) a necessary Defendant will not be participating.

Mediation is premature because of JadooTV and Sohail's own actions, including: (1) failure to produce any documents requiring DISH to file a motion to compel; (2) JadooTV filing bankruptcy a week after DISH filed its motion to compel; (3) Sohail's failure to produce any documents in response to the Court's order compelling his production; and (4) JadooTV's limited production during the

6

DISH's Ex Parte Application
to Modify Scheduling Order

bankruptcy stay. (Ferguson Decl. ¶¶ 1, 12-15.) DISH does not have sufficient documents to have a meaningful mediation.

Mediation is also premature because of JadooTV's pending bankruptcy. DISH has filed a Motion for Relief from Stay, however the bankruptcy court is temporarily keeping the stay in place apart from some limited document production while JadooTV seeks funding in order to file a proposed Chapter 11 plan. (Ferguson Decl. ¶ 4, Ex. 1.) The bankruptcy Court has set December 31, 2019, as the deadline for JadooTV to file its proposed plan, and has set a status conference on January 8, 2020, to discuss the plan and whether the stay should lift at that time. (*Id.*)

Finally, mediation is premature because neither Defendant Shah, nor his counsel, will be participating, presumably because of Shah's pending motion to dismiss.[1] (*See* Ferguson Decl. ¶ 16, Ex. 3; Dkts. 74, 88.) Shah is a necessary party to mediation because he is the direct copyright infringer and JadooTV and Sohail's agent providing Jadoo users in the United States with access to DISH's Protected Channels and the content that airs on the Protected Channels. (Dkt. 1 ¶¶ 4, 9, 48-50, 52, 63-71; Dkt. 81 at 18:1-21:6.) DISH does not believe mediation will be successful without the participation of Shah.

The Court should continue the mediation deadline to April 8, 2020 – the requested deadline for the completion of fact discovery.

## IV. CONCLUSION

There is good cause to modify the Scheduling Order because of the bankruptcy stay as to JadooTV, the related standstill agreement as to Sohail, and the extensive outstanding discovery. DISH respectfully requests that the Court modify the Scheduling Order to set the following case deadlines:

  a. Completion of fact discovery: April 8, 2020 (three months after the January 8, 2020 bankruptcy court hearing in which DISH anticipates

---

[1] Sohail paid Shah's legal fees to draft and file Shah's motion to dismiss. (Dkt. 74-1 ¶ 39.)

        the stay as to JadooTV and informal standstill agreement as to Sohail will be lifted);

    b. Completion of settlement conference: April 8, 2020;

    c. Initial expert witness disclosures: April 22, 2020;

    d. Rebuttal expert witness disclosures: May 22, 2020;

    e. Completion of expert discovery: June 22, 2020;

    f. Dispositive motions: July 22, 2020;

    g. Memoranda of Contentions of Fact and Law; Witness Lists; Pretrial Exhibit Stipulation; Joint Motions in Limine: September 25, 2020;

    h. Proposed Pretrial Conference Order; Joint Jury Instructions; Disputed Jury Instructions; Joint Proposed Verdict Form; Joint Statement of the Case; Proposed Additional Voir Dire Questions; Reply Memoranda to Motions in Limine: October 2, 2020;

    i. Final pretrial conference: October 16, 2020; and

    j. Trial: November 3, 2020.

The parties' conferred numerous times via email, in person, and by telephone concerning this request to continue the case deadlines. (Ferguson Decl. ¶ 22.) JadooTV and Sohail agree to continue the case deadlines as proposed above, excluding the mediation deadline, which is currently December 9, 2019. (*Id.*)

Pursuant to Local Rule 7-19, the name, address, telephone number, and email address of counsel for the opposing party is:

Mark Punzalan
mark@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Fax: 650.362.4151

1 | Dated: November 13, 2019	Respectfully submitted,

By: */s/ Stephen M. Ferguson*
   Stephen M. Ferguson (*pro hac vice*)
   stephen.ferguson@hnbllc.com
   Timothy M. Frank (California Bar No. 263245)
   timothy.frank@hnbllc.com
   Joseph H. Boyle (*pro hac vice*)
   joe.boyle@hnbllc.com
   HAGAN NOLL & BOYLE LLC
   820 Gessner, Suite 940
   Houston, Texas 77024
   Telephone: (713) 343-0478
   Facsimile: (713) 758-0146

   David A. Van Riper (California Bar No. 128059)
   dave@vanriperlaw.com
   VAN RIPER LAW
   1254 Irvine Blvd., Suite 200
   Tustin, California 92780-3571
   Telephone: (714) 731-1800
   Facsimile: (714) 731-1811

   *Attorneys for Plaintiffs DISH Network L.L.C.*