DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
ALEXANDER B. PARKER (S.B. #264705)
aparker@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
ASHISH SUDHAKARAN (S.B. #312941)
asudhakaran@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
JADOOTV, INC., SAJID SOHAIL,
and HASEEB SHAH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>           Plaintiff,<br><br>     v.<br><br>JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT,<br><br>           Defendants. | Case No. 2:18-cv-09768-FMO-KS<br><br>**DEFENDANT HASEEB SHAH'S NOTICE OF MOTION AND MOTION TO STAY PENDING RESOLUTION OF SHAH'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     February 6, 2020<br>Time:    10:00 a.m.<br>Ctrm:    6D<br>Judge:   Hon. Fernando M. Olguin |

# NOTICE OF MOTION AND MOTION TO STAY

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Fernando M. Olguin, District Judge of the United States District Court for the Central District of California, Defendant Haseeb Shah ("Shah") will, and hereby does, move for a temporary stay of this litigation as to Mr. Shah pending the outcome of his Motion to Dismiss the Complaint filed by Plaintiff DISH Network L.L.C. ("DISH") in its entirety for lack of personal jurisdiction over Mr. Shah and for insufficient service of process.

This motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities; other pleadings, papers and record on file herein; and such oral argument as the Court may permit at the hearing on this Motion. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 30, 2019.

Dated: January 6, 2020

DARIN W. SNYDER
ALEXANDER B. PARKER
BILL TRAC
ASHISH SUDHAKARAN
O'MELVENY & MYERS LLP

By:     */s/ Darin W. Snyder*
            Darin W. Snyder

Attorneys for Defendant
HASEEB SHAH

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The Court should stay this litigation as it pertains to Mr. Shah until after the Court rules on his pending Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5) that was filed on May 24, 2019 ("Motion").  Mr. Shah's Motion convincingly demonstrated that this Court should dismiss Plaintiff's Complaint against Mr. Shah in its entirety because (1) DISH failed to properly serve him with the summons and complaint in this case, and (2) Mr. Shah has no meaningful contacts with California or the United States and the Court thus lacks personal jurisdiction over him.  If granted, Mr. Shah's Motion would end the entire case against him.  It would be manifestly unfair to subject Mr. Shah to the expense and burden of continuing to litigate this case—including by requiring him to respond to the excessive and expensive discovery recently propounded by DISH—until after the Court decides Mr. Shah's Motion to Dismiss.  A stay also favors the public interest and will not prejudice DISH, because DISH can (and has continued to) actively litigate this case against the primary defendants in this case.

## II.    ARGUMENT

This Court has the "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The decision to stay a case is committed to the "sound discretion" of the Court.  *Id.*; *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.")  The Supreme Court has identified four factors for a district court to consider when deciding whether to grant an application for a stay:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in

the proceeding; and (4) where the public interest lies." *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). The first two factors "are the most critical." *Id.* Courts in this District routinely stay discovery during the pendency of dispositive motions. *See, e.g.*, *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015) (staying discovery pending decision on motion to dismiss amended complaint); *United States ex rel Modglin v. DJO Glob. Inc.*, 2014 WL 12564275, at *3 (C.D. Cal. Feb. 20, 2014) (same). Applying the *Nken* factors here, it is appropriate for the Court to stay this litigation as it pertains to Mr. Shah (including any discovery against him) pending resolution of his Motion to Dismiss.

First, Mr. Shah provided compelling evidence in his Motion that he is likely to succeed on the merits. Mr. Shah was never properly served with the summons and complaint in this action, and DISH relies upon a known forgery when it contends otherwise. *See* Dkt. No. 74 at 6-8; Dkt. No. 86 at 1-4. Mr. Shah also demonstrated that he is not subject to personal jurisdiction. Mr. Shah did not purposefully direct any of his activities to either California or the United States, and imposing personal jurisdiction on him would be unreasonable. *See* Dkt. No. 74 at 13-19; Dkt. No. 86 at 4-8. Mr. Shah is a Pakistani network administrator who has lived in Pakistan his entire life and earns a modest salary of U.S. $24,000 a year. Dkt No. 74-1 ¶¶ 2, 35. He has never travelled to or visited California, the United States, or any other location in North or South America. *Id.* He also has never personally served any of the allegedly infringing content at issue in this case. *Id.* ¶¶ 27-31. Finally, forcing Mr. Shah to defend himself in this Court would impose on him extreme financial burdens. *See* Dkt. No. 74 at 15-16; Dkt. No. 86 at 7-8. Mr. Shah's annual salary of U.S. $24,000 means he cannot afford a lawyer or to travel between Pakistan and the United States to continue to defend himself in this action. *See* Dkt. No. 74 at 15-16; Dkt. No. 86 at 7.

1       Second, Mr. Shah would be irreparably injured if he is forced to continue litigating this case until after the Court rules on his Motion to Dismiss. The Motion raises threshold jurisdictional questions, and if granted, the Motion would dispose of the entire case against him. Yet, even while the Motion is pending, DISH has continued its oppressive attempts to force Mr. Shah to submit to this litigation in a country he has never even visited and that is halfway across the world from where he has lived his whole life. Last month, DISH demanded from Mr. Shah responses to excessive and expensive discovery—133 Requests for Admission, 66 Requests for Production, and 16 Interrogatories—far out of proportion to the needs of the case or Mr. Shah's resources. *See* Ex. 1 ("Plaintiff Dish Network L.L.C.'s First Set of Requests for Admission to Defendant Haseeb Shah"); Ex. 2 ("Plaintiff Dish Network L.L.C.'s First Set of Requests for Production to Defendant Haseeb Shah"); Ex. 3 ("Plaintiff Dish Network L.L.C.'s First Set of Interrogatories to Defendant Haseeb Shah"). Absent a stay of the case against Mr. Shah pending resolution of his Motion, Mr. Shah would be irreparably harmed for precisely the same reasons that exercising jurisdiction against him is patently unreasonable—Mr. Shah simply cannot afford to continue to represent himself in a litigation pending in a country to which he has no connections. *See* Dkt. No. 74 at 11-16; Dkt. No. 86 at 7-8. It would likely cost Mr. Shah close to U.S. $30,000—more than an entire year's salary—to have a lawyer draft responses to DISH's excessive written discovery.

      Third, DISH will not be substantially injured by a stay of the case against Mr. Shah. Mr. Shah is not the primary defendant in this case, and DISH can continue to litigate the case against the remaining defendants. Indeed, DISH has continued to do so against the primary defendants—JadooTV, Inc. and its CEO, Sajid Sohail—including by pursuing substantial discovery against them and a number of third parties.

      Finally, the public interest favors a stay of the case against Mr. Shah. As set forth in Mr. Shah's Motion to Dismiss, exercise of personal jurisdiction on him

conflicts with Pakistan's sovereignty. *See* Dkt. No. 74 at 16. Furthermore, California and the United States have little interest in the dispute between DISH and Mr. Shah. *Id.* at 17. Mr. Shah does not conduct business, have customers, or advertise anywhere in the United States. *Id.* Mr. Shah has never even been to the United States. *Id.* Unless and until the Court rules that Mr. Shah has been properly served and is subject to its jurisdiction, the case against him should be stayed.

## III. CONCLUSION

For the foregoing reasons, the Court should stay the case against Mr. Shah pending resolution of his Motion to Dismiss.

Dated: January 6, 2020

DARIN W. SNYDER
ALEXANDER B. PARKER
BILL TRAC
ASHISH SUDHAKARAN
O'MELVENY & MYERS LLP

By: */s/ Darin W. Snyder*
    Darin W. Snyder

Attorneys for Defendant
HASEEB SHAH