Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. et al., <br><br> Defendants. | Case No. 2:18-cv-9768-FMO (KSx) <br><br> **DISH NETWORK L.L.C.'S OPPOSITION TO DEFENDANT HASEEB SHAH'S MOTION TO STAY PENDING RESOLUTION OF SHAH'S MOTION TO DISMISS** <br><br> Date:     February 6, 2020 <br> Time:     10:00 a.m. <br> Ctrm:     6D <br> Judge:    Hon. Fernando M. Olguin |

Plaintiff DISH Network L.L.C. ("DISH") respectfully submits this response in opposition to Defendant Haseeb Shah's ("Shah") motion to stay pending resolution of Shah's motion to dismiss alleging improper service and lack of personal jurisdiction. (Dkt. 124, the "Motion".)

## I.   INTRODUCTION

Defendant Jadoo TV, Inc. ("JadooTV") recently produced its first documents in this case, including documents that contradict Shah's claims that he has no meaningful contacts with California or the United States.[1]  The documents establish that Shah conducts business in the United States as JadooTV's technical contact for contracts with service providers in the United States with a JadooTV email account and California phone number.  The documents also establish that Shah was a JadooTV employee or agent that acted at the direction of JadooTV and its CEO, Sajid Sohail ("Sohail"), for the distribution of live channels and VOD content on the JadooTV service, and as JadooTV's Network Operations Center contact responsible for responding to notices of copyright infringement sent to JadooTV.  JadooTV provided payments directly to Shah, permitted Shah to access and make payments with JadooTV's financial accounts, and Sohail has paid for Shah's legal fees in defending this action.

Shah has not provided initial disclosures and refused to observe a prior order of this Court and the Federal Rules by failing to serve responses or objections to DISH's discovery requests or meet and confer about particular requests in any way, thus granting himself his own discovery stay before this Court has ruled on his Motion.  Shah also failed to carry his high burden of proof to show that a discovery stay pending determination of his Motion to Dismiss is needed, because that motion is properly denied and his alleged financial burden in responding to discovery is far

---

[1] The automatic stay as to Jadoo TV, Inc. created by its bankruptcy filing was lifted by the bankruptcy court as of January 14, 2020.  *In re: JadooTV, Inc.*, No. 19-41283 (WJL), Dkt. 218 (Bankr. N.D. Cal. Jan. 8, 2020).

1   outweighed by the likely prejudice to DISH.  For these reasons, the Court should

2   deny Shah's Motion to stay.

3                               II.      ARGUMENT

4       A.      Shah Failed to Follow the Federal Rules and this Court's Order.

5           The Federal Rules of Civil Procedure do not provide for automatic or blanket

6   stays of discovery when a potentially dispositive motion is pending.  *See Skellerup*

7   *Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (stating that if

8   the Federal Rules contemplated that filing of a motion to dismiss would stay

9   discovery, the Rules would have explicitly so stated).  The objectives of Rule 1 – to

10  ensure a "just, speedy, and inexpensive determination of every action" – are also at

11  odds with the notion of an indefinite discovery stay.  Fed. R. Civ. P. 1.  Echoing these

12  sound principles, this Court announced nearly a year ago in its Order Setting

13  Scheduling Conference:

14          The parties should note that **discovery shall not be stayed** while any
15          motion is pending, including any motion to dismiss and/or motion for
            protective order.  **The parties are directed to conduct any necessary**
16          **discovery as soon as possible, as the court is not inclined to grant**
17          **any extensions of the discovery or other case related deadlines.**
            (Dkt. 33 at 5:10-16 (emphasis in original).)
18

19  In failing to respond to DISH's discovery requests and failing to provide initial

20  disclosures, Shah has heeded neither the Federal Rules nor this Court's Order.

21          On December 2, 2019, DISH served written discovery on Shah. (*See* Dkts.

22  124-1 (DISH's 1st Set of Reqs. for Admis.); 124-2 (DISH's 1st Set of Reqs. for

23  Prod.); 124-3 (DISH's 1st Set of Interrogs.).)  DISH's discovery was tailored to

24  investigate Shah's claim this Court lacked personal jurisdiction over him, which was

25  the subject of Shah's Motion to Dismiss (Dkt. 74); other issues centered on his

26  knowledge of, role in, and potential liability for the infringement of DISH's

27  copyrights, as alleged in DISH's Complaint (Dkt. 1); and resulting damages.

28

**DISH's Opposition to Haseeb**
**Shah's Motion to Stay Discovery**

Shah did not serve objections or responses to DISH's discovery or attempt to cooperate or meet and confer about particular requests in any way, instead choosing to file his Motion to Stay Discovery on January 6, 2019.  By doing so, Shah has effectively stonewalled DISH's attempts to diligently comply with this Court's Order Setting Scheduling Conference, which further jeopardizes DISH's ability to comply with the fact-discovery deadline in place in the Court's current Scheduling Order.  (*See* Dkt. 120.)  Shah's Motion should be denied because his actions have effectively granted himself his own discovery reprieve – even before this Court has the opportunity to rule on his Motion – and therefore have no justification in the Federal Rules or this Court's prior Order.  *See Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled.  Such a phenomenon would reduce a court's orders to useless and senseless formalities.").

**B.      Motions to Stay Discovery are Disfavored and Any Benefit That Might Possibly Result from a Stay in this Case is Far Outweighed by the Prejudice DISH Would Suffer.**

Although courts have broad discretionary power to control discovery,[2] "[o]rdinarily, a dispositive motion does not warrant a stay of discovery."  *Bliss v. Corecivic, Inc.*, No. 2:18-cv-01280-JAD-GWF, 2018 WL 8783789, at *2 (D. Nev. Nov. 21, 2018); *see Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery").  As such, motions to stay discovery are "disfavored." *Deleon v. Time Warner Cable LLC*, No. CV 10-2468 AG (RNBx), 2010 WL 11475234, at *1 (C.D. Cal. Aug. 2, 2010); *see Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("Indeed, district courts look unfavorably upon such blanket stays of discovery.").

---

[2] *See, e.g., Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988).

"A stay is not a matter of right, even if irreparable injury might otherwise result…. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The party seeking the stay of discovery "carries a heavy burden of making a 'strong showing'" that its alleged injury in complying with discovery outweighs the prejudice suffered by the party denied discovery. *Skellerup*, 163 F.R.D at 600 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). In determining whether the party seeking to avoid discovery has satisfied this high burden, district courts should consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Mireskandari v. Daily Mail and Gen. Tr. PLC*, CV12-02943MMM (FFMx), 2013 WL 12129944, at *1–2 (C.D. Cal. Jan. 14, 2013). Shah fails to carry his burden on all factors.

### 1. Shah's Motion to Dismiss for Insufficient Process and Lack of Personal Jurisdiction is Properly Denied.

Shah's Motion incorrectly claims that "Courts in this District routinely stay discovery during the pendency of dispositive motions." (Dkt. 124 at 2:4-5.) Shah's claim is contradicted by this Court's own Order Setting Scheduling Conference, and a deeper dive into the two cases Shah cites in support of this misguided proposition. The first is an antitrust case for which the Ninth Circuit has "recognized that staying discovery until the pleadings are settled" may be "particularly appropriate" due to "significant costs of discovery." *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *2 (C.D. Cal. Sept. 17, 2015.) The second is a False Claims Act case governed by the strict pleading standard for fraud under Rule 9(b) where the court found the purpose of "the FCA is furthered by granting a stay until the court has determined

whether plaintiffs have stated a fraud claim." *United States ex rel. Modglin v. DJO Global Inc. DJO Global* was a 2014 WL 12564275, at *2-3 (C.D. Cal. Feb. 20, 2014).

The present case is neither an antitrust case nor subject to a heightened pleading standard. Moreover, no party has questioned the sufficiency of DISH's pleadings. Accordingly, because there is no special need to protect Shah from discovery until the pleadings are settled, to be entitled to a stay of discovery it remains his burden under the first factor to make a "clear and convincing showing" that he "will prevail on the merits of [his] dispositive motion." *Seven Springs Ltd. P'Ship v. Fox Capital Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 WL 1146607, at *2 (E.D. Cal. April 18, 2007); *see Kor Media Grp. LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) ("Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort.") (emphasis in original). Shah has not done so.

First, there is no merit to Shah's contention that DISH has relied upon a known forgery for its affidavit of service. After evading service for months, Shah was personally served and on at least four occasions the Complaint and summons were delivered to Shah. (*See* Dkt. 81 at 11:23-12:20.) Two attorneys in Pakistan personally served Shah and a sworn affidavit was filed attesting thereto. (*Id.* at 11:23-12:6.) DISH also attempted to have Shah served through counsel on three occasions and was rebuffed each time. (*Id.* at 12:21-13:6.) These evasive tactics show the enormous lengths Shah is prepared to go to continue to perpetuate the fiction that he has not been properly served. The Court is required to resolve all factual disputes regarding service in DISH's favor. (*See id.* at 11:7-12.) As such, Shah's motion to dismiss for insufficient service of process is properly denied.

Second, as for Shah's claim that this Court lacks personal jurisdiction, DISH need only make a "prima facie" showing of jurisdiction to be entitled to a denial and a mere "colorable showing" to be entitled to proceed with discovery. (*Id* at 25:6-8, 33:19-21.) The evidence presented in DISH's Opposition to Shah's Motion to

DISH's Opposition to Haseeb
Shah's Motion to Stay Discovery

Dismiss thoroughly establishes that Shah had sufficient contacts with the forum for this Court to assert personal jurisdiction: (1) Shah personally controlled computer servers and services provided by United States based Verizon Digital Media Services Inc., Highwinds Network Group, Inc., and Oracle Corporation that were used to transmit JadooTV's infringing television programming to Jadoo users in the United States; (2) Shah controlled accounts in the United States with cloud-based software repository GitHub, Inc. that hosted files that permitted Jadoo users to add infringing content to their set-top boxes; (3) Shah controlled accounts with United States based YouTube that provided videos showing Jadoo users how to locate and install infringing content onto their Jadoo set-top boxes; and (4) Shah controlled a JadooTV financial account with PayPal in the United States. (*See id*. at 17:18-21:6; 23:9-18.) Moreover, Shah admitted the servers he managed "did store some…content…." (Dkt. 74 at 19:20-22.)

Personal jurisdiction over Shah is established further by JadooTV's recent document production. The documents produced contradict the basis for Shah's claim for protection under the fiduciary shield doctrine – that all the work he performed for JadooTV was "through his employment for IDC Resources" in Pakistan. (Dkt. 74 at 7, 11-12.) The documents show that in July 2018 Sohail directed JadooTV to make a payment of $8,000 to Shah, which allegedly represents a third of his income for that year; and that Shah had a JadooTV email account (haseeb.shah@jadootv.com) and JadooTV phone-number extension. (*See* Declaration of Stephen Ferguson [Ferguson Decl.] ¶¶ 2-3, Exs. 1-2.; Dkt. 124 at 4.)

The documents also contradict Shah's claim that he "never personally served any of the allegedly infringing content at issue in this case." (Dkt. 124 at 4.) Documents show that Shah was designated by JadooTV as a point of contact and therefore likely had control over JadooTV's server account with California based Akamai Technologies, and Shah received emails at his JadooTV email account from Akamai concerning JadooTV's alleged copyright infringement. (Ferguson Decl. at

¶ 4, Ex. 3.)  Sohail also sent emails to Shah's JadooTV email account concerning the transmission on the Jadoo service of Hum and ARY television content.  (*Id*. at ¶ 5, Ex. 4.)  DISH's Complaint alleges that Defendants violated DISH's copyrights by providing Hum and ARY VOD content.  (Dkt. 1 ¶¶ 48-49, 66, 74, 78, 87-89.) Additional emails were sent to Shah's JadooTV email account from JadooTV personnel including Sohail on the topics of "VOD" content, "dramas," "recording[s] concerning the "Channel-specific Archives Service," and "evaluating" a "stream issue."  (Ferguson Decl. ¶¶ 6-8, Exs. 5-7.)

A letter from JadooTV's executive vice president identifies Shah as the individual "who heads our Network Operations Center in regards to streams…." (*Id*. at ¶ 9, Ex. 8.)  And Sohail wrote to his JadooTV employees stating, "You don't need to copy me on all content related emails. Please communicate directly with Awais for VOD and Movies and Haseeb for Live channels."  (*Id* at ¶ 10, Exs. 9; ¶¶ 11-12, Exs. 10-11 (JadooTV's Initial Disclosures and responses to interrogatories identifying Shah as likely to have discoverable information on the subject matter of "[t]he hosting and transmission of TV content accessible on Jadoo4, Jadoo5, and Jadoo5S set-top boxes" and providing "management services for JadooTV's Network Operations Center located in Pakistan.")  This evidence shows that JadooTV and Sohail put Shah in control of content management for the Jadoo service. As such, Shah should have "reasonably anticipate[d] being haled into court" in JadooTV's home state of California.  *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018) (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Finally, even if Shah's motion to dismiss were granted, which it should not be, there is no reason discovery should be stayed against him because this is a multi-defendant case.  In proceeding against JadooTV and Sohail, DISH is entitled to take third-party discovery from Shah, who JadooTV listed as a person likely to have discoverable information.  (Ferguson Decl. ¶¶ 11-12, Exs. 10-11); *see Skellerup*, 163

1  F.R.D. at 601 (denying motion to stay discovery pending defendant's dispositive

2  motion and stating, "even if defendant [] is no longer a party to the case, plaintiff and

3  perhaps [co-]defendant [] are likely to continue to conduct discovery with defendant

4  [] as a non-party."). Accordingly, Shah's motion to stay discovery should be denied.

### 2. Shah's Alleged Discovery Burden is Far Outweighed by the Likely Prejudice DISH Would Suffer if His Motion Were Granted.

7  "[B]efore a stay can be issued, the moving party must meet a heavy burden of

8  making a strong showing why discovery should be denied by showing a particular or

9  specific need for the stay, as opposed to making stereotyped or conclusory

10  statements." *Deleon*, 2010 WL 11475234, at *1 (punctuation omitted). In

11  considering whether a stay is warranted, "courts must balance the harm of staying

12  discovery against the benefits of allowing it to proceed." *Id*. Shah's sole argument

13  is that if he is not dismissed from this case, certain "irreparable harm" to him would

14  result because he "simply cannot afford to represent himself" in this litigation. (Dkt.

15  124 at 5:14-15.)

16  Contrary to Shah's assertions, his burden is minimal or nonexistent. Sohail

17  paid the legal fees for Shah's Motion to Dismiss, Reply in Support of Shah's Motion

18  to Dismiss, and likely this Motion to stay discovery. (*See* Dkt. 74-1, Shah Decl. ¶

19  39.) Sohail and JadooTV are obvious beneficiaries of any defense waged on behalf

20  of Shah, while Shah himself is a Pakistan resident who appears to have no assets in

21  the United States. Indeed, there appears to be little or no benefit for Shah to defend

22  this case, and given his alleged financial resources, it is unlikely that he would do so

23  absent Sohail or JadooTV paying his legal fees.[3] Because there has been no

24  indication that Shah is prepared to participate at all in this case without Sohail's

25  financial backing, his claim about the "burden of continuing to litigate this case" – at

26  least $30,000 according to Shah – is nothing more than pure speculation. (Dkt. 124

27  

28  [3] Shah failed to disclose his assets or agreements with others to pay his legal expenses. (*See* Dkt. 74-1.)

at 3:12.)  And even if Shah was ultimately dismissed, he would still need to provide third-party discovery related to his role in the infringement.

All discovery is to some degree burdensome and the mere fact that compliance with it will place a burden on the party to whom it is directed is simply not a valid reason to stay discovery or to dismiss that party from the case.  *See Kor Media Grp.*, 294 F.R.D. at 583 ("The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery.").  Shah should not be permitted to argue that his speculative burden of complying with discovery will require his certain default as a means of getting himself dismissed from this case.

Nor do Shah's conclusory claims about burden outweigh the potential prejudice that DISH would suffer if discovery were stayed.  Shah played a primary role in the infringement of DISH's copyrights through the Jadoo service.  Discovery concerning Shah's knowledge and activities vis-à-vis JadooTV's infringement, as alleged in DISH's complaint, is therefore of vital importance. According to the current Scheduling Order, fact discovery is set to conclude on February 7, 2020.[4] (Dkt. 120 at 1.)  If discovery from Shah were stayed indefinitely, as Shah proposes, there is a substantial risk that DISH will not be able to secure evidence from Shah. The stay Shah proposes would therefore jeopardize DISH's ability to comply with this Court's directive that the "**parties…conduct any necessary discovery as soon as possible**." (Dkt. 33 ¶ 5:13-14 (emphasis in original).)  Accordingly, Shah's Motion should be denied.

### 3.    An Indefinite Stay Does Not Further the Public Interest.

The fourth factor also supports denial of Shah's motion.  Shah has attempted to justify his preference for discovery to proceed without him on the basis that the exercise of jurisdiction over him would "conflict with Pakistan's sovereignty," and

---

[4] DISH anticipates filing a stipulation requesting that the Court extend the fact discovery and other case deadlines because of the JadooTV bankruptcy and the automatic stay against JadooTV was recently lifted on January 14, 2020.

therefore is in the "public interest." (Dkt. 124 at 3:27-4:1-6.)  However, Shah played a central role in the alleged infringement and his contacts with the United States and California directly relate to the harm DISH has suffered from the Jadoo service, thus imbuing this Court with a "strong interest" in adjudicating this dispute. *See Mysfyt, Inc. v. Lum*, No. 4:16-cv-03813-KAW, 2016 WL 6962954, at \*6 (N.D. Cal. Nov. 29, 2016).  And Congress – not Pakistan – prescribes the jurisdiction of the federal courts. *See* U.S. Const., Art. I, § 8.

Moreover, the public interest benefits whenever federal courts secure to litigants the "just, speedy, and inexpensive determination of every action…." Fed. R. Civ. P. 1.  Timely disclosure of relevant information is consistent with this goal, while the indefinite stay Shah proposes would likely achieve the opposite result – that of "unnecessary delay" – which is contrary to federal policy. *See Martinez v. Sirius XM Radio, Inc.*, No. SACV 17-00205 AG (KESx), 2017 WL 8223605, at \* 2 (C.D. Cal. Aug. 28, 2017) (concluding that "unnecessary delay stifles the efforts to provide a just, speedy, and inexpensive determination of every action and proceeding") (quoting Fed. R. Civ. P. 1); *Kor Media*, 294 F.R.D. at 581 (stating that "[m]otions to dismiss are a frequent part of federal practice and an overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases") (quotations omitted).

## III. CONCLUSION

For the forgoing reasons, Shah's Motion to Stay Discovery Pending Resolution of his Motion to Dismiss should be denied.

1  Dated: January 16, 2020          Respectfully submitted,

2
                                By: */s/ Stephen M. Ferguson*
3                                     Stephen M. Ferguson (*pro hac vice*)
                                      stephen.ferguson@hnbllc.com
4                                     Timothy M. Frank (California Bar No. 263245)
                                      timothy.frank@hnbllc.com
5
                                      Joseph H. Boyle (*pro hac vice*)
6                                     joe.boyle@hnbllc.com
7                                     HAGAN NOLL & BOYLE LLC
                                      820 Gessner, Suite 940
8                                     Houston, Texas 77024
                                      Telephone: (713) 343-0478
9                                     Facsimile: (713) 758-0146
10

11                                    David A. Van Riper (California Bar No. 128059)
                                      dave@vanriperlaw.com
12                                    VAN RIPER LAW
13                                    1254 Irvine Blvd., Suite 200
                                      Tustin, California 92780-3571
14                                    Telephone: (714) 731-1800
                                      Facsimile: (714) 731-1811
15

16
                                      *Attorneys for Plaintiffs DISH Network L.L.C.*
17

18

19

20

21

22

23

24

25

26

27

28

DISH's Opposition to Haseeb
                                                   Shah's Motion to Stay Discovery