Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

*Additional counsel listed on signature page.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>JADOO TV, INC. et al.,<br><br>Defendants. | Case No. 2:18-cv-9768-FMO (KSx)<br><br>DISCOVERY MATTER<br><br>**L.R. 37-2 JOINT STIPULATION RE: DISH NETWORK L.L.C.'S MOTION TO COMPEL JADOO TV, INC.'S PRODUCTION OF DOCUMENTS**<br><br>Date:  February 26, 2020<br>Time: 10:00 AM<br>Honorable Karen L. Stevenson<br><br>Discovery Cut-Off:  February 7, 2020<br>Pre-Trial Conference:  August 7, 2020<br>Trial Date:  August 25, 2020 |

# **TABLE OF CONTENTS**

I.   INTRODUCTORY STATEMENTS

    A.   Introductory Statements by DISH ......................................................... 1

        1.   DISH's Statement of Issues ..................................................... 1

        2.   DISH's Statement of Facts ...................................................... 1

        3.   Legal Standard ........................................................................ 3

    B.   Introductory Statement by JadooTV ..................................................... 4

II.  DISPUTED REQUESTS FOR PRODUCTION

    A.   Requests Regarding the Use, Design, Structure, and Operation of eMedia ................................................................................................... 6

            Request No. 71 ................................................................................. 6

            Request No. 73 ................................................................................. 7

        1.   DISH's Position ....................................................................... 8

        2.   JadooTV's Position ............................................................... 11

    B.   Requests in which JadooTV Agreed to Produce Documents, but has not Produced or Supplemented its Responses ..................................... 12

            Request No. 1 ................................................................................. 12

            Request No. 2 ................................................................................. 13

            Request No. 3 ................................................................................. 14

            Request No. 6 ................................................................................. 15

            Request No. 7 ................................................................................. 16

            Request No. 14 ............................................................................... 17

            Request No. 15 ............................................................................... 17

            Request No. 16 ............................................................................... 18

            Request No. 17 ............................................................................... 19

            Request No. 18 ............................................................................... 20

            Request No. 19 ............................................................................... 21

            Request No. 20 ............................................................................... 22

Request No. 21 ............................................................................. 23

Request No. 23 ............................................................................. 24

Request No. 24 ............................................................................. 25

Request No. 25 ............................................................................. 26

Request No. 26 ............................................................................. 27

Request No. 27 ............................................................................. 27

Request No. 28 ............................................................................. 28

Request No. 32 ............................................................................. 29

Request No. 34 ............................................................................. 30

Request No. 35 ............................................................................. 30

Request No. 36 ............................................................................. 31

Request No. 37 ............................................................................. 32

Request No. 38 ............................................................................. 33

Request No. 39 ............................................................................. 34

Request No. 40 ............................................................................. 35

Request No. 41 ............................................................................. 35

Request No. 44 ............................................................................. 36

Request No. 45 ............................................................................. 37

Request No. 46 ............................................................................. 38

Request No. 48 ............................................................................. 39

Request No. 50 ............................................................................. 40

Request No. 51 ............................................................................. 41

Request No. 52 ............................................................................. 42

Request No. 53 ............................................................................. 42

Request No. 55 ............................................................................. 43

Request No. 57 ............................................................................. 44

Request No. 58 ............................................................................. 45

Request No. 59 ............................................................................. 46

Request No. 60 .......................................................................... 47

Request No. 61 .......................................................................... 48

Request No. 62 .......................................................................... 49

Request No. 63 .......................................................................... 50

Request No. 64 .......................................................................... 51

Request No. 65 .......................................................................... 52

Request No. 68 .......................................................................... 53

Request No. 69 .......................................................................... 54

Request No. 70 .......................................................................... 55

Request No. 72 .......................................................................... 56

Request No. 74 .......................................................................... 57

Request No. 75 .......................................................................... 58

Request No. 76 .......................................................................... 59

Request No. 77 .......................................................................... 60

Request No. 78 .......................................................................... 61

Request No. 79 .......................................................................... 62

Request No. 80 .......................................................................... 63

Request No. 81 .......................................................................... 64

Request No. 83 .......................................................................... 65

Request No. 85 .......................................................................... 66

Request No. 86 .......................................................................... 66

Requests Regarding JadooTV's Affirmative Defenses (Request Nos. 89-103) ........................................................................... 67

Request No. 105 ........................................................................ 70

Request No. 111 ........................................................................ 71

Request No. 112 ........................................................................ 71

1.    DISH's Position ........................................................................ 72

2.    JadooTV's Position .................................................................... 72

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

C.   JadooTV Should Pay DISH's Attorneys' Fees and Costs ................... 73

    1.   DISH's Position ......................................................... 73

    2.   JadooTV's Position ................................................... 74

III.   CONCLUSION

   A.   DISH's Conclusion ............................................................ 74

   B.   JadooTV's Conclusion ....................................................... 75

Plaintiff DISH Network L.L.C. ("DISH") and Defendant Jadoo TV, Inc. ("JadooTV") submit this L.R. 37-2 Joint Stipulation Re: DISH's Motion to Compel JadooTV's Production of Documents (the "Motion").

## I.   INTRODUCTORY STATEMENTS

### A.   Introductory Statements by DISH

#### 1.   DISH's Statement of Issues

i.   Whether JadooTV should be compelled to produce all non-privileged documents concerning uses of eMedia[1] from January 2014 to present, following its limited production of only 12 documents concerning eMedia.

ii.   Whether JadooTV should be compelled to produce all non-privileged documents concerning the design, structure, or operation of eMedia from January 2014 to present, following its limited production of only 12 documents concerning eMedia.

iii.   Whether JadooTV should be compelled to produce all non-privileged documents that it agreed to produce, and supplement its written responses to identify whether it has produced all documents, any limitations to the production, or that there are not any documents.

iv.   Whether JadooTV should be ordered to pay DISH's attorney's fees and costs related to this Motion.

#### 2.   DISH's Statement of Facts

This Motion follows more than ten hours of telephone conferences between the parties, two pre-motion conferences with the Court, and several hearings and meet

---

[1] JadooTV sold Jadoo branded boxes and apps that included software called eMedia. DISH alleges that the eMedia software was designed by JadooTV to enable its users in the United States to access channels in which DISH holds exclusive rights. Documents concerning eMedia are the most relevant documents in this case.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

and confers pursuant to the direction of the bankruptcy judge presiding over JadooTV's bankruptcy case, wherein JadooTV agreed to produce certain documents in response to DISH's Request for Production of Documents (the "Requests"), failed to produce those documents, and failed to supplement its written responses. DISH's motion to compel was originally filed on May 24, 2019 (Dkt. 75). However, JadooTV filed a Chapter 11 bankruptcy petition on May 31, 2019, staying the motion to compel as to JadooTV. (*See* Dkts. 78, 96 at 1-2.) The Court granted DISH's motion to compel as to JadooTV's CEO, Sajid Sohail ("Sohail), on August 14, 2019. (Dkt. 96.) Sohail failed to produce any documents, claiming all such documents were in the possession, custody, and control of JadooTV. (*See* Dkt. 115-2 at 16-80.) The bankruptcy court lifted the automatic stay as to JadooTV on January 14, 2020. DISH now files this Motion to compel JadooTV to produce the documents sought in DISH's prior motion to compel (Dkt. 75).

Pursuant to the direction of the bankruptcy judge, JadooTV produced 3,015 pages of documents, most of which are irrelevant and non-responsive to any of DISH's Requests. JadooTV only produced 12 documents concerning eMedia, and only 4 of those documents were from the time period prior to DISH's filing of its Complaint on November 20, 2018. JadooTV's document production is noticeably incomplete because it only includes documents from three custodians. JadooTV failed to produce any documents from Defendant Haseeb Shah's ("Shah") JadooTV email account, or any documents from 34 other custodians with JadooTV email accounts. JadooTV also failed to supplement its written responses to identify whether it has produced all documents, any limitations to JadooTV's production, or that there are not any documents in JadooTV's possession, custody, or control.

JadooTV should be ordered to produce all non-privileged documents concerning the use, design, structure, and operation of eMedia. (Requests 71 and 73.) JadooTV should also be ordered to produce all non-privileged documents that it agreed to produce in response to DISH's other Requests. (Requests 1-3, 6-7, 14-

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 72, 74-81, 83, 85-86, 89-103, 105, and 111-112.)   JadooTV should also be ordered to produce all such responsive documents from Defendant Shah's JadooTV email account, the 34 other custodians with JadooTV email accounts, and the three custodians in which JadooTV produced some documents.  JadooTV should also be ordered to provide supplemental written responses stating whether JadooTV has produced all documents, any limitations to JadooTV's production, or that there are not any responsive documents in JadooTV's possession, custody, or control.  JadooTV should further be ordered to pay DISH's attorney's fees and costs related to this Motion.

### 3.    Legal Standard

"A party can discover any nonprivileged information which is relevant to the claims or defenses of any other party."  *In re Dockers Roundtrip Airfare Promotion Sales Practices Litig.*, No. CV 09-2847 CAS (FMOx), 2010 WL 11515318, at *6 (C.D. Cal. Aug. 1, 2010) (Olguin, J.), citing Fed. R. Civ. P. 26(b)(1).  "Relevant information does not have to be admissible so long as it appears calculated to lead to the discovery of admissible evidence."  *Id.*

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  *Id.*  "A request for discovery should be allowed unless it is clear that the information sought can have not possible bearing on the claim or defense of a party."  *Id.*  This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.  *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal citations omitted).  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005); *In re Dockers*, 2010 WL 11515318, at *6.

**B.    Introductory Statements by JadooTV**

DISH originally filed this motion to compel on May 24, 2019, and at that time, JadooTV stated that this motion to compel would be pointless because JadooTV was about to file for bankruptcy, which would stay the case. And this case was indeed stayed due to JadooTV's bankruptcy filing.

On May 31, 2019, JadooTV commenced voluntary cases under Chapter 11 of the Bankruptcy in the United States Bankruptcy Court for the Northern District of California, *In Re JadooTV, Inc*., Case No. 19-41283 ("Bankruptcy Matter"), and Judge William Lafferty presided, and continues to preside, over this Bankruptcy Matter. On May 31, 2019, JadooTV filed a Notice of Suggestion of Bankruptcy in the present case (Dkt. 78), which operated to stay these civil proceedings.

During the pendency of the Bankruptcy Matter, Judge Lafferty worked with DISH and JadooTV to allow limited discovery to take place during the stay. In allowing some discovery, Judge Lafferty stated that the he was helping the parties to find a "middle ground" wherein JadooTV could respond to DISH's requests for production "with less effort than normally is required in discovery, which is a big deal.  Prettytime-intensive and pretty time sinkish (ph.)." At Judge Lafferty's guidance and direction, JadooTV produced 3,015 pages of documents to DISH during the stay, and these documents were produced in the following categories, which were agreed-upon by both DISH and JadooTV:

**1.    eMedia Documents**

JadooTV agreed to produce all eMedia documents in its custody and control from eight custodians proposed by DISH. These custodians were Sajid Sohail, Faisal Abdullah, Ahsan Salahuddin, Omar Abawi, Anwar Farooqi, Mohsin Salahuddin, Arsalan Salahuddin, and, in DISH's words, "a joint customer support email account."

During the stay, JadooTV produced all eMedia documents in its custody and control from the eight custodians.

### 2. **Sales and Financial Documents**

JadooTV agreed to produce the sales and financial documents in its custody and control sought by DISH. JadooTV has produced all such documents in its custody and control.

### 3. **South Asian Super Pac ("SASP") Documents**

JadooTV agreed to produce, and produced, documents regarding SASP, including any documents related to JadooTV's customer service chat logs, recordings, and call notes concerning SASP, Protected Channels, or Protected Channel VOD.

Ultimately, JadooTV was not able to file a plan for reorganization during the Bankruptcy Matter, and both JadooTV and DISH agreed to lift the stay on this case, with an effective lifting of the stay as of January 14, 2020. As such, the stay was lifted in this matter just recently on January 14, 2020. Because the stay was just recently been lifted, DISH's motion to compel is not only premature but unfounded. But in any event, JadooTV has already produced more than 3,000 documents, showing its cooperation with DISH in responding to discovery requests. Now that the stay has been lifted, JadooTV will continue to work with DISH in responding to valid discovery requests. Thus, this motion to compel is extremely premature as JadooTV should be allowed some time to produce discovery not previously agreed to during the Bankruptcy Matter. Moreover, for all the items below indicated by DISH as "Meet and Confer Agreements," these were agreements by JadooTV's previous counsel, not JadooTV's current counsel, and the "agreements" mischaracterize JadooTV's positions.

Moreover, the motion to compel should not be heard until the Court determines whether to transfer this case to the Northern District of California. On January 15, 2020, JadooTV filed a motion to transfer venue to the Northern District of California. Docket No. 127. The basis for this motion to transfer venue is the same basis noted by the Court in an earlier order to show cause questioning why

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

venue is proper in the Central District of California. Docket No. 79.[2] Additionally,
DISH has a case with similar allegations filed against JadooTV in the Northern
District of California, and the gravamen of DISH's allegations in that case are
similar to the case here. For the sake of fairness and judiciary efficiency, this case
should be litigated in the Northern District, where it can then either be related or
consolidated with the Patent case. Thus, JadooTV believes that this motion to
compel should not be filed until the Court decides whether this case is transferred to
the Northern District of California.

 As such, the Court should deny DISH's motion to compel.

## II. DISPUTED REQUESTS FOR PRODUCTION

**A.**  **Requests Regarding the Use, Design, Structure, and Operation of eMedia**

 **Request No. 71:** All documents concerning actual or potential uses of each
iteration of eMedia at any time.

 **Response to Request No. 71:** Jadoo Defendants incorporate by reference
each of the General Objections set forth above. Jadoo Defendants object to the
request on the grounds that it seeks documents beyond the scope of permissible
discovery, not relevant to any party's claims or defenses, and not proportional to the
needs of the case. For example, the request could be read as seeking every document
detailing any functionality of eMedia, regardless of any relevance to the present
litigation. Jadoo Defendants further object to the request as overbroad and unduly
burdensome to the extent that it seeks "[a]ll documents concerning actual or potential
uses of each iteration of eMedia" without any limit as to time period. Jadoo

---

[2] ("Additionally, venue appears proper in this District only as to defendant East West. (See Dkt. 1, Complaint at ¶ 15); Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (Venue under 28 U.S.C. § 1400 is proper "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.") (internal quotation marks omitted). But the bulk of plaintiff's factual allegations concern Jadoo TV, not defendant East West. (Compare Complaint at ¶¶ 21-53 with id. at ¶¶ 57-62); see also A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n. 2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Based on the foregoing, IT IS ORDERED THAT no later than June 20, 2019, plaintiff shall show cause in writing why this action should not be dismissed or transferred for improper venue.")

Defendants further object to the request to the extent it seeks confidential business information, trade secrets or competitively or technically sensitive information. Jadoo Defendants further object to the term "actual or potential uses" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**Request No. 73:** All documents concerning the design, structure, or operation of each iteration of eMedia at any time.

**Response to Request No. 73:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek every document regarding the functionality of eMedia, regardless any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents concerning the design, structure, or operation of each iteration of eMedia" without any limits as to time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets or competitively or technically sensitive information. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the

7

attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows:  Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

## 1.    DISH's Position

DISH's copyright infringement claims directly relate to JadooTV's eMedia software application ("eMedia"), which allows users to access DISH's television channels without authorization ("Protected Channels").[3]  (Dkt. 1 ¶¶ 2-3, 26-29, 31-32, 34-43, 59, 61, 73-85.)  JadooTV is alleged to have designed and operated eMedia for purposes of infringement, and DISH seeks all documents, including JadooTV's communications, concerning the use, design, structure, and operation of eMedia. (*Id.*)  JadooTV's Regional Sales Manager testified that he has not used eMedia for any purpose other than accessing additional channels, additional video on demand ("VOD"), and additional movies.  (Declaration of Stephen M. Ferguson [Ferguson Decl.] ¶ 13; Ex. 12, Farooqi Dep. at 113:8-114:11.)  Providing Jadoo users access to additional channels and VOD that JadooTV does not have rights to provide is the basis of DISH's copyright infringement claims.  (Dkt. 1 ¶ 26  ("an 'eMedia' menu that displays the channel logos of the additional channels in the SASP, including the Protected Channels that JadooTV does not have rights to publicly perform in the United States"); Dkt. 1 ¶¶ 48, 50 (VOD).)  Documents concerning the use, design, structure, and operation of eMedia are the most relevant documents in this case.[4]

---

[3] The term eMedia is used 35 times in DISH's Complaint and concerns about 33 of 93 paragraphs.  (*See* Dkt. 1.)

[4] Twenty-five of DISH's Requests specifically sought documents concerning eMedia. (Ferguson Decl. ¶¶ 4, 6; Exs. 3, 5 (Requests 3, 12, 14-16, 19, 21-22, 32, 35,

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

Without any support, and prior to gathering and producing any documents, JadooTV generally objected that these requests for eMedia documents were overly broad, unduly burdensome, and disproportionate to the needs of the litigation. (Ferguson Decl. ¶¶ 5, 13; Ex. 4 (Resp. to Requests 71, 73; Ex. 12, Farooqi Dep. at 98:21-99:6 (JadooTV instructed its Regional Sales Manager not to testify as to whether he had searched his email for the term eMedia), 104:18-19 (JadooTV had not collected its Regional Sales Manager's emails).)   Based on these general objections, JadooTV limited its production of eMedia documents to 8 custodians.[5] (*Id.* ¶¶ 11, 15; Ex. 10, Dkt. 64; Ex. 14, Bankr. Dkt. 207 at 2:13-23.)  JadooTV then claimed that one of the custodians it had identified, "a joint customer support email account" did not exist, and "[w]ith regard to the other [7] custodians, JadooTV has produced all eMedia documents in its custody and control." (*Id.* ¶ 15, Ex. 14 at 2:13-23.)  However, JadooTV failed to supplement its written responses to these Requests to state the limitations of its production and that all such documents had been produced.  (*Id.* ¶¶ 5, 16; Ex. 16 at 4.)

JadooTV has only produced 12 documents concerning eMedia, excluding DISH's notices of infringement and JadooTV's responses.  (*Id.* ¶ 16; Ex. 16 at 2-3.) And only 4 of those 12 eMedia documents were from the relevant time period prior to DISH's filing of this copyright action on November 20, 2018.  (*Id.*)  More troubling is that JadooTV has only produced documents from three of the eight custodians in

---

37, 41, 46, 66-75, 81, 105).)  JadooTV's written responses to these Requests include general objections and a refusal to produce any documents concerning eMedia.  (*Id.* ¶¶ 5, 7; Exs. 4, 6.)

[5]   The "8 custodians" referenced throughout this Motion include: Sohail, Faisal Abdullah, Ahsan Salahuddin, Omar Abawi, Anwar Farooqi, Mohsin Salahuddin, Arsalan Salahuddin, and a joint customer support email account.  (Ferguson Decl. ¶¶ 11, 15; Ex. 10; Ex. 14 at 2:13-23.)

which JadooTV agreed to produce eMedia documents.[6]  (*Id.* ¶¶ 15-16; Ex. 14 at 2:13-23; Ex. 16 at 2.)  And DISH recently discovered that Defendant Shah has a JadooTV email account, and that there are 34 other custodians with JadooTV email accounts that are likely to have documents responsive to DISH's Requests.[7]  (*Id.* ¶ 16; Ex. 16 at 1-2.)

JadooTV's production of only 12 eMedia documents establishes that all the requested documents concerning the use, design, structure, or operation of eMedia are not overly broad, unduly burdensome, and disproportionate to the needs of the litigation.  Gathering and searching the email pst files of each of these JadooTV custodians for the term eMedia is not an undue burden, especially since JadooTV's eMedia software is at the heart of this case.  Defendants' failure and refusal to produce these documents is unreasonable and deserving of sanctions because District Judge Fernando Olguin has set a fact discovery deadline of February 7, 2019, and directed the parties "**to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines.**"  (Ferguson Decl. ¶¶ 2-3; Ex. 1, Dkt. 50 at 2:15-17 (emphasis in the original); Ex. 2, Dkt. 120 at 1:19-20.)  JadooTV's discovery abuses are making it impossible for DISH to complete fact discovery in this case by the Court's deadline.

---

[6] JadooTV has only produced documents from the email accounts of Sohail, Ahsan Salahuddin, and Omar Abawi.  (*Id.* ¶ 16; Ex. 16 at 2.)

[7] JadooTV has not produced documents from the email accounts of Shah, *nocoperations@jadootv.com*, *support@jadootv.com*, *adnoc@jadootv.com*, Awais Malik, Faisal Aftab, Faisal Abdullah, Sadia Sohail, Sonya Sohail, Rick Bottomley, Samir Sohail, Anwar Farooqi, Mohsin Salahuddin, Arsalan Salahuddin, Pankaj Bhushan, Sheraz Hassan, Fred Missaghi, Umer Amin, Javad Ahmadi, Roya Mahmoodzadeh, Faisal Mehmood, Wasif Hafeez, Nasir Javed, Faizan Hameed, Arif Hussain, Asim Raiz, Adeel Haroon, Asim Raiz, Usama Shafique, Hafiz Fiaz, Ali Raza, Farhan Malik, Jawad Raja, Sumit Ahuja, and Salahud Din.  (Ferguson Decl. ¶ 16; Ex. 16 at 1-2.)

JadooTV's refusal to fulfill its discovery obligations and refusal to gather and produce highly relevant documents concerning the use, design, structure, and operation of eMedia, with no support for its general overbroad and unduly burdensome objections, is improper and is prejudicing DISH's ability to complete fact discovery by the Court's deadline.  *See In re Dockers*, 2010 WL 11515318 at *6 (finding requests relevant and rejecting general overbroad and unduly burdensome objections in which the defendants failed to establish a basis at the time they asserted their objection and defendants failed to submit declarations establishing the nature of the burden); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (Olguin, J.) ("[I]t is well-settled that all grounds for objection must be stated with specificity. . . [m]ost of defendants' objections are too general to merit consideration and are therefore waived.")

JadooTV should be ordered to gather and produce all non-privileged documents concerning the use, design, structure, and operation of eMedia from January 2014 to present, within 7 days of the Court's Order.  (Requests 71 and 73.) This should include JadooTV's production of all such documents from Defendant Shah's JadooTV email account, the 34 other custodians with JadooTV email accounts, and the three custodians in which JadooTV has produced some documents. JadooTV should also be ordered to provide supplemental written responses to these Requests stating any limitations to JadooTV's production and that JadooTV has produced all documents in JadooTV's possession, custody, or control.

## 2.   JadooTV's Position

DISH's motion to compel should be denied without prejudice for the reasons set forth above in JadooTV's introductory section. As explained in the introductory section, JadooTV has already produced more than 3,000 documents for the categories agreed-upon by JadooTV and DISH's counsel. Moreover, as stated in the Motion to Compel, this motion to compel is premature since the stay in this case was lifted less than two weeks ago, and the parties should be allowed to continue

L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents

discovery proceedings in a newly re-opened case before burdening the Court with a motion to compel. Moreover, this motion to compel should not be filed until the Court decides whether it will transfer this case to the Northern District of California where venue is more appropriate.

As stated above, JadooTV has already produced eMedia documents in its custody and control from the eight custodians identified by JadooTV: Sajid Sohail, Faisal Abdullah, Ahsan Salahuddin, Omar Abawi, Anwar Farooqi, Mohsin Salahuddin, Arsalan Salahuddin, and, in DISH's words, "a joint customer support email account." As JadooTV explained to DISH during the Bankruptcy Matter, JadooTV produced all documents from the eMedia category, and if DISH did not see documents in the production from custodians identified by DISH, it is because JadooTV does not have such documents in its custody or control.  Although DISH complains that JadooTV did not produce all documents from the custodians, JadooTV does not have documents in its custody and control from all of the custodians. Specifically, JadooTV does not have any documents in its custody and control from these custodians: Faisal Abdullah, Anwar Farooqi, Mohsin Salahuddin, Arsalan Salahuddin, and is not aware of "a joint customer support email account."

## B.  Requests in which JadooTV Agreed to Produce Documents, but has not Produced or Supplemented its Responses[8]

**1.      Request No. 1:** Documents sufficient to identify all owners of JadooTV and their percentage of ownership.

---

[8] Pursuant to L.R. 37-2.1, DISH's Requests and JadooTV's responses are set forth verbatim.  DISH's Requests, JadooTV's responses, DISH's follow up meet and confer letter and bankruptcy court filings concerning JadooTV's document production, including JadooTV's agreements during telephonic meet and confers are attached to the accompanying Ferguson Declaration as Exhibits 3-7, 13-14. JadooTV did not respond to DISH's follow up meet and confer letter and JadooTV has not served amended responses to DISH's Requests.  (Ferguson Decl. ¶¶ 5, 7-8.)

**Response to Request No. 1:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information about every owner of JadooTV, regardless of any relevance to the present litigation.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 1:**

JadooTV agreed to produce documents sufficient to identify all its owners. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 3; Ex. 13, Bankr. Dkt. 201 at 4:1-6.)

**Request No. 2:**  Documents sufficient to identify all current and former officers and directors of JadooTV.

**Response to Request No. 2:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information about every current and former officer and director of JadooTV, regardless of any relevance to the present litigation.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to
JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 2:**

JadooTV agreed to produce documents sufficient to identify all its officers, and directors.  (Ferguson Decl. ¶ 8; Ex. 7 at 3.)

**Request No. 3:**  Documents sufficient to identify all employees, technical support agents, customer service agents, and contractors of JadooTV that have or had managerial or supervisory responsibilities or duties concerning eMedia, SASP, VOD, or the manufacture, distribution, marketing, sale, customer support, or network design of the Jadoo Box or Jadoo Service.

**Response to Request No. 3:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, the request purports to seek identification of essentially anyone with "managerial or supervisory responsibilities" regarding the Jadoo Box or Jadoo Service. Jadoo Defendants further object to the request because the term "managerial or supervisory responsibilities" is vague and ambiguous.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce (i) non-privileged documents sufficient to identify employees of JadooTV in charge of the creation of the eMedia application and (ii) non-privileged documents sufficient to identify employees of JadooTV in charge of the manufacture and distribution of Jadoo4, Jadoo5, and Jadoo5S set top boxes in the United States that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 3:**

JadooTV agreed to produce documents identifying persons in charge of "distributing, marketing, sale, customer support, or network design of the Jadoo4, Jadoo5, and Jadoo5S set top boxes and Jadoo Service in the United States.  (Ferguson Decl. ¶ 8; Ex. 7 at 3.)  JadooTV also agreed to produce responsive documents from the 8 custodians concerning eMedia.  (*Id.* ¶ 15; Ex. 13 at 3:10-14; Ex. 14, Bankr. Dkt. 207 at 2:13-17.)

**Request No. 6:**  Documents sufficient to identify all monetary payments and any other benefits that JadooTV provided to Haseeb Shah at any time.

**Response to Request No. 6:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information about every payment or benefit ever provided to Mr. Shah, at any time and regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks documents identifying "all monetary payments" and "any other benefits that JadooTV provided to Haseeb Shah" without any limit as to time period. Jadoo Defendants further object to this request as vague and ambiguous with respect to the term "any other benefits." Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 6:**

JadooTV agreed to produce all documents responsive to this request for the period of January 2014 to the present.  (Ferguson Decl. ¶ 8; Ex. 7 at 12.)

**Request No. 7:**  Documents sufficient to identify each email address that Sajid Sohail uses or has used to conduct business.

**Response to Request No. 7:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, the request purports to seek information about every email address Mr. Sohail has ever used to conduct any business whatsoever, at any time and regardless of any relevance to the present litigation.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify each email address that Sajid Sohail has used to conduct business pertaining to distribution of Jadoo4, Jadoo5, and Jadoo5S set top boxes in the United States that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 7:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-6.)

16

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**Request No. 14:**  All documents exchanged with Google, Inc. or YouTube concerning the Protected Channels, eMedia, SASP, copyright infringement, or Haseeb Shah.

**Response to Request No. 14:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek any documents exchanged with Google, Inc. or YouTube regarding eMedia, without any limitation rendering the request relevant to the present litigation.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 14:**

JadooTV agreed to produce all documents responsive to this request concerning the Protected Channels, SASP, copyright infringement, or Haseeb Shah. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 15:**  All documents that JadooTV exchanged with GitHub, Inc. or Dropbox Inc. concerning the Protected Channels, eMedia, SASP, copyright infringement, or Haseeb Shah.

**Response to Request No. 15:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek any documents

exchanged with GitHub, Inc. or Dropbox, Inc. regarding eMedia, without any limitation rendering the request relevant to the present litigation.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 15:**

JadooTV agreed to produce all documents responsive to this request concerning the Protected Channels, SASP, copyright infringement, or Haseeb Shah. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 16:**  All documents that JadooTV exchanged with DailyMotion concerning the Protected Channels, eMedia, SASP, copyright infringement, or Haseeb Shah.

**Response to Request No. 16:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek any documents exchanged with DailyMotion regarding eMedia, without any limitation rendering the request relevant to the present litigation.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 16:**

JadooTV agreed to produce all documents responsive to this request concerning the Protected Channels, SASP, copyright infringement, or Haseeb Shah. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 17:** All documents, including diagrams, charts, maps, and schematics, concerning the process by which JadooTV's Live TV channels are made available on the Jadoo Service or Jadoo Box.

**Response to Request No. 17:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek "all documents" relating to the making available of Live TV channels on the Jadoo Service or Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request because the term "the process" is vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeds documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to describe the overall manner by which JadooTV's Live channels are made available on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 17:**

JadooTV agreed to produce responsive documents describing the overall manner in which JadooTV's Live channels are made available. (Ferguson Decl. ¶ 15, Ex. 13 at 4:1-7.)

**Request No. 18:** All documents, including diagrams, charts, maps, and schematics, concerning the process, at any time, by which SASP is made available on the Jadoo Service or Jadoo Box.

**Response to Request No. 18:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read to require all documents relating in any way to the technical functioning of the way channels are loaded on the Jadoo Service or Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents, including diagrams, charts maps, and schematics, concerning the process" "by which SASP is made available on the Jadoo Service or Jadoo Box" without any limit as to the time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request because the term "the process" is vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning making SASP available on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable

search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 18:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 19:** All documents, including diagrams, charts, maps, and schematics, concerning the process, at any time, by which eMedia files, including SASP, are created for use on the Jadoo Service and Jadoo Box.

**Response to Request No. 19:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read to require all documents relating in any way to the technical functioning of the way eMedia files are created, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents, including diagrams, charts maps, and schematics, concerning the process" "by which eMedia files, including SASP, are created for use on the Jadoo Service and Jadoo Box" without any limit as to the time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request because the term "the process" is vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to describe the overall manner by which eMedia files are created that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 19:**

JadooTV also agreed to produce all responsive documents from the 8 custodians.  (Ferguson Decl. ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 20:**  All documents, including diagrams, charts, maps, and schematics, concerning the process by which SASP is added to the Jadoo Box at any time.

**Response to Request No. 20:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, the request could be read to require all documents relating in any way to the technical functioning of the way channels are loaded to the Jadoo Service or Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents, including diagrams, charts maps, and schematics, concerning the process by which SASP is added to the Jadoo Box" without any limit as to the time period.  Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information.  Jadoo Defendants further object to the request as duplicative of Request No. 18 above.  Jadoo Defendants further object to the request because the term "the process" is vague and ambiguous.  Jadoo Defendants further object to the request to the extent it seeks documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning adding SASP to the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 20:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 21:**  All documents concerning the creation or potential creation, at any time, of XML files for eMedia, including how to use CDNs or encrypt files.

**Response to Request No. 21:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, the request purports to seek all documents about the creation of any XML file for eMedia at any time, regardless of any relevance to the present litigation.  Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents concerning the creation or potential creation" "of XML files for eMedia, including how to use CDNs or encrypt files" without any limit as to the time period.  Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information.  Jadoo Defendants object to the term "including how to use CDNs or encrypt files" as unclear and ambiguous in the context of the request.  Jadoo Defendants further object to the

request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to describe the overall manner in which XML files are created for eMedia that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody, or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 21:**

JadooTV also agreed to produce all responsive documents from the 8 custodians.  (Ferguson Decl. ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 23:**  All documents, including diagrams, charts, maps, and schematics concerning the process by which VOD content is made available on the Jadoo Service or Jadoo Box, including the selection, incorporation, and arrangement of such content.

**Response to Request No. 23:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read to seek all documents concerning the way that VOD content is made available on the Jadoo Service or Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request because the term "the process" is vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product

doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 23:**

JadooTV agreed to produce documents providing a general overview of how VOD content is made available.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 5; Ex. 13 at 4:9-13.)

**Request No. 24:**  Documents sufficient to identify the dates on which each Protected Channel was transmitted or otherwise made available for viewing on the Jadoo Service or Jadoo Box.

**Response to Request No. 24:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Jadoo Defendants further object to the request because the term "transmitted or otherwise made available for viewing" is vague and ambiguous in the context of the request.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify the dates on which each Protected Channel was purportedly transmitted on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and

that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 24:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 25:**  Documents sufficient to identify the dates on which each Protected Channel was transmitted or otherwise made available for viewing on the Jadoo Service or Jadoo Box.

**Response to Request No. 25:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  In [sic] Jadoo Defendants object to the terms "source or location," "acquired," and "transmitted or otherwise made available for viewing" as vague and ambiguous in the context of the request.   Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify the source of each of the Protected Channels purportedly transmitted on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to
JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 25:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 26:**  All documents concerning making the Protected Channels available on the Jadoo Service or Jadoo Box.

**Response to Request No. 26:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents regarding making the Protected Channels available on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 26:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 27:**  All documents, including any agreements or communications, that JadooTV alleges gives JadooTV the rights to transmit or provide access to the Protected Channels.

**Response to Request No. 27:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible

discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents responsive to this request that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 27:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 28:** Documents sufficient to identify each payment that JadooTV made to acquire the rights to transmit or provide access to the Protected Channels.

**Response to Request No. 28:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents responsive to this request that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 28:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 32:**  Documents sufficient to identify each advertisement for eMedia, SASP, or Protected Channel VOD that was made by JadooTV, or for which JadooTV paid, either in whole or in part.

**Response to Request No. 32:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, this request purports to seek documents regarding every single advertisement for eMedia by JadooTV, regardless of any relevance to the present litigation.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify advertisements by JadooTV, or for which JadooTV paid, for SASP or Protected Channels VOD that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 32:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 34:**  All documents concerning communications with JadooTV's customers or resellers concerning the Protected Channels.

**Response to Request No. 34:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents responsive to this request that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 34:**

JadooTV agreed to produce all documents responsive to this request, excluding customer communications.  (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 35:**  All documents concerning communications with JadooTV's customers or resellers concerning eMedia, SASP, or Protected Channel VOD.

**Response to Request No. 35:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, the request purports to seek information about any

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

communications with JadooTV's customers or resellers concerning eMedia, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning communications with JadooTV's customers or resellers concerning SASP or Protected Channel VOD that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 35:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 36:** All documents concerning communications with JadooTV's customers or resellers concerning the addition or removal of channels or programs from the Jadoo Service or Jadoo Box.

**Response to Request No. 36:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek documents concerning any change in channels or programs, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 36:**

JadooTV agreed to produce documents responsive to this request to the extent such documents reference the Protected Channels or Protected Channel VOD. (Ferguson Decl. ¶ 8; Ex. 7 at 13.)

**Request No. 37:** All documents concerning communications with JadooTV's employees or agents concerning eMedia, SASP, or Protected Channel VOD at any time.

**Response to Request No. 37:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information about any communications with JadooTV's employees or agents concerning eMedia, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks all documents "concerning communications with JadooTV's employees or agents concerning eMedia, SASP, or Protected Channel VOD" without any limit as to time period. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning communications with JadooTV's

employees or agents concerning SASP or Protected Channel VOD that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 37:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 38:**  All documents concerning efforts JadooTV made to ensure that the Protected Channels are not transmitted or otherwise accessed using the Jadoo Service or Jadoo Box.

**Response to Request No. 38:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to describe efforts JadooTV made to ensure that the Protected Channels are not transmitted or otherwise accessed on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 38:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 39:**  All documents concerning unfavorable comments, reviews, or criticisms about the Jadoo Service or Jadoo Box.

**Response to Request No. 39:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek all negative commentary about the Jadoo Service or Box, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 39:**

JadooTV agreed to produce documents responsive to this request to the extent such documents reference the Protected Channels or Protected Channel VOD. (Ferguson Decl. ¶ 8; Ex. 7 at 13.)

**Request No. 40:** All documents that reference the Jadoo Service or Jadoo Box, and also reference the Protected Channels.

**Response to Request No. 40:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents that reference Jadoo4, Jadoo5, and Jadoo5S set top boxes and that also reference the Protected Channels that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 40:**

JadooTV agreed to produce all documents responsive to this request, excluding customer communications. (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 41:** All documents that reference the Jadoo Service or Jadoo Box, and also reference eMedia, SASP, or Protected Channel VOD at any time.

**Response to Request No. 41:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek documents that reference the Jadoo Service or Jadoo Box, and also reference eMedia, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as

overbroad and unduly burdensome to the extent that it seeks "[a]ll documents that reference the Jadoo Service or Jadoo Box, and also reference eMedia, SASP, or Protected Channel VOD" without any limit as to time period.  Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information.    Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents that reference Jadoo4, Jadoo5, and Jadoo5S set top boxes and that also reference SASP or Protected Channel VOD that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 41:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 44:**  Documents sufficient to identify each social media account, including Facebook, Twitter, Instagram, and Snapchat, that JadooTV registered or used at any time.

**Response to Request No. 44:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek documents identifying all of JadooTV's social media accounts, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly

burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[d]ocuments sufficient to identify each social media account, including Facebook, Twitter, Instagram, and Snapchat, that JadooTV registered or used" without any limit as to time period.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 44:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶ 8; Ex. 7 at 12.)

**Request No. 45:**  Documents sufficient to identify all posts made to JadooTV's social medial pages, including Facebook, Twitter, Instagram, and Snapchat, concerning the Protected Channels.

**Response to Request No. 45:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents responsive to this request that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 45:**

JadooTV agreed to produce documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 46:** Documents sufficient to identify all posts made to JadooTV's social media pages including Facebook, Twitter, Instagram, and Snapchat, concerning eMedia, SASP, or Protected Channel VOD.

**Response to Request No. 46:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek documents identifying every post made on every one of JadooTV's social media pages concerning eMedia, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify all posts made to JadooTV's social media pages concerning SASP or Protected Channel VOD that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 46:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 48:**   Documents sufficient to identify each purchaser of JadooTV's products or services, the type of product or service purchased, and amount paid.

**Response to Request No. 48:**   Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek the identities of each of JadooTV's customers, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are

relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

### JadooTV's Meet and Confer Agreements for Request No. 48:

JadooTV agreed to identify its high-volume resellers based on monthly sales figures broken down by each type of Jadoo Box.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 50:**  Documents sufficient to identify each type of Jadoo Box that JadooTV acquired or distributed.

**Response to Request No. 50:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information regarding any Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "type" and "acquired or distributed" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 50:**

JadooTV agreed to produce documents responsive to this request for Jadoo Boxes that it actually sold or distributed, exclusive of prototypes that it received. (Ferguson Decl. ¶ 8; Ex. 7 at 15.)

**Request No. 51:**  Documents sufficient to identify the total number of each type of Jadoo Box that JadooTV acquired or distributed.

**Response to Request No. 51:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information regarding any Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "type" and "acquired or distributed" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 51:**

JadooTV agreed to produce documents responsive to this request for Jadoo Boxes that it actually sold or distributed, exclusive of prototypes that it received. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 15; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**Request No. 52:**  Documents sufficient to identify all costs that JadooTV incurred to acquire and distribute each type of Jadoo Box.

**Response to Request No. 52:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek the identification of every individual cost related to acquisition and distribution of any Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "type" and "acquired and distributed" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 52:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 53:**  Documents sufficient to identify each payment that JadooTV received from its sale of each type of Jadoo Box.

**Response to Request No. 53:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the

request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking information about every single payment associated with any Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "each payment" and "type" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

### JadooTV's Meet and Confer Agreements for Request No. 53:

JadooTV agreed to identify its monthly sales figures for all sales of the Jadoo Box broken down by each type of Jadoo Box. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 55:** Documents sufficient to identify each payment that JadooTV made to each source or supplier from which JadooTV acquired each type of Jadoo Box.

**Response to Request No. 55:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking information

about every single individual payment made to one of the sources or suppliers at issue in the request, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "source or supplier," "type," and "acquired" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 55:**

JadooTV agreed to produce documents responsive to this request. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 57:** All documents that JadooTV exchanged with each supplier or source from whom JadooTV acquired each type of Jadoo Box.

**Response to Request No. 57:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek every document exchanged with a "source or supplier" of any Jadoo Box, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms

"source or supplier," "type," and "acquired" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 57:**

JadooTV agreed to produce all documents responsive to this request concerning SASP, Protected Channels, and Protected Channel VOD. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 58:** Documents sufficient to identify each iteration of the JadooTV App and JadooGO App that JadooTV acquired or distributed.

**Response to Request No. 58:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information regarding the JadooTV App and JadooGO App, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically

1  sensitive information. Jadoo Defendants further object to the request to the extent it
2  seeks documents protected from disclosure by the attorney-client privilege, the
3  attorney work product doctrine, the accountant-client privilege, common-interest
4  privilege, or similar privileges or protections.

5      Subject to and without waiving any of their objections, Jadoo Defendants
6  respond as follows: Jadoo Defendants will meet and confer with DISH to address
7  how this Request may be limited and/or clarified to (i) seek documents that are
8  relevant to the claims or defenses in this litigation and proportional to the needs of
9  this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

10     **JadooTV's Meet and Confer Agreements for Request No. 58:**

11     JadooTV agreed to produce responsive documents concerning its development
12  of the JadooTV App and JadooGO App and the identities of persons "in charge"
13  thereof.  (Ferguson Decl. ¶ 8; Ex. 7 at 15.)

14     **Request No. 59:**  Documents sufficient to identify the total number of each
15  iteration of the JadooTV App and JadooGO App that JadooTV acquired or
16  distributed.

17     **Response to Request No. 59:**  Jadoo Defendants incorporate by reference
18  each of the General Objections set forth above. Jadoo Defendants object to the
19  request on the grounds that it seeks documents beyond the scope of permissible
20  discovery, not relevant to any party's claims or defenses, and not proportional to the
21  needs of the case. For example, the request purports to seek information regarding
22  the JadooTV App and JadooGO App, regardless of any relevance to the present
23  litigation. Jadoo Defendants further object to the request to the extent it seeks
24  confidential business information, trade secrets, or competitively or technically
25  sensitive information. Jadoo Defendants further object to the request to the extent it
26  seeks documents protected from disclosure by the attorney-client privilege, the
27  attorney work product doctrine, the accountant-client privilege, common-interest
28  privilege, or similar privileges or protections.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 59:**

JadooTV agreed to produce documents sufficient to identify the total number of each iteration of the JadooTV App and JadooGo App distributed in the United States.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 15; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 60:**  Documents sufficient to identify all costs that JadooTV incurred to acquire and distribute each iteration of the JadooTV App and JadooGO App.

**Response to Request No. 60:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking information about every single one of the costs described in the request, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to this request because the term "acquire and distribute" is vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address

47

how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 60:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 61:**  Documents sufficient to identify each payment that JadooTV received from its sale of each iteration of the JadooTV App and JadooGO App.

**Response to Request No. 61:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking information about each individual instance in which JadooTV received a payment relating to JadooTV App or JadooGO App, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 61:**

JadooTV agreed to identify monthly sales figures for all sales of the JadooTV App and JadooGO App. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 62:** Documents sufficient to identify each source or supplier of each iteration of the JadooTV App and JadooGO App that JadooTV acquired or distributed.

**Response to Request No. 62:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek the identities of every "source or supplier" of every iteration of the JadooTV App and JadooGO App, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "source or supplier" and "acquired or distributed" as ague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 62:**

JadooTV agreed to produce responsive documents concerning its development of the JadooTV App and JadooGO App and the identities of persons "in charge" thereof.  (Ferguson Decl. ¶ 8; Ex. 7 at 15.)

**Request No. 63:**  Documents sufficient to identify each payment that JadooTV made to each source or supplier from which JadooTV acquired each iteration of the JadooTV App or JadooGO App.

**Response to Request No. 63:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking documents relating to each individual payment set forth in the request, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the term "source or supplier" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to
JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 63:**

JadooTV agreed to produce documents responsive to this request. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:20-24; Ex. 14 at 2:24-26.)

**Request No. 64:** All documents concerning actual or potential uses of each iteration of the JadooTV App and JadooGO App.

**Response to Request No. 64:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek every document detailing any functionality of the JadooTV App or JadooGO App, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the term "actual or potential uses" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 64:**

JadooTV agreed to produce all documents responsive to this request concerning SASP, Protected Channels, and Protected Channel VOD.   (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 65:**  All documents, including emails, that JadooTV exchanged with each supplier or source from whom JadooTV acquired each iteration of the JadooTV App and JadooGO App.

**Response to Request No. 65:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking, potentially, a large swath of documents regarding the JadooTV App and JadooGO App, regardless of any relevance to the litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the term "source or supplier" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 65:**

JadooTV agreed to produce responsive documents concerning its development of the JadooTV App and JadooGO App and the identities of persons "in charge" thereof.  (Ferguson Decl. ¶ 8; Ex. 7 at 15.)

**Request No. 68:**  Documents sufficient to identify all costs that JadooTV incurred to acquire and distribute each iteration of eMedia at any time.

**Response to Request No. 68:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking information about each of the individual payments at issue in the request, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[d]ocuments sufficient to identify all costs that JadooTV incurred to acquire and distribute each iteration of eMedia" without any limit as to time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request because the term "acquire and distribute" is vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 68:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 69:**  Documents sufficient to identify each source or supplier of each iteration of eMedia that JadooTV acquired or distributed at any time.

**Response to Request No. 69:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek the identities of each source of eMedia, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[d]ocuments sufficient to identify each source or supplier of each iteration of eMedia that JadooTV acquired or distributed" without any limit as to time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "source or supplier" and "acquired or distributed" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**JadooTV's Meet and Confer Agreements for Request No. 69:**

JadooTV agreed to produce responsive documents concerning its development of eMedia and the identities of persons "in charge" thereof. (Ferguson Decl. ¶ 8; Ex. 7 at 15.) JadooTV also agreed to produce responsive documents from the 8 custodians. (Ferguson Decl. ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 70:** Documents sufficient to identify each payment that JadooTV made to each source or supplier from which JadooTV acquired each iteration of eMedia at any time.

**Response to Request No. 70:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking information about each of the individual payments at issue in the request, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[d]ocuments sufficient to identify each payment that JadooTV made to each source or supplier from which JadooTV acquired each iteration of eMedia" without any limit as to time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the terms "source or supplier" and "acquired" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address

how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 70:**

JadooTV agreed to produce documents responsive to this request.  (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 14; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 72:**  All documents that JadooTV exchanged with each supplier or source from whom JadooTV acquired each iteration of eMedia at any time.

**Response to Request No. 72:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking almost every document relating to the development of eMedia, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents that JadooTV exchanged with each supplier or source from whom JadooTV acquired each iteration of eMedia" without any limit as to time period. Jadoo Defendants further object to the terms "source or supplier" and "acquired" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are

relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 72:**

JadooTV agreed to produce responsive documents concerning its development of eMedia and the identities of persons "in charge" thereof.  (Ferguson Decl. ¶ 8; Ex. 7 at 15.)   JadooTV also agreed to produce all responsive documents from the 8 custodians.  (*Id.* ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 74:**  All documents providing information or instructions about eMedia at any time, including the creation of eMedia files.

**Response to Request No. 74:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request could be read as seeking all documents containing any information about eMedia, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents providing information or instructions about eMedia" "including the creation of eMedia files" without any limit as to time period. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the term "information or instructions about eMedia" as vague and ambiguous in the context of the request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine,

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to
JadooTV's Production of Documents**

the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to describe the overall manner in which eMedia functions that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 74:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP, Protected Channels, and Protected Channel VOD.  (Ferguson Decl. ¶ 8; Ex. 7 at 11.)  JadooTV also agreed to produce all responsive documents from the 8 custodians.  (*Id.* ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 75:**  All documents concerning software or firmware updates to eMedia or SASP at any time.

**Response to Request No. 75:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  For example, the request purports to seek all documents regarding updates to eMedia, regardless of relevance to the present litigation.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants.  Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents concerning software or firmware updates to eMedia or SASP" without any limit as to time period.  Jadoo Defendants further

object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the term "software or firmware updates to . . . SASP" as vague and ambiguous in the context of this request. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents relating to software updates made by JadooTV to eMedia pertaining to making SASP available on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 75:**

JadooTV also agreed to produce all responsive documents from the 8 custodians. (Ferguson Decl. ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**Request No. 76:** All documents concerning SASP at any time.

**Response to Request No. 76:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants. Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents concerning SASP" without

any limit as to time period.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning SASP that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 76:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 77:**  All documents concerning making SASP available on the Jadoo Box or Jadoo Service at any time.

**Response to Request No. 77:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants.  Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents concerning making SASP available on the Jadoo Box or Jadoo Service" without any limit as to time period.  Jadoo Defendants further object to the request as duplicative of Request Nos. 18, 20, and 76 above.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney

work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning making SASP available on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 77:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 78:**  All documents concerning the design, structure, or operation of SASP at any time.

**Response to Request No. 78:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants.  Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents concerning the design, structure, or operation of SASP" without any limit as to time period.  Jadoo Defendants further object to the request as duplicative of Request Nos. 75 and 76 above.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning the design, structure, or operation of SASP that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 78:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 79:**  All documents providing information or instructions about adding SASP or Protected Channel VOD to the Jadoo Service or Jadoo Box at any time.

**Response to Request No. 79:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants.  Jadoo Defendants further object to the request as overbroad and unduly burdensome to the extent that it seeks "[a]ll documents providing information or instructions about adding SASP or Protected Channel VOD to the Jadoo Service or Jadoo Box" without any limit as to time period.  Jadoo Defendants further object to the request as duplicative of Request Nos. 76-78 above.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents providing instructions about adding SASP or Protected Channel VOD to Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 79:**

JadooTV agreed to produce all documents responsive to this request concerning SASP.  (Ferguson Decl. ¶ 15; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 80:**  All documents concerning the provision of information or instructions to customers, potential customers, and resellers about how to add channels to the Jadoo Service or Jadoo Box.

**Response to Request No. 80:**

Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information relating to the addition of any channel to the Jadoo Service or Jadoo Box, regardless of any relevance to the present litigation. In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive than Jadoo Defendants. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney client privilege, the attorney work product doctrine,

the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 80:**

JadooTV agreed to produce all documents responsive to this request concerning SASP, Protected Channels, and Protected Channel VOD. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 81:** All Jadoo customer service chat logs, recordings, and call notes concerning eMedia, Protected Channel VOD, SASP, or the Protected Channels.

**Response to Request No. 81:** Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information regarding contact between JadooTV and its customers regarding eMedia, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to describe customer service logs or communications concerning Protected Channels, Protected Channel VOD, or SASP that are discovered after a reasonable search and diligent inquiry and that are within

the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 81:**

JadooTV also agreed to produce all documents responsive to this request concerning SASP, Protected Channels, and Protected Channel VOD. (Ferguson Decl. ¶¶ 8, 15; Ex. 7 at 11; Ex. 13 at 4:1-9; Ex. 14 at 3:1-4.)

**Request No. 83:** All documents concerning the design, structure, or operation of the VOD feature of the Jadoo Service.

**Response to Request No. 83:**

Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request seeks all documents concerning the VOD feature, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 83:**

JadooTV agreed to produce documents responsive to this request concerning JadooTV's curation of content on VOD. (Ferguson Decl. ¶ 8; Ex. 7 at 13.)

**Request No. 85:**  All documents concerning the supplier or source of Protected Channel VOD on the Jadoo Service.

**Response to Request No. 85:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  In addition, Jadoo Defendants object to the request as duplicative, unduly burdensome, expensive, and oppressive on the ground that it seeks documents currently in DISH's possession, custody or control, or that are obtainable from some other source that is more convenient, less burdensome or less expensive that Jadoo Defendants.  Jadoo defendants further object to the term "supplier or source" as vague and ambiguous as used in the request.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents concerning the source of Protected Channel VOD on the Jadoo4, Jadoo5, and Jadoo5S set top boxes that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 85:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 15; Ex. 13 at 4:9-13.)

**Request No. 86:**  All documents concerning communications between JadooTV and any person about indemnification related to, or payment of attorneys' fees related to, the claims in DISH's complaint.

**Response to Request No. 86:**

Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, communications between Jadoo Defendants' counsel and Jadoo Defendants regarding payment of attorneys' fees is irrelevant (in addition to being privileged). Jadoo Defendants further object to the request to the extent it seeks confidential business information, trade secrets, or competitively or technically sensitive information. Jadoo Defendants further object to the term "the claims in DISH's complaint" as vague and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants respond as follows: Jadoo Defendants will meet and confer with DISH to address how this Request may be limited and/or clarified to (i) seek documents that are relevant to the claims or defenses in this litigation and proportional to the needs of this case; and (ii) avoid placing an undue burden on Jadoo Defendants.

**JadooTV's Meet and Confer Agreements for Request No. 86:**

JadooTV agreed to produce all documents responsive to this request. (Ferguson Decl. ¶ 9.)

**Requests Regarding JadooTV's Affirmative Defenses (Request Nos. 89-103):**

**Request No. 89:** All documents that support your First Affirmative Defense that "Jadoo Defendants have not engaged in any acts that would constitute direct, indirect, or vicarious infringement of any valid claim of copyright, willfully, or otherwise."

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**Request No. 90:**   All documents that support your Second Affirmative Defense that "[t]he Complaint fails to state a cause of action against Jadoo Defendants on which relief may be granted."

**Request No. 91:** All documents that support your Third Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations."

**Request No. 92:** All documents that support your Fourth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel."

**Request No. 93:** All documents that support your Fifth Affirmative Defense that "Plaintiff's claims are barred by the doctrine of unclean hands."

**Request No. 94:** All documents that support your Sixth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks injury in fact and lacks standing under Article III of the U.S. Constitution."

**Request No. 95:**   All documents that support your Seventh Affirmative Defense that "[a]ny losses or damages allegedly caused by Jadoo Defendants and sustained by Plaintiff are *de minimis*, remote, speculative, or transient and not cognizable at law."

**Request No. 96:** All documents that support your Eighth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate any of its alleged damages."

**Request No. 97:** All documents that support your Ninth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because at least certain of the allegedly copyrighted material allegedly accessed is not owned by or registered to Plaintiff."

**Request No. 98:** All documents that support your Tenth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because the alleged

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

copyrighted works fail to comprise copyrightable subject matter, in whole or in part, whether through the doctrine of merger or otherwise."

**Request No. 99:**   All documents that support your Eleventh Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because the copyright registrations are fraudulent, improper, or invalid."

**Request No. 100:**   All documents that support your Twelfth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because Jadoo Defendants licensed, explicitly or implicitly, the alleged copyrighted works."

**Request No. 101:**   All documents that support your Thirteenth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because the activities of Jadoo Defendants are a fair use of the alleged copyrighted works under Section 107 of the Copyright Act."

**Request No. 102:**   All documents that support your Fourteenth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff misused its copyright in violation of antitrust law and public policy."

**Request No. 103:**   All documents that support your Fifteenth Affirmative Defense that "[t]o the extent that Plaintiff's claims of copyright infringement are directed to acts occurring wholly outside the United States, those claims for relief are barred, in whole or in part, by the doctrine of territoriality."

**Response to Request Nos. 89-103:**   Jadoo Defendants incorporate by reference each of the General Objections set forth above.  Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case.  Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents responsive to this request that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control, once a valid protective order has been entered by the Court.

**Request No. 105:**   All version of the software or "patch" designed or developed by JadooTV to block access to Protected Channels in SASP or eMedia VOD.

**Response to Request No. 105:**   Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek production of all versions of the software or "patch" designed or developed by JadooTV, despite the fact that only the final version of the software or "patch" is even arguably relevant. Jadoo Defendants further object to the phrase "Protected Channels in SASP or eMedia VOD" as unclear, vague, and ambiguous. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce a non-privileged, final version of the software or "patch" designed or developed by JadooTV to block access to content added by third parties to the general purpose eMedia external media player once a source code addendum to the Protective Order has been entered by the Court.

**JadooTV's Meet and Confer Agreements for Request No. 105:**

JadooTV also agreed to produce all responsive documents from the 8 custodians.  (Ferguson Decl. ¶ 15; Ex. 13 at 3:10-14; Ex. 14 at 2:13-17.)

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

**Request No. 111:**  Documents sufficient to identify all current and former addresses and phone numbers of Haseeb Shah.

**Response to Request No. 111:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information about every past address and phone number Mr. Shah has ever used, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify the current address and phone number of Haseeb Shah.

**Request No. 112:**  Documents sufficient to identify all email addresses of Haseeb Shah.

**Response to Request No. 112:**  Jadoo Defendants incorporate by reference each of the General Objections set forth above. Jadoo Defendants object to the request on the grounds that it seeks documents beyond the scope of permissible discovery, not relevant to any party's claims or defenses, and not proportional to the needs of the case. For example, the request purports to seek information about every email address Mr. Shah has ever used, regardless of any relevance to the present litigation. Jadoo Defendants further object to the request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant client privilege, common-interest privilege, or similar privileges or protections.

Subject to and without waiving any of their objections, Jadoo Defendants will produce non-privileged documents sufficient to identify each email address that Haseeb Shah has used to conduct business pertaining to distribution of Jadoo4, Jadoo5, and Jadoo5S set top boxes in the United States that are discovered after a reasonable search and diligent inquiry and that are within the permissible scope of discovery, to the extent any exist within their possession, custody or control.

## 1. DISH's Position

JadooTV agreed to produce documents in response to Requests 1-3, 6-7, 14-21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 72, 74-81, 83, 85-86, 89-103, 105, and 111-112, as set forth above. The Court authorized DISH to proceed with a motion to compel including any Requests. (Ferguson Decl. ¶¶ 12, 17; Ex. 11, Dkt. 69 at 1; Ex. 17.) JadooTV should be ordered comply with its agreements concerning these Requests and produce all such documents from Defendant Shah's JadooTV email account, the 34 other custodians with JadooTV email accounts, and the three custodians in which JadooTV produced some documents. (*Id.* ¶ 16; Ex. 16 at 1-2.) DISH also requests that the Court order JadooTV to provide supplemental written responses to these Requests stating whether JadooTV has produced all documents, any limitations to JadooTV's production, or that there are no responsive documents in JadooTV's possession, custody, or control.

## 2. JadooTV's Position

DISH's motion to compel should be denied without prejudice for the reasons set forth above in JadooTV's introductory section. As explained in the introductory section, JadooTV has already produced more than 3,000 documents for the categories agreed-upon by JadooTV and DISH's counsel. Moreover, as stated in the Motion to Compel, this motion to compel is premature since the stay in this case was lifted less than two weeks ago, and the parties should be allowed to conduct discovery proceedings before burdening the Court with a motion to compel. Moreover, this motion to compel should not be filed until the Court decides

L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents

whether it will transfer this case to the Northern District of California where venue is more appropriate.

Moreover, JadooTV disagrees with DISH's characterizations of JadooTV's alleged agreements during the meet and confer process. JadooTV's current counsel was not part of the original meet and confer process described in Mr. Ferguson's declaration and cannot speak to what JadooTV's former counsel agreed to produce before the Bankruptcy Matter.

## C.   JadooTV Should Pay DISH's Attorneys' Fees and Costs

### 1.   DISH's Position

Attorney's fees and costs <u>must</u> be awarded where, in cases such as this, a responding party fails to provide relevant discovery without substantial justification. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Keithley v. Home Store.com, Inc.*, No. C-03-04447 SI (EDL), 2008 WL 3833384, at *18 (N.D. Cal. Aug. 12, 2008) ("An award of expenses incurred in making a successful motion to compel is mandatory absent <u>substantial justification</u> for the opposing party's nondisclosure or objections, or where an award of expenses would be unjust.") (emphasis added); *aPriori Techs., Inc. v. Broquard*, No. CV 16-9561-JAK (KS), 2017 WL 6876191, at *4 (C.D. Cal. Oct. 31, 2017) (Stevenson, J.) ("pursuant to Federal Rule of Civil Procedure 37, when a motion to compel is granted, the Court <u>must</u> after giving an opportunity to be heard, 'require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'") quoting Fed. R. Civ. P. 37(a)(5)(A).

There can be no justification for JadooTV's: (1) reliance on boilerplate objections; (2) failure to gather and produce documents from Defendant Shah's JadooTV email account or the other 34 custodians with JadooTV email accounts, which JadooTV failed to produce any documents; and (3) failure to supplement its written responses.  (*See* Dkt. 96 at 9-10 (Finding that "in the months prior to JadooTV's bankruptcy, Sohail had no principled basis to refuse to comply with

Plaintiff's [same] discovery requests seeking information relevant and proportionate to Plaintiff's claims against Sohail in his individual capacity.").)  The Court should award DISH its fees and costs to compensate it for the unnecessary expenses incurred to secure relevant discovery.  Moreover, such an award will likely deter JadooTV from continuing to abuse the discovery process.

JadooTV's conduct has frustrated the discovery process and unnecessarily increased the costs of this litigation.  Because JadooTV's withholding of documents and failure to supplement it's written responses has not been justified in any respect, DISH requests that the Court award DISH its attorneys' fees and costs relating to this Motion, that are proven up within fourteen days of the Court's Order.  *See* Fed. R. Civ. P. 37(a)(5)(A); *see also, Keithley v. Home Store.com, Inc.*, No. C-03-04447 SI (EDL), 2008 WL 3833384, at *18 (N.D. Cal. Aug. 12, 2008).

### 2.    JadooTV's Position

The Court should deny DISH's request for attorneys' fees. Despite the Bankruptcy Stay, JadooTV has produced more than 3,000 documents under Judge Lafferty's guidance. DISH's motion to compel is not only premature but unfounded since JadooTV has produced the documents agreed-upon by the parties during the stay. In any event, the stay was only recently lifted, and JadooTV has and will continue to cooperate fully with DISH to produce any additional relevant documents in this case.

### III.    CONCLUSION

### A.    DISH'S Conclusion

DISH's Requests 71 and 73 seek all documents concerning the use, design, structure, and operation of eMedia from January 2014 to present.  JadooTV relied on boilerplate objections to improperly limit its production to only 12 eMedia documents from three custodians.  JadooTV's meager production on this critical issue shows that JadooTV's overbroad, unduly burdensome, and disproportionate to the needs of the litigation objections were unfounded, and all documents concerning

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to JadooTV's Production of Documents**

the use, design, structure, and operation of eMedia from January 2014 to present should now be produced.

JadooTV also failed to gather or produce the documents that it agreed to produce in response to Requests 1-3, 6-7, 14-21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 72, 74-81, 83, 85-86, 89-103, 105, and 111-112, or failed to supplement its written responses to the Requests.

DISH requests that the Court order JadooTV to gather and produce all such non-privileged documents responsive to Requests 1-3, 6-7, 14-21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 71-81, 83, 85-86, 89-103, 105, and 111-112 within seven days of the Court's Order.  DISH also requests that the Court order JadooTV to produce all such responsive documents from Defendant Shah's JadooTV email account, the 34 other custodians with JadooTV email accounts, and the three custodians in which JadooTV produced some documents.  DISH also requests that the Court order JadooTV to provide supplemental written responses to these Requests stating whether JadooTV has produced all documents, any limitations to JadooTV's production, or that there are no responsive documents in JadooTV's possession, custody, or control.  DISH further requests that the Court order JadooTV to pay DISH's attorneys' fees and costs related to this Motion.

**B.    JadooTV's Conclusion**

For the reasons set forth above, DISH's motion to compel should be denied without prejudice, and DISH's request for attorneys' fees should be denied.

Dated: January 25, 2020             Respectfully submitted,

By: *Stephen M. Ferguson*
    Stephen M. Ferguson (*pro hac vice*)
    stephen.ferguson@hnbllc.com
    Timothy M. Frank (California Bar No. 263245)
    timothy.frank@hnbllc.com
    Joseph H. Boyle (*pro hac vice*)
    joe.boyle@hnbllc.com
    HAGAN NOLL & BOYLE LLC
    820 Gessner, Suite 940
    Houston, Texas 77024
    Telephone: (713) 343-0478
    Facsimile: (713) 758-0146

    David A. Van Riper (California Bar No. 128059)
    dave@vanriperlaw.com
    VAN RIPER LAW
    1254 Irvine Blvd., Suite 200
    Tustin, California 92780-3571
    Telephone: (714) 731-1800
    Facsimile: (714) 731-1811

    *Attorneys for Plaintiffs DISH Network L.L.C.*

Dated January 24, 2020       By: *Mark Punzalan*
    Mark Punzalan (CA Bar No. 247599)
    Email: mark@chanpunzalan.com
    CHAN PUNZALAN LLP
    2000 Alameda de las Pulgas, Suite 154
    San Mateo, CA 94403
    Telephone: 650.362.4150
    Fax: 650.362.4151

    *Attorneys for Defendant JadooTV, Inc.*

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to Compel JadooTV's Production of Documents**

1

## **ATTESTATION**

2

            Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that the other signatory

3

listed concurs in this filing's content and has authorized the filing.

4

Dated January 25, 2020                    HAGAN NOLL & BOYLE LLC

5

6                                          By:   *Stephen M. Ferguson*
                                                  Stephen M. Ferguson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**L.R. 37-2 Joint Stipulation Re: DISH's Motion to Compel JadooTV's Production of Documents**