Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Nicole Daryanani (CA Bar No. 328068)
Email: nicole@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Fax: 650.362.4151

*Counsel for Defendants*
*Jadoo TV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT, <br><br> Defendants. | Case No. 2:18-cv-09768-FMO-KS <br><br> **DEFENDANT JADOOTV, INC.'S OPPOSITION TO PLAINTIFF DISH NETWORK L.L.C.'s MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> Judge: Hon. Karen L. Stevenson, Magistrate <br> Date: February 26, 2020 <br> Time: 10:00 a.m. <br> Location: Courtroom: 580, 5th Floor |

Defendant JadooTV, Inc. ("JadooTV") submits the following opposition to Plaintiff DISH Network L.L.C.'s ("DISH's") Motion to Compel Production of Documents, Dkt. 132:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

DISH's motion to compel should be denied without prejudice. JadooTV has already produced more than 3,000 documents in categories agreed to by the parties' attorneys. Moreover, as JadooTV has more fully articulated in its sections of the Local Rule 37.2 Joint Stipulation filed with DISH's motion—*see, e.g.*, Dkt. 132-1, page 10—this motion to compel is premature given that the bankruptcy stay was lifted mere weeks ago and the parties have not had sufficient time to meet and confer on the complex discovery issues involved since then. Finally, no motion to compel should be filed until the parties and the Court resolve the issue of whether this case should be transferred to the Northern District of California, where venue is more appropriate. JadooTV urges the Court to deny DISH's motion for these reasons.

## II.  ARGUMENT

DISH originally filed this motion to compel on May 24, 2019. At that time, JadooTV openly stated that this motion to compel would be ineffective because JadooTV was about to file for bankruptcy, which would stay the case. This case was indeed stayed a week later due to JadooTV's bankruptcy filing on May 31, 2019 before Judge William Lafferty in the Northern District of California. On that same date, JadooTV filed a Notice of Suggestion of Bankruptcy in the present case (Dkt. 78), which operated to stay these civil proceedings.

As JadooTV's bankruptcy proceeding progressed, Judge Lafferty worked with DISH and JadooTV to allow limited discovery to take place during the stay. In allowing some discovery, Judge Lafferty stated that the he was helping the parties find a "middle ground" with JadooTV responding to DISH's requests for production "with less effort than normally is required in discovery, which is a big deal. Prettytime-intensive and pretty time sinkish. [sic]"

**A.  JadooTV has produced 3,015 pages of documents at Judge Lafferty's direction.**

During the stay, JadooTV produced thousands of pages of documents in the following categories, which were agreed to by DISH and JadooTV:

**1. eMedia Documents**

JadooTV agreed to produce all eMedia documents in its custody and control from eight custodians proposed by DISH. These custodians were Sajid Sohail, Faisal Abdullah, Ahsan Salahuddin, Omar Abawi, Anwar Farooqi, Mohsin Salahuddin, Arsalan Salahuddin, and, in DISH's words, "a joint customer support email account." During the stay, JadooTV produced all eMedia documents in its custody and control from these eight custodians.

**2. Sales and Financial Documents**

JadooTV agreed to produce the sales and financial documents in its custody and control sought by DISH. JadooTV has now produced all such documents in its custody and control.

**3. South Asian Super Pac ("SASP") Documents**

JadooTV agreed to produce, and has produced, documents regarding the South Asian Super Pac ("SASP"), including any documents related to JadooTV's customer service chat logs, recordings, and call notes concerning SASP, Protected Channels, or Protected Channel VOD.

Ultimately, JadooTV was not able to file a plan for reorganization during the bankruptcy matter, and both JadooTV and DISH agreed to lift the stay on this case, effective January 14, 2020—mere weeks ago. Because the stay was just recently lifted, DISH's motion to compel is not only premature but unfounded. JadooTV has already produced more than 3,000 pages of documents, which shows that it has been cooperating with DISH in good faith. Now that the stay has been lifted, JadooTV will continue to work with DISH in responding to valid discovery requests. This motion to compel is therefore premature as JadooTV should be allowed some time to produce discovery not previously agreed to during the bankruptcy proceeding.

Additionally, the motion to compel should not be heard until the parties and the Court resolve the issue of whether this case should be transferred to the Northern District of California. The Court has previously questioned why venue is proper in the Central District of California, Dkt. 79, and JadooTV intends to refile its motion to transfer venue if meeting and conferring with DISH fails to resolve that issue. DISH has a case with similar allegations filed against JadooTV currently pending in the Northern District of California, the gravamen of which is similar to the case here. For the sake of fairness and judiciary efficiency, this case should be litigated in the

Northern District, where it can then either be related or consolidated with that other case. Thus, JadooTV believes that this motion to compel should not be filed until the parties (or the Court) ultimately decide whether this case is transferred to the Northern District of California.

**B.  DISH's discovery requests do not comply with the Federal Rules.**

JadooTV has laid out the deficiencies with DISH's requests at length in the parties' Local Rule 37.2 Joint Stipulation (Dkt. 132-1) and will only touch on those deficiencies here. To reiterate just a few of the issues raised in that stipulation, DISH's requests:

- seek documents beyond the scope of permissible discovery;
- seek documents not relevant to any party's claims or defenses;
- seek documents not proportional to the needs of the case;
- are overbroad and unduly burdensome because they are not limited to any particular time period;
- seek confidential business information, trade secrets or competitively or technically sensitive information;
- are vague and ambiguous; and
- seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, common-interest privilege, or similar privileges or protections.

JadooTV has also made specific objections to each of DISH's requests which are detailed in the parties' Local Rule 37.2 Joint Stipulation (Dkt. 132-1).

**C.  DISH has not satisfied the Central District's meet-and-confer requirement.**

"Before filing any motion relating to discovery under [Federal Rules] 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." Local Rule 37-1. Failure to comply with this rule is sufficient grounds to deny any motion to compel. *See, e.g.*, *DarbeeVision, Inc. v. C&A Mktg., Inc.*, No. 18-0725, 2019 WL 2902697, at *5 (C.D. Cal. Jan. 28, 2019) ("Plaintiff's failure to comply with the meet and confer requirements of Local Rule 37—which require the moving party to initiate the process by sending a letter to opposing counsel identifying the matters in dispute and

the law supporting the party's position, followed by a conference of counsel—is enough, by itself, to warrant dismissal of the Motion."); *Yagman v. Edmondson*, No. 15-7210, 2016 WL 10651068, at *3 (C.D. Cal. June 6, 2016) ("The Court cannot conclude that Plaintiff engaged in good faith in the meet-and-confer process as required by Local Rule 37-1. [ . . . . ] Accordingly, the Motion is DENIED.") If the Court denies DISH's motion on this basis (or any other), JadooTV requests that it "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." FRCP 37(a)(5)(B).

      DISH has not satisfied this meet-and-confer requirement. The company's attorney spoke with counsel for JadooTV exactly once between when the bankruptcy stay lifted and when it filed its motion. It is unrealistic that any single phone call, even one hypothetically undertaken in good faith, could resolve discovery disputes as complex as DISH presents them to be in its motion. DISH's motion is transparent litigation gamesmanship. Punzalan Decl., ¶ 2. The timing of that single telephone call is also telling: DISH's attorney filed this motion to compel a mere two days afterwards. *Id.* DISH plainly had no intention on resolving these discovery issues and has regrettably burdened the Court with this premature motion instead.

      Moreover, JadooTV's counsel, Chan Punzalan LLP, is new to this case: the firm substituted in on July 9, 2019 (Dkt. 89) and was not involved in discovery proceedings before bankruptcy. The firm has cooperated fully with DISH's attorneys in the months since entering this case, but the transition in counsel has, of course, slowed the meet-and-confer process somewhat. Still, JadooTV has produced everything the company said it would across all agreed-upon categories of production, and JadooTV's attorney has informed DISH of that. It is unclear why DISH now says that JadooTV has failed to produce documents, and DISH has not clarified why it believes this to be the case. While JadooTV will continue to participate in the meet-and-confer process in good faith, DISH appears to be attempting to manufacture a discovery dispute where there is none.

/ /

//

**D. The Court should deny DISH's request for attorneys' fees.**

Despite the bankruptcy stay, JadooTV has produced more than 3,000 documents under Judge Lafferty's guidance. DISH's motion to compel is not only premature but unfounded since JadooTV has produced the documents agreed upon by the parties during the stay. DISH's discovery requests are also overbroad and impose an undue burden on JadooTV as the company struggles to survive coming out of bankruptcy, which undermines Judge Lafferty's direction. In any event, the bankruptcy stay was only recently lifted, and JadooTV has and will continue to cooperate fully with DISH to produce any additional relevant documents in this case.

## III. CONCLUSION

For the reasons outlined above and more thoroughly explored in the parties' Local Rule 37.2 Joint Stipulation (Dkt. 132-1), JadooTV requests that this Court deny DISH's motion and require DISH to pay the "reasonable expenses incurred in opposing [it], including attorney's fees" under Federal Rule 37(a)(5)(B).

Dated: February 6, 2020                     CHAN PUNZALAN LLP

*/s/ Mark Punzalan*
Mark Punzalan

*Counsel for Defendants*
*Jadoo TV, Inc. and Sajid Sohail*