Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Nicole Daryanani (CA Bar No. 328068)
Email: nicole@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Fax: 650.362.4151

*Counsel for Defendants*
*Jadoo TV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br>vs.<br><br>JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT,<br><br>Defendants. | Case No. 2:18-cv-09768-FMO-KS<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA BY DEFENDANTS JADOO TV, INC. AND SAJID SOHAIL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*Declaration of Sajid Sohail and Proposed Order filed concurrently.*<br><br>Date: March 12, 2020<br>Time: 10:00 AM<br>Courtroom: 6D<br>Judge: Honorable Fernando M. Olguin |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 12, 2020 at 10:00 a.m. before the Honorable Judge Fernando M. Olguin, at the United States District Court for the Central District of California, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, Defendants Jadoo TV, Inc. and Sajid Sohail (collectively "JadooTV"), through their counsel of record, will move the Court for an order under 28 U.S.C. § 1404(a) transferring this case to the United States District Court for the Northern District of California ("N.D. Cal."). This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 3, 2020.

## CONCISE STATEMENT OF THE RELIEF SOUGHT

JadooTV respectfully requests that this action be transferred to the United States District Court for the Northern District of California. This Motion is based on this notice and Memorandum of Points and Authorities, the Declaration of Sajid Sohail, the pleadings and papers on file in this action, and such other oral argument and evidence as may be presented at the hearing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

DISH Network L.L.C. ("DISH"), a multibillion dollar television provider headquartered in the suburbs of Denver, Colorado, brought this lawsuit against JadooTV, a streaming service based in Northern California. So why is this case in the Central District of California?

As the Court has already pointed out, that is a very good question.[1] JadooTV maintains no office in the Central District, has no significant connections to this forum, and has been working its way through a bankruptcy proceeding before Judge William Laferty in the Northern District of

---

[1] *See* Dkt. No. 79 ("Additionally, venue appears proper in this District only as to defendant East West. (*See* Dkt. 1, Complaint at ¶ 15); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (Venue under 28 U.S.C. § 1400 is proper "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.") (internal quotation marks omitted). But the bulk of plaintiff's factual allegations concern Jadoo TV, not defendant East West. (*Compare* Complaint at ¶¶ 21-53 with *id.* at ¶¶ 57-62); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Based on the foregoing, IT IS ORDERED THAT no later than June 20, 2019, plaintiff shall show cause in writing why this action should not be dismissed or transferred for improper venue.")

California for the past seven months. This small company could not afford to litigate indefinitely in an arbitrary forum the same way that DISH can. Without the federal transfer statute, 28 U.S.C. § 1404(a), JadooTV's founder Sajid Sohail would likely have to choose between continuing to reorganize the business and meaningfully defending it against the claims DISH has made here.

Additionally, DISH already has a case pending in the Northern District against JadooTV. See Declaration of Sajid Sohail in Support of Motion to Transfer to the Northern District of California ("Sohail Decl."), ¶ 10, Ex. A ("Patent Case"). While the Patent Case case surround patent infringement claims, the gravamen of DISH's allegations are similar to the case here, and DISH admits in that case that venue is proper in the Northern District of California. For the sake of fairness and judiciary efficiency, this case should be transferred to the Northern District, where it can then either be related or consolidated with the Patent case.

Fortunately, that statute empowers district courts to transfer cases in order to correct unfair situations like this one. This Court has the power to send this case to district where it should have been brought in the first place—the Northern District of California—and JadooTV respectfully requests that it do so.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether DISH's claims should be transferred to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a) for the convenience of the parties, the convenience of the witnesses, and in the interests of justice.

## III. ARGUMENT

District judges have considerable power to decide where lawsuits are ultimately heard. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts deciding whether to grant a motion to transfer brought under § 1404(a) apply the language of the statute and make a "case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The Ninth Circuit provided a framework for that analysis in *Jones v. GNC Franchising, Inc.* by listing a series of ten factors that a court "may" consider. Half of the *Jones* factors are

irrelevant here. Those that do apply are, in the words of that case:

- the plaintiff's choice of forum;
- the respective parties' contacts with the forum;
- the contacts relating to the plaintiff's cause of action in the chosen forum;
- the differences in the costs of litigation in the two forums; and
- the ease of access to sources of proof.

*Id.* These five factors and other relevant caselaw construing 28 U.S.C. § 1404(a) make clear that this case belongs in the District Court for the Northern District of California, not in Central District court where DISH strategically chose to file it.

**A. Section 1404(a) exists to prevent plaintiffs from abusing the federal venue rules.**

In adopting 28 U.S.C. § 1404(a), Congress recognized that in some cases—like this one—plaintiffs could attempt to gain an unfair advantage over a defendant by abusing federal jurisdiction and venue rules. If not for Section 1404(a), plaintiffs could always file suit in the most inconvenient, burdensome, and oppressive venue for the defendant, and the defendant would be forced to bear the burden of the unreasonable venue without recourse. Congress decided to forbid this kind of forum shopping and provided district judges with the power to transfer cases to a more convenient forum, even if jurisdiction and venue were proper in the forum initially chosen by the plaintiff. *E.g.*, *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Section 1404(a) is broader than the common law doctrine of forum non-conveniens from which it evolved. For instance, the statute permits transfer of an action rather than the outright dismissal required by its common law counterpart. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). Section 1404(a) has now replaced forum non conveniens in cases where a transfer is sought to another district court and provides the district court with broad discretion to transfer an action in the interests of justice. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979). As is the case under the common law rule, the moving party bears the burden of establishing that a transfer of venue is proper. But "a § 1404(a) transfer is available 'upon a lesser showing of inconvenience' than that required for a forum non conveniens dismissal." *DeFazio v. Hollister Employee Share Ownership Tr.*, 406 F. Supp. 2d 1085, 1088

(E.D. Cal. 2005) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). In short, the purpose of § 1404(a) is to prevent the waste of time, energy, and money that would result from litigating in an inconvenient forum selected by the plaintiff. *See, e.g.*, *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Lung v. Yachts Intern., Ltd.*, 980 F. 27 Supp. 1362 (D. Haw. 1997). The statute is a result of Congress's concern that a party should not be required to answer claims under the specter of a potential trial in an inconvenient forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

The Central District of California is an inconvenient forum for JadooTV and Sajid Sohail. Mr. Sohail lives and works in the San Francisco Bay Area, where he leads the small United States team responsible for JadooTV's operations. Sohail Decl., ¶¶ 2-4. While JadooTV vigorously disputes DISH'S infringement claims DISH has made against it in this lawsuit and intends to do everything in its power to secure their prompt dismissal, the company, which is still in the middle of a bankruptcy proceeding, does not possess the resources to continue to litigate this case in the Central District indefinitely. DISH does not face any similar hardship: for the multibillion dollar company, this is simply one copyright infringement lawsuit among many. Transferring this case to the Northern District would significantly reduce JadooTV's litigation expenses and help ensure that the company is able to meaningfully defend itself. *See* Sohail Decl. ¶ 8.

**B. Courts pay particularly close attention to venue in intellectual property cases.**

Since trademark, copyright, and unfair competition claims often involve allegations of "nationwide" conduct, such cases are particularly susceptible to abusive practices by forum-shopping plaintiffs. Plaintiffs often select a forum based solely on tactical advantage, as opposed to convenience or judicial economy. Fortunately, district courts frequently use § 1404(a) to prevent this type of abuse.

For instance, in *Virgin Air v. Virgin Atlantic Airways*, one airline sued another for unfair competition and trademark infringement. *Virgin Air, Inc. v. Virgin Atlantic Airways, Ltd.*, Case No. 91-8118, 1992 WL 73522 (N.D. Ill. Mar. 30, 1992). There, the plaintiff was a regional airline operating in the Caribbean, while the defendant was an international carrier based in the United Kingdom with its United States headquarters in New York City. Notwithstanding that the defendant did not have any offices operations in Illinois except for a toll-free phone number, the

plaintiff filed suit in Illinois. The court granted the defendant's motion to transfer the case to New York under § 1404(a). *Id.* at *3. Considering the motion, the court noted that:

- the "case's connections to the Northern District of Illinois [we]re no more significant than this case's connections to any number of districts throughout the country[,]" so the plaintiff's choice of forum was entitled to "only minimal deference"; *Id.* at *1;
- New York was a more convenient forum because the defendant's U.S. operations were based there and most of defendant's key witnesses were employees in New York who would be testifying about the defendant's sales and marketing efforts over the years;
- the defendant's only advertising agency was also based in New York, and an officer of that agency was expected to be a witness in the case; *Id.* at *2; and
- "[v]irtually all of defendant's books and records pertaining to and employees knowledgeable of its U.S. operations [we]re located in New York." *Id.* at *3

In light of the "scant contacts that both parties ha[d] with Illinois and the substantial contacts that defendant ha[d] with New York," the court granted the transfer. *Id.* 15

The situation here is similar. DISH ostensibly chose the Central District because one of JadooTV's authorized retailers does business here. Dkt. No. 1, ¶ 15. This is unsurprising, given that JadooTV has authorized retailers in almost every major city across the country. Sohail Decl. ¶ 7. JadooTV's codefendant simply happens to be the unfortunate one targeted by DISH. As the Court readily recognized, "the bulk of [DISH's] factual allegations concern JadooTV, not defendant East West." Dkt. No. 79. DISH's focus on one specific retailer is simply pretext: DISH filed its lawsuit here to gain leverage by forcing JadooTV to litigate away from home and to enjoy the perceived benefits of prosecuting a mass copyright infringement case in the entertainment capital of the world.

Moreover, in DISH's patent case against JadooTV in the Northern District, DISH already admits that venue is proper in the Northern District. See Sohail Decl., Ex. A, ¶ 6 ("Venue is proper in the Northern District of California under at least 28 U.S.C. §§ 1391(a)–(d) and/or 1400(b). Jadoo is incorporated in California. Additionally, the acts and transactions constituting the violations alleged herein, occurred in part in this judicial district and Jadoo transacts business in

this judicial district. Jadoo's principle place of business is 5880 W. Las Positas Blvd., Suite 37, Pleasanton, California, 94588.). This case can readily be related or consolidated with the patent case in the Northern District.

Indeed, JadooTV has "substantial contacts" with the Northern District, not the Central District. Again, Mr. Sohail and his small remaining JadooTV U.S. team are located in the San Francisco Bay Area, as are the witnesses who will appear at trial—including at least six authorized resellers. Sohail Decl. ¶ 9. All of JadooTV's records related to its business are located at its office in the Northern District as well. *Id.* ¶ 5. In one important respect, this case is even more extreme than *Virgin Air*. Unlike the two larger corporations involved there, which could likely afford to continue to litigate even without a transfer, JadooTV may not be able to continue to defend this case if it remains here. *Id.* ¶ 8.

**C. The mandatory elements of § 1404(a) support transfer of this case.**

A court analyzing the propriety of transferring a case under § 1404(a) must first consider whether the action "might have been brought" in another district court. 28 U.S.C. § 1404(a). After that, the court must consider the three overarching elements of the statute: (1) "convenience of [the] parties"; (2) "convenience of [the] witnesses"; and (3) "the interest of justice." *See id.* Here, each of these mandatory elements supports transferring this case to the Northern District.

**1. This action "might have been brought" in N.D. Cal.**

Section 1404(a)'s requirement that a case "might have been brought" in the transferee court simply means that "venue is also proper" there. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). Here, Mr. Sohail and JadooTV both "reside" in the Northern District, so venue would be proper with regard to them under 28 U.S.C. § 1391 and 13 28 U.S.C. § 1400(a). *See* 28 U.S.C. § 1391(c)(2) (corporate defendants deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); § 1391(b)(1). Venue would have been proper in the Northern District even after DISH's arbitrary addition of the two other defendants here. As the location of JadooTV's United States headquarters, the Northern District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.

§ 1391. Any Northern District of California court also has the same subject matter jurisdiction to hear DISH's specific claims as this Court does, so that is no bar to transferring this case there.

**2. N.D. Cal. is a more convenient venue for the parties and witnesses.**

JadooTV founder Sajid Sohail lives and works in Pleasanton, California. Sohail Decl. ¶ 2. The rest of his team lives and works in similar locations around the San Francisco Bay Area. *Id.* ¶ 6. These JadooTV employees will presumably be witnesses in this case. *Id.* ¶ 9. DISH, for its part, is headquartered in Englewood, Colorado, which is over a thousand miles from either the Central District or the Northern District of California. It is not clear whether any DISH employees will appear as witnesses in this case, but if they do, the company has the resources to send them to any court in the country, including to the Northern District. In fact, this is evidenced by the fact that DISH already litigates the patent case and bankruptcy case in the Northern District. Since the convenience of witnesses is one of the main factors in deciding a § 1404(a) motion, this imbalance should weigh heavily in favor of transfer. *See, e.g.*, *Masterpiece Artists Canvas, Inc. v. CNA Mfg. System, Inc.*, Case No. 96-2211, 1996 WL 724788 (N.D. Cal. Dec. 6, 1996) ("most significant factor"; transfer granted to Washington even though that was only factor weighing in favor of a transfer); *Cole v. Desert Media Group, Inc.*, Case No. 93-3740, 1994 WL 184622 (N.D. Cal. Apr. 25, 1994) ("maybe the most important factor"). Indeed, courts have been quick to move cases much greater distances so the defendants have a proper chance to make the appearances necessary to litigate their case. For instance, in *Multistate Legal Studies, Inc. v. Marino*, the court granted a transfer from California to the Southern District of New York because "New York is not so inconvenient a forum for Plaintiff as to justify forcing Defendants to litigate in California, where they neither live, work, or maintain an office." *Multistate Legal Studies, Inc. v. Marino*, Case No. 96-5118, 1996 WL 786124 (C.D. Cal. 26 Nov. 4, 1996). The same power imbalance is present here, and JadooTV requests that the Court use its power to correct it.

**3. Transferring this case does not harm the "interest of justice."**

While the first two mandatory elements of § 1404(a) address only the private concerns of the parties and witnesses, the "interest of justice" element also accounts for "public-interest factors of systemic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). One

7

such factor is the transferor and transferee courts' familiarity with applicable law. *H.B. Sherman Mfg. Co. v. Rain Bird Sales Corp.*, 979 F. Supp. 627, 631 (N.D. Ill. 1997). But every federal district court is presumed to be equally competent at applying federal law, so many district courts have transferred cases involving federal copyright claims like this one. 33. See, e.g., National Gypsum Co. v. Tremco Inc., Case No. 97-2818, 1997 WL 461100 (N.D. 25 Ill. Aug. 8, 1997). DISH does not assert any state law claims against JadooTV, but even if it did, a transfer from one federal court in California to another would not affect those claims.

### D. Discretionary factors also support transfer of this case.

Other factors that the Court "may" consider under 28 U.S.C. § 1404(a) and *Jones* also weigh in favor of the proposed transfer. For one, JadooTV and Mr. Sohail have extensive contacts with the Northern District and virtually none with the Central District. In intellectual property cases like this one, the "[alleged] infringer's place of business is often the critical and controlling consideration." *H.B. Sherman*, 979 F. Supp. at 630. For example, in *H.B. Sherman v. Rain Bird*, the plaintiff sued for trademark infringement and unfair trade practices in the Northern District of Illinois. Both parties sold similar lawn and garden products, but H.B. Sherman was based in Missouri while the defendants were based in Southern California. *Id.* at 631. In opposing the defendants' motion to transfer the case to the Central District of California, the plaintiff argued that the trademark infringement and unfair competition arose where the confusion to customers occurred, which included the State of Illinois. The district court rejected this argument, noting that the material events in the case occurred California because Rain Bird's offices were located there and that was where all decisions were made. The court wrote:

> Intellectual property cases generally focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the infringer's place of business is often the critical and controlling consideration Although the actual injury in a trademark infringement case occurs where the consumer is misled … here, the parties sell their products in similar markets nationwide. The fact that Rain Bird markets its products in the Northern District does not compel the parties to try the case here. Any consumer confusion that occurs in the Northern District presumably also occurs in the Central District of California as well as other locales where the products are sold. Accordingly, I find that this factor weighs in favor of transfer.

*Id.* The question facing this Court is the same here, as DISH has accused JadooTV of various

types of copyright infringement. Dkt. No. 1, ¶¶ 63-93. Any and all of JadooTV's "activities [as] the alleged infringer" in this case occurred in the Northern District, so this "contacts" factor favors transfer. Finally, courts are much more likely to transfer cases to other districts where documents and other physical evidence are more easily available. *E.g.*, *Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 223 (N.D. Ill. 1985) ("the presence of most of the documentary evidence relevant to these cases in the Eastern District of New York favors the transfer of these actions there"). *Virgin Air*, 1992 WL 73522 at *3 (transfer to Southern District of New York when "[v]irtually all of defendant's books and records pertaining to and employees knowledgeable of its U.S. operations are located in New York."). All of JadooTV and Mr. Sohail's documents, computers, and other information is located in the Northern District. Sohail Decl. ¶ 5. Such evidence could more easily be transported to and evaluated in a Northern District court than it could to this Court, so this "ease of access to sources of proof" factor also supports transfer.

## IV.  CONCLUSION

DISH is a multibillion dollar company with the resources and to continue to prosecute this case wherever it may end up. JadooTV is small operation that has neither the funding nor the manpower necessary to meaningfully defend itself if this litigation continues here. Fortunately, 28 U.S.C. § 1404(a) empowers the Court to transfer this action to the district in which it should have been brought in the first place: the Northern District of California, a district where DISH already litigates both a patent and bankruptcy action. Since this lawsuit "might have been brought" there at the outset and such a transfer serves both the convenience of the parties and the interests of justice, JadooTV's motion should be granted.

Dated:  February 11, 2020                                   CHAN PUNZALAN LLP

*/s/ Mark Punzalan*
    Mark Punzalan

*Counsel for Defendants*
*Jadoo TV, Inc. and Sajid Sohail*