Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No. 2:18-cv-9768-FMO (KSx) |
| Plaintiff, | **DISH NETWORK L.L.C.'S OPPOSITION TO DEFENDANTS JADOO TV, INC. AND SAJID SOHAIL'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA** |
| v. | |
| JADOO TV, INC. et al., | Date:    March 12, 2020 |
| Defendants. | Time:    10:00 a.m.<br>Ctrm:    6D<br>Judge:   Hon. Fernando M. Olguin |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ............................................................................................1

II.    ARGUMENT...................................................................................................2

    A.   Venue is Proper in the Central District and Defendants Fail to Establish Proper Venue in the Northern District at the Time the Complaint was Filed ...........2

    B.   The Convenience of Parties and Witnesses and the Interest of Justice Do Not Require Transfer to the Northern District of California................................5

       1.   DISH's Choice of Venue is Entitled to Substantial Weight.......................5

       2.   Defendants' Alleged Inconvenience is Overblown and Not Dispositive....8

       3.   The Convenience of Witnesses Tips Sharply Against Transfer.  .............11

       4.   The Remaining Factors Do Not Support Transfer ...................................13

III.   CONCLUSION .............................................................................................15

**DISH's Opposition to Defendants'
Motion to Transfer Venue**

1

## TABLE OF AUTHORITIES

2

## Cases

3
*Allstar Mktg. Grp. v. Your Store Online, LLC,*

4
      666 F. Supp. 2d 1109 (C.D. Cal. 2009) .........................................................5

5
*Arcona, Inc. v. Farmacy Beauty, LLC,*

6
      2018 WL 1441155 (C.D. Cal. Mar. 22, 2018) .............................................5

7
*Barranco v. 3d Sys. Corp.,*

8
      6 F. Supp. 3d 1068 (D. Haw. 2014) .............................................................6

9
*Brayton Purcell LLP v. Recordon & Recordon,*

10
      606 F.3d 1124 (9th Cir. 2010)......................................................................2

11
*Carranza-Contreras v. Ally Fin. Inc.,*

12
      2019 WL 3766984 (D. Ariz. Aug. 9, 2019) ...............................................15

13
*Cooley v. Indian River Transp. Co.,*

14
      2018 WL 6039841 (C.D. Cal. Apr. 10, 2018) .............................................5

15
*Credit Acceptance Corp. v. Drivetime Auto. Grp.,*

16
      2013 WL 12124382 (C.D. Cal. Aug. 5, 2013) .............................................3

17
*Decker Coal Co. v. Commonwealth Edison Co.,*

18
      805 F.2d 834 (9th Cir. 1986) .......................................................................5

19
*E.E.O.C. v. Lockheed Martin,*

20
      2007 WL 4468658 (D. Haw. Dec. 18, 2007) .............................................14

21
*Effron v. Sun Line Cruises, Inc.,*

22
      67 F.3d 7 (2nd Cir. 1995) .......................................................................... 13

23
*Fernandez v. Obesity Research Inst., LLC,*

24
      2013 WL 4587005 (E.D. Cal. Aug. 28, 2013) .......................................... 13

25
*Florens Container v. Cho Yang Shipping,*

26
      245 F. Supp. 2d 1086 (C.D. Cal. 2002) ..................................................5, 12

27
*Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau,*

28
      2007 WL 1152682 (N.D. Cal. Apr. 18, 2007) .................................... 12, 14

*GNLV, Corp. v. Se. Amusement, Inc.*,

    2014 WL 4064017 (D. Nev. Aug. 15, 2014) ............................................. 15

*Goldberg v. Cameron*,

    482 F. Supp. 2d 1136 (N.D. Cal. 2007) ................................................. 4, 15

*Goldstein v. RadioShack Corp.*,

    2007 WL 1342533 (E.D. Tex. 2007) ........................................................ 13

*H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*,

    979 F. Supp. 627 (N.D. Ill. 1997) ...............................................................8

*Hoffman v. Blaski*,

    363 U.S. 335 (1960) ...................................................................................3

*J. Walderman Autoplex Corp. v. Norton*,

    2009 WL 1230016 (S.D. Ill. May 1, 2009) ............................................. 8-9

*Lona v. Starwood Hotels & Resorts Worldwide, Inc.*,

    583 F.3d 656 (9th Cir. 2009) ......................................................................6

*Nanografix Corp. v. Pollard Banknote Ltd.*,

    2019 WL 2240439 (C.D. Cal. Feb. 28, 2019) ...................................5, 9, 14

*On-Time Staffing, LLC v. Flexible Staffing Sols., Inc.*,

    2007 WL 1234978 (D.N.J. 2007) ............................................................. 13

*Pac. Car & Foundry Co. v. Pence*,

    403 F.2d 949 (9th Cir. 1968) ......................................................................6

*Park v. Dole Fresh Vegetables, Inc.*,

    964 F. Supp. 2d 1088 (N.D. Cal. 2013) ....................................................11

*Piper Aircraft Co. v. Reyno*,

    454 U.S. 235 (1981) ...................................................................................6

*Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.*,

    2006 WL 8441799 (C.D. Cal. Nov. 29, 2006) ......................................... 3-4

*Robert v. Norfolk S. Ry. Co.*,

    2006 WL 1452502 (E.D. Mich. May 24, 2006) ........................................10

iv

*Ruckman v. Life. Ins. Co. of N. Am.*,

    2007 WL 4218968 (D. Nev. Nov. 29, 2007) ...............................................10

*Safarian v. Maserati N. Am., Inc.*,

    559 F. Supp. 2d 1068 (C.D. Cal. 2008) ....................................................13

*Saleh v. Titan Corp.*,

    361 F. Supp. 2d 1152 (S.D. Cal. 2005) ....................................................11

*Shropshire v. Fred Rappoport Co.*,

    294 F. Supp. 2d 1085 (N.D. Cal. 2003) ......................................................3

*Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*,

    2019 WL 1429588 (S.D. Cal. Mar. 29, 2019) ...........................................10

*STX, Inc. v. Trik Stik, Inc.*,

    708 F. Supp. 1551 (N.D. Cal. 1988) ...........................................................9

*Titan Atlas Mfg., Inc. v. Sisk*,

    2011 WL 3665122 (W.D. Va. Aug. 22, 2011) ...........................................14

*Titan Atlas Mfg., Inc. v. Sisk*,

    2011 WL 4043428 (W.D. Va. Sept. 9, 2011) .............................................14

*Utoafili v. Trident Seafoods Corp.*,

    2009 WL 6465288 (N.D. Cal. Oct. 19, 2009) ...........................................10

*Van Dusen v. Barrack*,

    376 U.S. 612 (1964)) .................................................................................5

*Ziya v. Global Linguist Sols., LLC*,

    2011 WL 5826081 (D. Ariz. Nov. 18, 2011) ...........................................10

**Statutes**

28 U.S.C. § 1400(a) ......................................................................................2, 4

28 U.S.C. § 1404(a) ..................................................................................... 3-6

**Other**

15 Charles Alan Wright, et al., Federal Practice and Procedure § 3849 (4th ed.

2019) ...........................................................................................................8

Plaintiff DISH Network L.L.C. ("DISH") respectfully submits this response in opposition to Jadoo TV, Inc. ("JadooTV") and Sajid Sohail's ("Sohail," together with JadooTV, "Defendants") Motion to Transfer Venue to the Northern District of California. (Dkt. 139, the "Motion".)

## I.   INTRODUCTION

This Motion is JadooTV's second attempt.  The Court struck JadooTV's first motion based on JadooTV's failure to comply with the Court's meet and confer requirements, but not before DISH had filed its response in opposition.  (*See* Dkts. 127, 134, 135.)  Yet despite the advantage of being able to preview DISH's response before re-filing, Defendants' Motion suffers from the same deficiencies.

Defendants would prefer not to litigate this case in the Central District of California, and after more than 14 months, Defendants assert that this forum is inconvenient.  What Defendants likely find inconvenient about this forum is that the litigation is not going well for them.  The Court has sanctioned Sohail for discovery misconduct and compelled him to produce documents that Defendants continue to refuse to produce.  A second motion to compel production from Defendants is currently under submission.  Defendants tried their luck in this Court and now want to sample another venue.  JadooTV has litigated in this venue for over a year, moved to quash subpoenas, and jointly moved to extend deadlines.  JadooTV also litigated in this venue in a prior unrelated matter without moving to transfer venue or objecting on convenience grounds.

JadooTV and Sohail have ample resources to litigate in this forum, having grossed tens of millions of dollars over more than ten years in business.  Sohail himself appears to have considerable personal resources based on the salaries he has paid himself and his immediate family from his JadooTV business over the years,

**DISH's Opposition to Defendants'
Motion to Transfer Venue**

and he is CEO or founder of at least four companies[1] with worldwide operations in the United States, Canada, Australia, New Zealand, Europe, and the Middle East. The cost to Sohail to travel from San Francisco to Los Angeles for at most mediation and then trial is insignificant and does not warrant transferring venue. In fact, all JadooTV's witnesses residing in San Francisco can be deposed there, and the party and non-party witnesses residing in Los Angeles can be deposed here, which balances and eliminates witness convenience issues. Document discovery raises no convenience issue because it is occurring in electronic form and, although not anticipated to be necessary, DISH can always travel to San Francisco to review original documents at JadooTV's headquarters if needed. Altogether, venue is proper in this forum, Defendants failed to establish proper venue in the Northern District, and even if venue were proper in that District (which it is not), the convenience factors do not require transfer.

## II.     ARGUMENT

### A.     Venue is Proper in the Central District and Defendants Fail to Establish Proper Venue in the Northern District at the Time the Complaint was Filed.

Venue is proper in the Central District and Defendants do not dispute that fact. Under the copyright venue statute, venue is proper in any district where a defendant or its agents reside or are subject to personal jurisdiction. *See* 28 U.S.C. § 1400(a); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). Since the inception of this case over 14 months ago, Defendants have never contested venue, and now only seek a transfer based on alleged inconvenience. But back in 2012, JadooTV litigated a case in this District for over a year, not once complaining about inconvenience. (*See* Declaration of Stephen Ferguson [Ferguson Decl.] ¶ 2, Ex. 1.) The Central District was not inconvenient for Defendants then, and

---

[1] These companies include Jadoo TV, Inc., Cloudstream Media, Inc., Pearl Technology International Ltd., and Altair Technologies Private Ltd.

Defendants have failed to show why it is inconvenient today. Venue is proper here and it is JadooTV's burden "to make a strong showing of inconvenience" to have the case transferred to the Northern District. *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1095 (N.D. Cal. 2003).

Nor have Defendants established that venue was proper in the Northern District at the time of filing. An action may be transferred under 28 U.S.C. § 1404(a) "[w]here it could have originally been filed." *Credit Acceptance Corp. v. Drivetime Auto. Grp.*, No. CV 13-01531 (MRWx), 2013 WL 12124382, at *2 (C.D. Cal. Aug. 5, 2013). "[T]he court must look only at whether the action as it existed *at the time of filing* could have been filed in [the transferee court]." *Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.*, No. CV 06-03016 DSF (FMOx), 2006 WL 8441799, at *2 (C.D. Cal. Nov. 29, 2006) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)) (emphasis in original). Defendants concede it is their burden to prove that this case could have originally been brought in the Northern District to obtain a transfer. (Dkt. 139 at 7:18-8:2.)

Defendants cite the Court's Order to Show Cause regarding venue. (*Id.* at 2:20-21, n.1; *see* Dkt. 79 (Order to Show Cause).) However, Defendants' reliance on the Order to Show Cause is misplaced because they fail to answer the question posed by the Court– to prove that venue is proper in its desired forum. In Defendants' first motion, they claimed to have sufficiently answered this question because JadooTV and Sohail both reside in the Northern District. (Dkt. 127 at 7:21-22.) DISH responded that this justification was deficient since it failed to address the question of proper venue as to co-defendants East West Audio Video, Inc. and Punit Bhatt (collectively, "East West"). (Dkt. 134 at 8:10-17.) Defendants now submit, "Venue would have been proper [as to all defendants] in the Northern District…[because] [a]s the location of JadooTV's United States headquarters, the Northern District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." (Dkt. 139 at 7:26-8:1.)

DISH's Opposition to Defendants'
Motion to Transfer Venue

1   Defendants now argue only that venue was proper as to East West in the
2   Northern District pursuant to the general venue statute.  Defendants failed, for the
3   second time, to establish proper venue as to East West under the terms of the proper
4   statute – the mandatory copyright venue statute.  *See Goldberg v. Cameron*, 482 F.
5   Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a)) ("The venue of
6   suits for infringement of copyright is not determined by the general provision
7   governing suits in the federal district courts, rather by the venue provision of the
8   Copyright Act."); *see also Regal-Beloit Corp.*, 2006 WL 8441799, at *3 (stating that
9   the question under § 1404(a) is whether venue was proper as to all defendants at the
10  time of filing).  As this Court aptly stated in its Order to Show Cause, venue is proper
11  under the copyright venue statute "[i]n any judicial district in which the defendant
12  would be amenable to personal jurisdiction if the district were a separate state." (Dkt.
13  79 at ¶ 2 (internal quotations and citations omitted).)  Yet as before, Defendants have
14  not proven that East West was subject to personal jurisdiction in the Northern District
15  if that District were its own state.  East West is a brick and mortar retailer residing in
16  the Central District and its president, Punit Bhatt, testified that it was Defendants who
17  solicited East West (in the Central District) to become authorized resellers of
18  JadooTV – not the other way around.  (*See* Declaration of Punit Bhatt [Bhat Decl.] ¶
19  5.)  Defendants have provided no reason to believe that a small, local business in the
20  Central District and its president could have properly been sued in the Northern
21  District.  Because Defendants' argument is tethered only to the general venue statute,
22  which is not applicable in this case, Defendants have failed to satisfy a necessary
23  requirement for transfer, and their Motion is properly denied.
24       Defendants were notified that § 1400(a) governed venue in this case first by
25  the Court in its Order to Show Cause and again by DISH in its response to
26  Defendants' first motion.  The Court should not give Defendants a third attempt to
27  explain why venue is proper as to East West under the copyright venue statute.  *See*
28  *U.S. ex rel Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is

**DISH's Opposition to Defendants'**
**Motion to Transfer Venue**

improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

**B.    The Convenience of Parties and Witnesses and the Interest of Justice Do Not Require Transfer to the Northern District of California.**

The purpose of § 1404(a) is to "prevent the waste of time, energy, money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Cooley v. Indian River Transp. Co.*, No. SA CV 17-0932-DOC (JCGx), 2018 WL 6039841, at *4 (C.D. Cal. Apr. 10, 2018) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

In deciding a motion to transfer venue, the court weighs several factors, including the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Mktg. Grp. v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009).

The burden is squarely on the party seeking change of venue to make a "strong showing of inconvenience" under these factors. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "Under Ninth Circuit law, courts generally will not transfer an action unless the 'convenience' and 'justice' factors strongly favor venue elsewhere." *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-07058-ODW-JPR, 2018 WL 1441155, at *8 (C.D. Cal. Mar. 22, 2018) (quoting *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (C.D. Cal. 2002)).

**1.    DISH's Choice of Venue is Entitled to Substantial Weight.**

Under "Supreme Court authority, courts generally attach a strong presumption in favor of Plaintiff's choice of forum." *Nanografix Corp. v. Pollard Banknote Ltd.*, No. CV 18-6735-GW (RAOx), 2019 WL 2240439, at *4 (C.D. Cal. Feb. 28, 2019)

(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-66 (1981)).   Because a plaintiff's choice of forum is accorded substantial weight in § 1404(a) proceedings, it "should rarely be disturbed." *Lona v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 668 (9th Cir. 2009); *see Barranco v. 3d Sys. Corp.*, 6 F. Supp. 3d 1068, 1084 (D. Haw. 2014) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").   Only when "[o]perative facts have not occurred within the forum of original selection and that forum has no particular interests in the parties or the subject matter" is the plaintiff's choice entitled to "minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

DISH's choice of forum of the Central District is entitled to substantial deference.   DISH selected this District, and contrary to Defendants' assertions otherwise, "operative facts" occurred here.   Defendants actively cultivated distributors for the Jadoo service in the Central District, and JadooTV employees including Sohail himself, visited the District to increase sales.   At the end of 2015, Sohail and his vice president visited a Jadoo retailer and former co-defendants in this case, East West, in this District and aggressively solicited them to be a JadooTV retailer.   (Bhatt Decl. ¶¶ 5, 8-9.)   Additionally, JadooTV representatives, including Regional Sales Managers, regularly visited this District to market Jadoo set-top boxes and appoint new retailers in Los Angeles County and surrounding areas.   (*Id*. ¶ 12.) Over three-fourths of JadooTV's California retailers are in the Central District, as is its Regional Sales Manager, Anwar Farooqi ("Farooqi").   (*Id*. ¶¶ 3-6, Exs. 2-5.)

Another JadooTV Regional Sales Manager visited East West around the end of 2016 to deliver Jadoo set-top boxes and provided an employee of East West with "handwritten instructions to share an E-media code with customers that purchased the device," and informed her "that the code would set up the device to get access [to] more channels." (Declaration of Renu Sharma [Sharma Decl.] ¶¶ 3-4; Bhatt Decl. ¶ 12.)   With the eMedia code, Jadoo users viewed DISH's copyright-protected

content on their set-top boxes (the "Protected Content"). (Dkt. 1, DISH's Compl., ¶¶ 39-42, 61, 76.)

Farooqi visited East West in December 2018, admitting that he had preloaded eMedia onto Jadoo set-top boxes in prior deliveries, but that eMedia was not installed on the set-top boxes he was dropping off that day. (Bhatt Decl. ¶¶ 15-16, 18; Ferguson Decl. ¶ 6, Ex. 5 at 54:16-21, 69:25-70:15; *see* Dkt. 1 ¶¶ 31-32, 75.) For those set-top boxes without eMedia preloaded, Farooqi instructed East West to "tell the customer to call him directly or for them to go on YouTube and search of [sic] instructions on how to download E-media," but that getting the instructions from YouTube "would be the safest thing to do." (Bhatt Decl. ¶ 17, Ex. 5 at 70:16-71:1, 71:11-72:14, 76:3-6; *see* Dkt. 1 ¶¶ 39-42, 76.) Farooqi admitted that JadooTV would get in trouble if they preinstalled eMedia, because DISH has said JadooTV cannot have those channels, but that if a customer installs eMedia, then it is fine. (Bhatt Decl. ¶ 17; Ferguson Decl. ¶ 6, Ex. 5 at 82:4-83:15; *see* Dkt. 1 ¶¶ 36, 43, 80-81.) JadooTV's installation of the eMedia code and distribution of instructions for installing the eMedia code, which gave Jadoo users access to Protected Content, is at the heart of this case. Clearly operative facts occurred in the Central District.

Through these sales efforts, the Central District became JadooTV's most successful market. By Defendants' own calculations, between 2015 and 2018, more Jadoo set-top boxes were sold in the Central District – 6,821 in total – than in any other judicial district in the state of California, including the Northern District. (Ferguson Decl. ¶ 7, Ex. 6.) Defendants attempt to take some of the sting out of this inconvenient truth by offering up new, misleading region-specific sales totals. Sohail's declaration now states that more Jadoo set-top boxes were sold in "Northern California" than in "Southern California." (Dkt. 139-1 ¶ 7.) But no party has claimed that the Southern District is a proper or convenient venue for this case and Defendants do not disagree that more Jadoo set-top boxes were sold in DISH's preferred Central District than in JadooTV's preferred Northern District. Defendants' irrelevant,

apples-to-oranges comparison of sales between its self-defined California regions therefore does not support transfer.

The Central District is an important market for DISH's television service for the same reason it is important for Defendants: the Los Angeles metropolitan area has the fourth largest Indian and Bangladeshi populations in the United States, larger than any other metropolitan area in California.  (*Id.* ¶ 8, Ex. 7.)  DISH maintains an ad sales media office in the District and there are multiple installers in the District.  (*Id.* ¶¶ 9-10, Exs. 8-9.)  These facts directly contradict Defendants' bald assertions that this District was "no more significant than this case's connections to any number of districts throughout the country" and that the strongest case for venue in this District was that only "one of JadooTV's authorized retailers does business here."  (Dkt. 139 at 6:3-4, 6:15-16.)   Because operative facts occurred in this District, DISH's choice of forum should be afforded substantial weight.

## 2.    Defendants' Alleged Inconvenience is Overblown and Not Dispositive.

Ignoring these operative facts, Defendants attempt to pin their transfer hopes on the fact that Sohail, JadooTV, and their employee witnesses all reside in the Northern District.  (*Id.* at 8:4-5.)  Defendants contend that intellectual property cases like this one should be heard where the defendant resides.  (*Id.* at 9:11-27 (quoting *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997)).)  But that assertion is dispatched by the fact that courts "traditionally give relatively less weight" to "the convenience of the parties" than the other factors.  *J. Walderman Autoplex Corp. v. Norton*, No. 09-cv-0154-MJR, 2009 WL 1230016, at *2 (S.D. Ill. May 1, 2009) (citing 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3849 (4th ed. 2019)).

Relatedly, Defendants also hyperbolically claim that requiring them to litigate in the Central District puts nothing less than the future of their entire business at stake.  (Dkt. 139 at 3:2-4.)  But Defendants ignore that besides mediation, they would

likely only be required to travel to this venue for trial.  Defendants argue that their current financial hardship forces them to choose between having to reorganize their business and litigating in this forum.  (*Id*. at 3:3-4 ["[JadooTV] would likely have to choose between continuing to reorganize the business and meaningfully defending it against the claims…."].)  Defendants fail to quantify a difference in cost between litigating the case here and their preferred venue, and they fail to substantiate the assertion that the cost would mean the difference between JadooTV emerging from Chapter 11 or liquidating.  Regardless, Defendants' convenience is only one factor in a multi-factor analysis – and not even one of the more important factors.  *See J. Walderman*, 2009 WL 1230016, at *2 ("As to the convenience of the parties, courts traditionally give relatively less weight to this factor."); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("The Court, however, discounts any inconvenience to the parties' employees, whom the parties can compel to testify."); *Nanografix Corp.*, 2019 WL 2240439, at *6 ("In general, courts discount the inconvenience to parties' employee witnesses in analyzing transfer because the Court can compel those witnesses to testify.").

Defendants' claim of financial hardship is also not persuasive.  Sohail pays himself and his wife a combined annual salary of $457,273, according to JadooTV's bankruptcy filings.  (Ferguson Decl. ¶ 11, Ex. 10 at 16.)  In August 2018, Sohail represented that JadooTV's annual revenue is in the $10 - $12 million dollar range and it is profitable.  (*Id.* ¶ 12, Ex. 12 at JAD001038.)  Recently, Sohail represented to the bankruptcy court that JadooTV "has stabilized its business operations such that it is able to proceed with litigation of the Copyright Action."  (*Id.* ¶ 11, Ex. 11 at 2:25-26.)  This evidence shows that JadooTV and Sohail have ample resources to litigate in this forum.

Defendants provided no documentary information about the state of Sohail's finances.  A party claiming inconvenience stemming from financial hardship simply cannot rely on bare-bones conclusions – even if they are asserted under oath.  *See*

DISH's Opposition to Defendants'
Motion to Transfer Venue

*Ziya v. Global Linguist Sols., LLC*, No. CV10-2021-PHX DGC, 2011 WL 5826081, at *3 (D. Ariz. Nov. 18, 2011) ("The Court concludes that [a party's] conclusory statement of financial hardship is not enough to satisfy the heavy burden of showing that a forum…is unreasonable."); *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No 12-CV-2472-AJB-KSC, 2019 WL 1429588, at *11 (S.D. Cal. Mar. 29, 2019) ("[Party's] declaration does not contain substantial evidence showing financial hardship, only conclusory statements – albeit under penalty of perjury – about [party's] financial status."); *Utoafili v. Trident Seafoods Corp.*, No. 09-2575 SC, 2009 WL 6465288, at *7 (N.D. Cal. Oct. 19, 2009) ("[Party has submitted scant evidence to support her conclusory statement that she would have no way to fund litigation in Seattle Washington [from her home in Monterey County, California]. [Party] has described her financial situation only in generalities.") (citations and punctuation omitted).

Likewise, Defendants' claim about the Central and Northern Districts being equally inconvenient for Colorado-headquartered DISH is more than a little self-serving, and should therefore also be rejected. For "it is not proper for Defendant to object to any inconvenience caused to Plaintiff by his selection of court, and, therefore, [Defendant] may not be heard to object to venue for reasons of convenience to Plaintiff, as Plaintiff has the right to select the forum…." *Robert v. Norfolk S. Ry. Co.*, No. 05-CV-74484, 2006 WL 1452502, at *2 (E.D. Mich. May 24, 2006); *see Ruckman v. Life. Ins. Co. of N. Am.*, No. 2:07-CV-0474-RLH-LRL, 2007 WL 4218968, at *2 (D. Nev. Nov. 29, 2007) (denying motion to transfer venue and concluding that "Defendant's arguments that it may be difficult…for Plaintiff to appear for deposition or trial…is a little self-serving. It is Plaintiff's choice to make, not Defendant's to make for her.").

1
2

### 3.     The Convenience of Witnesses Tips Sharply Against Transfer.

3
4
5
6
7
8
9
10
11
12

After deferring to the plaintiff's choice of venue, the most important factor is the location of witnesses – most importantly, nonparty witnesses – and this factor strongly militates against transfer. *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ("Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer.") (quotations omitted); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("Importantly, while the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.") (quotations omitted).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

DISH is currently aware of at least three non-party witnesses and one adverse party witness residing in this District whose testimony it intends to offer at trial: Punit Bhatt, Renu Sharma, and Naresh Patel (of East West), and Anwar Farooqi (a Regional Sales Manager of JadooTV). (*See* Bhat Decl.; Sharma Decl.; Ferguson Decl. ¶ 6, Ex. 5.) Based on their first-hand knowledge of and interactions with representatives of JadooTV, DISH expects these witnesses will testify about critical allegations in DISH's Complaint, such as JadooTV's knowledge of and control over eMedia, South Asian Super Pack ("SASP"), and VOD functions of the Jadoo service that provided access to the Protected Content, in addition to JadooTV's cultivation of these service functions as a means of promoting access to the Protected Content. (*Id.*; Dkt. 1 ¶¶ 1-4, 21-56.) DISH also anticipates that it will put on additional testimony from one or more of the 54 JadooTV authorized retailers from this District who had experiences similar to East West, including retailers for which JadooTV retained an attorney to represent them in this District. (*See* Ferguson Decl. ¶¶ 4-5, Exs. 3-4.)

28

11

In contrast, Defendants fail to identify a single nonparty witness by name residing in the Northern District.  In their first motion, Defendants' argument rested on the submission that the presence in the Northern District of "JadooTV employees" who "will presumably be witnesses in this case…should weigh heavily in favor of transfer."  (Dkt. 127 at 8:4.)  This Motion fares no better.  After DISH pointed out their failure to identify a single in-district witness by name, Defendants supplemented Sohail's declaration, creating a previously undisclosed category of witnesses (apparently unknown at their last filing) under the heading, "at least six authorized retailers of JadooTV products, all of whom are in the Bay Area or greater Sacramento area (also in the Northern District)[.]"  (Dkt. 139-1 ¶ 9.)  But this new addition is nothing more than after-the-fact window dressing devoid of necessary specifics. Defendants' Motion and supplemented declaration still fail to identify in-district witnesses by name or to devote even a single sentence describing what their testimony would be, although this remains their burden to justify a venue transfer. Nor did Defendants identify these purported new witnesses in their Rule 26 disclosures.  (Ferguson Decl. ¶ 13, Ex. 13.)  Simply put, the late addition of a generic category of "authorized retailers" residing in the Bay Area does not justify transfer. *See Florens Container*, 245 F. Supp. 2d at 1093 (denying transfer and stating, "[t]he party seeking a transfer cannot rely on vague generalizations as to convenience factors.  The moving party is obligated to identify key witnesses to be called and to present a generalized statement of what their testimony would include.").

Nor is the Central District an overall inconvenient forum for persons residing in the Northern District.  The need for occasional travel by air between San Francisco and Los Angeles for trial or other proceedings does not constitute the type of substantial inconvenience warranting the disturbance of DISH's forum choice.  *See Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau*, No. C-06-7028, 2007 WL 1152682, at *2 (N.D. Cal. Apr. 18, 2007) (denying motion to transfer where travel distance for defendant – Huntington Beach to San Francisco – was

longer than JadooTV's is here); *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10 (2nd Cir. 1995) (holding "forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel"); *On-Time Staffing, LLC v. Flexible Staffing Sols., Inc.*, No. 06-3951 (RBK), 2007 WL 1234978, *7 (D.N.J. 2007) (denying proposed transfer from District of New Jersey to the Middle District of Pennsylvania, where some witnesses were located in original forum, despite fact that defendant was located in Pennsylvania); *Goldstein v. RadioShack Corp.*, No. 6:06-CV-285, 2007 WL 1342533, *3 (E.D. Tex. 2007) (concluding that although the majority of potential witnesses were located in Fort Worth and would have to travel 133 miles to get to court, that presented little more than a "minor inconvenience.").

Thus, Defendants' Motion is properly denied for lack of inconvenience to nonparty witnesses. *See Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (denying defendant's motion to transfer venue because "[t]he convenience of all witnesses does not strongly favor transfer.").

### 4.     The Remaining Factors Do Not Support Transfer.

The remaining factors are neutral or tip in favor of denial of Defendants' Motion.  The ease of access to sources of proof, including the location of books and records, is generally considered to be irrelevant unless a party demonstrates it would be inconvenienced by having to transport them to court.  *See Fernandez v. Obesity Research Inst., LLC*, No. 2:13-cv-00975-MCE-KJN, 2013 WL 4587005, at *3 (E.D. Cal. Aug. 28, 2013) ("The ease of access to sources of proof is an outdated factor, as most discovery will be conducted electronically and the physical location of electronic records is irrelevant.").[2]  It is therefore insufficient to baldly allege, as Defendants do, that the case should be transferred because corporate records are

---

[2] Defendants' reliance solely on two cases, one decided in 1985 and the other in 1992, further show that the location of documents is an outdated factor given electronic discovery and production.

DISH's Opposition to Defendants'
Motion to Transfer Venue

located at their office in the proposed transferee district. *Titan Atlas Mfg., Inc. v. Sisk*, No. 1:11CV00012, 2011 WL 3665122, at *16 (W.D. Va. Aug. 22, 2011), *report and recommendation adopted*, 2011 WL 4043428 (W.D. Va. Sept. 9, 2011). Instead, "the defendant must show that a large volume of records must be transported" to carry their burden. *Id.*[3]

The interests of justice and administrative concerns also weigh against transfer. As Defendants note, this is a federal question case, and thus both the Central and Northern Districts are equally familiar with the controlling law. (Dkt. 127 at 8:27.) And Defendants have done nothing more than speculate as to the potential for consolidation of this copyright case with the patent case currently proceeding in the Northern District between JadooTV and other plaintiffs that are not DISH. Their brief does not even address factors relevant to this analysis. (*See* Dkt. 127 at 3:10-12, 7:3-4.) The two cases are among different parties, are proceeding along different schedules with the patent case still stayed pursuant to a bankruptcy court order, and significant legal and factual differences abound between patent and copyright litigation.

Last, it is the untimeliness of Defendants' Motion where this factor tips against them. In examining the convenience to the parties of a venue transfer, "delay is a relevant consideration." *Nanografix Corp.*, 2019 WL 2240439, at *4. This case was filed over 14 months ago and Defendants are just now moving to transfer venue. And Defendants' Motion is founded upon circumstances that were present from the beginning – the location of parties and witnesses. During these last 14 months, this Court has become well acquainted with the parties and the facts. A motion to dismiss was filed in May 2019 and remains under submission, and at least four discovery-related motions were filed, one resulting in sanctions against Sohail for discovery

---

[3] The Central and Northern Districts have equal power to compel the attendance at trial of witnesses residing in California. *See Flotsam*, 2007 WL 1152682, at *2.

abuse, and the most recent one is still pending.  (*See* Dkts. 36, 74, 75, 96, 99, 118, 132.)  For these reasons, Defendants' Motion is untimely.  *See E.E.O.C. v. Lockheed Martin*, No. 05-00479 DAE-LEK, 2007 WL 4468658, at *1 (D. Haw. Dec. 18, 2007) (motion denied, noting that "the grounds for the Venue Motion were evident long before [defendant] filed it, and some were evident from the inception of the suit."); *Carranza-Contreras v. Ally Fin. Inc.*, No. CV-18-00441-TUC-CKJ, 2019 WL 3766984, at *3 (D. Ariz. Aug. 9, 2019) (denying venue transfer and noting that the "Ninth Circuit has frequently held that a motion for transfer may properly be denied where, as here, a case has been pending for some time in the original court…."); *GNLV, Corp. v. Se. Amusement, Inc.*, No. 2:14-CV-00048-GMN-PAL, 2014 WL 4064017, at *3, 7 (D. Nev. Aug. 15, 2014) (denying venue transfer and noting that "Defendants' motion is untimely as the parties and facts of this case were known to Defendants months ago.").

Accordingly, Defendants' Motion should be denied.  *See Goldberg*, 482 F. Supp. at 1147 (denying defendant's motion to transfer case from the Northern to Central District and stating, "The defendant must satisfy a very substantial burden of demonstrating where justice and convenience lie, in order to have his objection to a forum…respected.").

### III. CONCLUSION

For the forgoing reasons, Defendants' Motion to Transfer Venue to the Northern District should be denied.

Dated: February 20, 2020                    Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (*pro hac vice*)

1   joe.boyle@hnbllc.com
    HAGAN NOLL & BOYLE LLC
2   820 Gessner, Suite 940
    Houston, Texas 77024
3   Telephone: (713) 343-0478
    Facsimile: (713) 758-0146
4
5
    David A. Van Riper (California Bar No. 128059)
6   dave@vanriperlaw.com
    VAN RIPER LAW
7   1254 Irvine Blvd., Suite 200
    Tustin, California 92780-3571
8   Telephone: (714) 731-1800
    Facsimile: (714) 731-1811
9
10
11  *Attorneys for Plaintiffs DISH Network L.L.C.*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16