UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-9768-FMO (KSx)                                             Date: February 28, 2020

Title   *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:  (IN CHAMBERS) [CORRECTED][1] ORDER GRANTING PLAINTIFF DISH NETWORK, LLC'S MOTION TO COMPEL JADOO TV, INC.'S PRODUCTION OF DOCUMENTS [DKT. NO. 132]**

**INTRODUCTION**

Before the Court is Plaintiff Dish Network, LLC's ("Plaintiff's") Motion to Compel Defendants Jadoo TV, Inc.'s ("JadooTV") Production of Documents filed on January 25, 2020 in the joint stipulation format pursuant to Local Rule 37-2 (the "Motion"), along with the Declaration of Stephen M. Ferguson ("Ferguson Decl.") and related Exhibits in support of the Motion. (Dkt. No. 132.) On February 5, 2020**,** JadooTV filed an Opposition to Plaintiff Dish Network LLC's Motion and a Declaration of Mark Punzalan ("Punzalan Decl.").[2]  (Dkt. No. 138.) On February 12, 2020, Plaintiff filed a Supplemental Memorandum in Support of the Motion. (Dkt. No. 140.) On February 14, 2020, the Court, finding this matter suitable for decision without oral argument, vacated the hearing scheduled on the Motion and took the matter under submission. (Dkt. No. 141.)

---

[1]    The conclusion of the Court's Order dated February 25, 2020 [Dkt. No. 143], inadvertently omitted listing Jadoo's obligation to respond to Plaintiff's RFPs Nos. 71 and 73. That omission is corrected here.  The Order remains unchanged in all other respects.

[2]    It appears that JadooTV filed a separate "Opposition" brief in lieu of the supplemental memorandum that is contemplated under Local Rule 37-2.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 18-9768-FMO (KSx)                                            Date: February 28, 2020
Title     *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

For the reasons outlined below, the Motion is GRANTED in its entirety.

**RELEVANT BACKGROUND**

The Court provided a detailed summary of the allegations of the Complaint and procedural history of this copyright infringement action in its August 14, 2019 Order granting Plaintiff's Motion to Compel Production of Documents by individual defendant Sajid Sohail.[3] (*See* Dkt. No. 96.) The Court, therefore, assumes the parties' familiarity with that background and will not repeat the details here, except as directly relevant to the instant Motion. Specifically, the Court notes that the Complaint alleges that JadooTV initially "designed its service to directly stream unlicensed television channels through the Jadoo branded set-top box," but later "changed the way it offered unlicensed channels by requiring users to download extra software files to their Jadoo set-top boxes to integrate those channels." (Complaint. at ¶ 2.) Plaintiff also alleges that "[t]oday, the latest model Jadoo set-top boxes are sold to users preconfigured to locate and install software files needed to integrate the unlicensed television channels and seamlessly incorporate those channels into the Jadoo on-screen electronic program guide." (*Id.* at ¶ 3.) Plaintiff further alleges that JadooTV and Defendant Haseeb Shah "provide unlicensed video on demand content to Jadoo users, including infringing versions of the programs that air on the unlicensed television channels." (*Id.* at ¶ 4.)

On May 31, 2019, JadooTV filed a Suggestion of Bankruptcy, which stayed discovery in this action with respect to JadooTV pursuant to 11 U.S.C. § 362(a). (Dkt. No. 78.) However, on January 8, 2020, United States Bankruptcy Judge, the Honorable William J. Lafferty, III, granted Plaintiff's request to lift the automatic stay and permit Plaintiff to prosecute its claims against JadooTV. (Ferguson Decl., Ex. 15.)

//
//
//
//
//

---

[3] Plaintiff's motion to compel Sohail's production of documents was originally brought as to both Sohail and JadooTV, however, due to JadooTV's bankruptcy filing, that motion was later withdrawn as to JadooTV. (*See* Dkt. No. 96.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 18-9768-FMO (KSx) _____Date: February 28, 2020

Title     *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

### THE MOTION

**I.     Plaintiff's RFPs and JadooTV's Agreements to Produce**

Plaintiff served its First Set of Request for Production of Documents ("RFPs") on February 7, 2019.  (Ferguson Decl., Ex. 3.)  RFP Nos. 71 and 73 seek documents relating to JadooTV's eMedia technology:

> (1) "All documents concerning actual or potential uses of each iteration of eMedia from January 2014 to present"; and
> (2) "All documents concerning the design, structure, or operation of eMedia from January 2014 to present."

(Joint Stipulation ("Joint Stip.") at 1.)  Plaintiff argues that in meet and confer discussions held prior to JadooTV's bankruptcy filing, JadooTV agreed to produce documents responsive to RFPs Nos. 1-3, 6-7, 14-21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 72, 74-81, 83, 85-86, and RFPs concerning JadooTV's affirmative defenses, RFP Nos. 89-103, 105, and 111-112. [4]  (*See* Joint Stip. at 12-72.)  These agreements to produce are memorialized in both JadooTV's written responses to Plaintiff's RFPs and in meet and confer communications exchanged between the parties' counsel.  (*See, e.g.,* Ferguson Decl., Exs. 4, 5, 7.)  Plaintiff now seeks an order compelling JadooTV to produce the responsive documents it previously agreed to produce.  (*Id*. at 2.)

Plaintiff, arguing that JadooTV's refusal to produce documents is without substantial justification, also requests an award of attorneys' fees and costs incurred to bringing the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  (*Id. at 73.*)

**II**.     **JadooTV's Opposition**

Notably, JadooTV does not dispute the relevance of the documents at issue.  Rather, JadooTV principally argues that the RFPs are burdensome; that it has already produced 3,015 pages of documents during the bankruptcy stay; and the Motion is "extremely premature" because the bankruptcy stay as to JadooTV was only recently lifted on January 14, 2020.  (Joint Stip. at 5.)

---

[4]     Because of the voluminous nature of the disputed RFPs and responses, the Court will not recite each request and objection in this Order, but the relevant requests, along with JadooTV's responses and objections are attached hereto as Appendix A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-9768-FMO (KSx)                                                  Date: February 28, 2020

Title     *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

JadooTV also argues that "the motion to compel should not be heard until the Court determines whether to transfer this case to the Northern District of California." (*Id.* at 6.) JadooTV contends that it "agreed to produce, and produced," documents regarding the South Asian Super Pac ("SASP"), "including any documents related to JadooTV's customer service chat logs, recordings, and call notes concerning SASP, Protected Channels, or Protected Channel VOD." (*Id.*)

In its separate Opposition, JadooTV largely reiterates its arguments that the Motion is premature, that the 3,015 pages it produced at the direction of the bankruptcy judge should be sufficient, and that, in essence, discovery in this case should be stayed pending a decision on JadooTV's motion to transfer venue. (Opposition at 12.)

**LEGAL STANDARD**

Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). As amended in December 2015, Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The party seeking to compel production of documents under Rule 34 has the "burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." *Best Lockers, LLC v. Am. Locker Grp., Inc.*, Case. No. SACV 12-403-CJC (ANx), 2013 WL 12131586, at *4 (C.D. Cal. Mar. 27, 2013).

District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet,* 296 F.3d at 751).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-9768-FMO (KSx)                                          Date: February 28, 2020

Title     *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

**DISCUSSION**

**I.   The Discovery Sought is Relevant and Proportional to the Needs of the Case**

JadooTV does not argue that the discovery at issue is not relevant to the claims or defenses in the action. Rather, JadooTV asserts that responding to each of the RFPs at issue is unduly burdensome. Courts can certainly limit discovery when documents discovery is unduly burdensome. FED. R. CIV. P. 26(b). But for the Court to sustain an objection based on undue burden, the responding party must actually demonstrate the nature of the burden. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 10 (D.D.C. 2007) ("[T]he Court only entertains an unduly burdensome objection when the responding party demonstrates *how* the document is 'overly broad, burdensome, or oppressive' by submitting affidavits or offering evidence that reveals the nature of the burden." (emphasis added, internal citation omitted)).

Here, JadooTV's conclusory assertion of burden is not sufficient. *See, e.g., ODS Techs., L.P. v. Magna Entm't Corp.*, Case No. CV 07-3265-DDP (RCx), 2008 WL 11343031, at *2 (C.D. Cal. July 31, 2008) (granting motion to compel document production where defendants provided no evidentiary declarations "showing they would be burdened—as they must to sustain any undue burden objections") (internal citation omitted). JadooTV offers no evidence to substantiate its objection based on burden. Indeed, in the Motion, Plaintiff simply seeks to have JadooTV do what it already agreed to do—and is *required* to do—under Rule 34, *i.e.*, produce the responsive documents in its possession, custody, or control, and confirm in its written responses whether it is withholding responsive materials based on its objections. *See* FED. R. CIV. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").

JadooTV's argument that it has produced some 3,000 pages of documents is also not persuasive. Just because JadooTV claims to have produced *some* documents responsive to Plaintiff's RFPs does not relieve JadooTV of its obligation to produce any remaining relevant, responsive, nonprivileged documents in its possession, custody, or control. Nor does it relieve JadooTV of its obligation to supplement its written responses to comply with Rule 34's requirement that a responding party must specifically state whether it is withholding responsive documents based on its objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-9768-FMO (KSx)                              Date: February 28, 2020

Title   *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

Even though the eMedia technology is central to the infringement claims and defenses at issue in this case, Plaintiff emphasizes that JadooTV has only produced 12 eMedia documents. (Joint Stip. at 10.) Plaintiff complains that JadooTV "limited its production of eMedia documents to 8 custodians," and "failed to supplement its written responses to the [RFPs] to state the limitations of its production and that all such documents had been produced." (*Id*. at 9.) In response to Plaintiff's concerns, JadooTV contends that "it does not have any documents in its custody and control from other custodians, including Faisal Abdullah, Anwar Farooqu, Moshin Salahuddin, Arasala Salahuddin." (*Id.* at 12.) But if that is the case, then JadooTV must supplement its written responses to so indicate.

Finally, JadooTV's argument that discovery should not proceed until the motion to transfer is resolved is also unavailing. This case has been pending in the Central District since November 2018. (See Dkt. No. 1.) Plaintiff served its First Set of RFPs (Nos. 1-103) in February 2019 (Ferguson Decl. ¶ 4, Ex. 3), and JadooTV served written responses and objections in March 2019 (Ferguson Decl. ¶ 5, Ex. 4). Plaintiff served its Second Set of RFPs (Nos. 104-113) in April 2019 (Ferguson Decl. ¶ 6, Ex. 5), and JadooTV served responses and objections Plaintiff's RFP No. 104-113 on May 10, 2019 (Ferguson Decl., ¶ 7, Ex. 6). Other than the automatic stay based on JadooTV's bankruptcy petition, which has now been lifted, no stay of discovery has been ordered in the case and JadooTV cites not authority that imposes a stay on discovery during the pendency of a motion for transfer.

Accordingly, this Court finds that the pending motion to transfer is not a basis to permit JadooTV to evade its discovery obligations in this action.

**II.  Plaintiff's Request for Attorneys' Fees**

Rule 37 requires that when a motion to compel is granted in its entirety, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion, its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). Discovery conduct is "substantially justified if it is a response to a genuine dispute or it reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood,* 487 U.S. 552, 563 (1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 18-9768-FMO (KSx)                                        Date: February 28, 2020

Title     *Dish Network, LLC. v. Jadoo TV, Inc. et al.*

Here, the Court finds that JadooTV's refusal to produce documents in response to Plaintiff's RFPs, despite the bankruptcy court lifting the automatic stay as to JadooTV, is substantially unjustified. For more than a year, despite ostensible agreements to produce the relevant, responsive documents, JadooTV has sought at every turn to evade its discovery obligations in this lawsuit. Consequently, the Court concludes that an award of reasonable expenses, including attorneys' fees, Plaintiff incurred in bringing the Motion is warranted.

### CONCLUSION

Accordingly, the Motion is GRANTED in its entirety. No later than **ten (10)** days from the date of this Order, JadooTV shall within ten (10) days of the date of this Order:

(1) Produce any non-privileged responsive documents in its personal possession, custody, and control in response to Plaintiff's RFP Nos. 1-3, 6-7, 14-21, 23-28, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, **71,** 72, **73,** 74-81, 83, 85-86, 89-103, 105, and 111-112;

(2) Serve supplemental written responses to Plaintiff's RFPs Set One and Set Two; stating whether JadooTV has produced all documents, any limitations to JadooTV's production, or that there are no responsive documents in JadooTV's possession, custody, or control; and

(3) Serve a privilege log identifying any documents for which JadooTV asserts a privilege.

Further, pursuant to Rule 37(a)(5)(A), Plaintiff's request for its expenses, including attorney's fees, incurred in bringing the Motion is GRANTED. Therefore, **Plaintiff may file a regularly noticed motion with supporting records for reasonable attorneys' fees and costs incurred in bringing the Motion. A hearing date should be set based on the Court's regular motion calendar.**

IT IS SO ORDERED.

                                                                    :
                                        **Initials of Preparer**     gr